If the respondent/applicant is represented by counsel, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If the respondent/applicant is unrepresented (also called pro se) and receives assistance on documents to be filed with the Board (such as help preparing an appeal, motion, form, briefs, or other documents), a Notice of Entry of Limited Appearance for Document Assistance before the Board of Immigration Appeals (Form EOIR-60) must be submitted with the document(s) that assistance was provided when filed with the Board.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director for HHS/ORR at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected. See Chapter 3.2 (Service) of the BIA Practice Manual.

**FILING INSTRUCTIONS -- REMINDER**

Electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address below is encouraged to ensure timely filing.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

**Userteam:**

RESTRICTED Case: 26-1233, 07/30/2026, DktEntry: 17.4, (2 of 154)

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Soto, Andrea**
**Soto Law, PLLC**
**455 Hamilton Avenue**
**Suite 407**
**White Plains, NY 10601**

**DHS/ICE OFFICE OF CHIEF COUNSEL - NYB**
**26 FEDERAL PLAZA, 11TH FLOOR**
**NEW YORK, NY 10278**

**Name:**
**ASTUDILLO TORRES, MARCIA ELIZABETH**
**Riders:226-088-781**

**A 226-088-780**

**Type of Proceeding:** Removal

**Date of this notice: 6/5/2025**

**Type of Appeal:** Case Appeal

**Filed By:** **Alien**

**NOTICE -- BRIEFING SCHEDULE**

o Enclosed is a copy of the decision of the Immigration Judge. If you are receiving this notice electronically, the Immigration Judge's decision is viewable online in the electronic record of proceedings.

o Enclosed is a copy of the transcript of the testimony of record. If you are receiving this notice electronically, the hearing transcript is viewable online in the electronic record of proceedings.

o Appealing party is granted until 6/26/2025 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

o Opposing party is granted until 7/17/2025 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

**WARNING:** If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board of Immigration Appeals (Board or BIA) may summarily dismiss your appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are the respondent/applicant and you received this notice, you are not represented by an attorney or accredited representative. An attorney or accredited representative must file a Notice of Entry of Appearance (Form EOIR-27) to represent you. 8 C.F.R. §§ 1003.3(a)(3) and 1003.38(g). Until a Form EOIR-27 is received, you are responsible for submitting a brief, and any submissions by anyone other than you will be rejected.

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: Briefs and other submissions should always be paginated. Parties should limit their briefs to 30 pages unless directed by the Board. For spacing, parties should use double-**

**spaced text and single-spaced footnotes. Parties are reminded to consult Chapter 3 (Filing with the Board) and Chapter 4.6 (Appeal Briefs) of the BIA Practice Manual, found within EOIR's Policy Manual, which is available on EOIR's website at www.justice.gov/eoir.**

**Motions to accept briefs that exceed the page limitation established by the Board are disfavored, and will not be granted absent a showing of extraordinary and compelling circumstances. If a party files a motion to increase the page limit, the motion and the brief need to be filed together.**

**The Board has included two copies of this notice. Please attach/submit one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for your records. Thank you for your cooperation.**

The parties may address any allegations of transcript error or deficiency in the appeal brief. *See* Chapter 4.2(f)(3) (Defects in the transcript) of the BIA's Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir. Please note defects do not excuse the parties from existing briefing deadlines. Those deadlines remain in effect until the parties are notified otherwise. *See* Chapter 4.7(c) (Extensions) of the BIA's Practice Manual.

A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. As a reminder, electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address listed in the **FILING ADDRESS**: section below is encouraged to ensure timely filing.

It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

If you have any questions about how to file something at the Board, please review the BIA Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director for HHS/ORR at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING INSTRUCTIONS -- Extension Request.**

Extension requests must be RECEIVED by the Board by the brief's original due date; however, requests filed the same day as a brief is due are particularly disfavored and granted only in the most compelling of circumstances. Extension requests received after the due date will not be granted.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time are not favored. There is no automatic entitlement to an extension of the briefing schedule by either party. *See* Chapter 4.7(c) (Extensions) of the BIA's Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.
It is also the Board's policy not to grant second briefing extension requests. Second requests are granted only in extraordinary circumstances.

All extension requests must be in writing. Telephonic, e-mail, or fax request will not be accepted.

**FILING INSTRUCTIONS -- REMINDER**

Electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address below is encouraged to ensure timely filing.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

**Userteam:**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

Soto Andrea
Via Electronic Service

DHS/ICE OFFICE OF CHIEF COUNSEL - NYB
26 FEDERAL PLAZA, 11TH FLOOR
NEW YORK, NY 10278

Name:
ASTUDILLO TORRES, MARCIA ELIZABETH 226-088-780

Riders:
226-088-781 - TORRES ASTUDILLO, PAULO ANDRES

Date of Notice: 05/30/2025

## REJECTED FILING

This notice is to inform you that the filing received by the Board of Immigration Appeals (BIA) on 05/27/2025 is being rejected for the reasons given below. If you re-file a corrected document, please attach this rejection notice to the corrected document. You must also serve a copy of the corrected filing on the opposing party.

Document being rejected: EOIR_26_Appeal_Denial_Marcia_Astudillo_Motion_to_Sever.pdf
Filed by: Respondent/Applicant

Document rejected for the following reasons:
1. Rejection Reason Not Listed (Other)

Additional Comments
Please note your appeal is being rejected due to there is no appealable decision of 4/22/2025 motion to sever. Please contact the court for more information.

**PLEASE NOTE – Applies only to rejection of an appeal, motion to reopen, or motion to reconsider.**

We have rejected your appeal or motion for correction of the defect(s). If you correct and refile this appeal or motion, you must attach this notice of rejected filing to the corrected document. Rejection of this notice does not extend the original deadline for the filing for the appeal or motion unless otherwise noted above. Where a stay attached to the filing of an appeal, there is no automatic stay of removal beyond the 30-day limit unless an appeal is properly filed at the BIA. For more information on automatic stays and discretionary stays of removal, see the BIA's Practice Manual available on EOIR's website at www.justice.gov/eoir.

Any corrected appeal or motion refiled after the original time limit must be filed within 15 days from the date of this rejection and include this notice. If you file your corrected appeal or motion after the original time limits or after the 15-day period, you must make a request to the BIA to accept your appeal or motion, and you must also include this notice. Your request to accept your untimely appeal or motion must clearly establish both diligence in the filing of the notice of appeal or motion and that an extraordinary circumstance prevented timely filing. The motion should also be supported by affidavits, declarations, and other evidence.

**FILING QUESTIONS – In General.**

If you have any questions about how to file something at the BIA, please review the BIA's Practice Manual which is available on EOIR's website at www.justice.gov/eoir.

Rejected by: ShakyaM
Date: 05/30/2025

CC

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

Soto Andrea
Via Electronic Service

DHS/ICE OFFICE OF CHIEF
COUNSEL - NYB
26 FEDERAL PLAZA, 11TH FLOOR
NEW YORK, NY 10278

Name:
ASTUDILLO TORRES, MARCIA ELIZABETH 226-088-780

Riders:
226-088-781 - TORRES ASTUDILLO, PAULO ANDRES

Date of Notice: 05/27/2025

## REJECTED FILING

This notice is to inform you that the filing received by the Board of Immigration Appeals (BIA) on 05/23/2025 is being rejected for the reasons given below. If you re-file a corrected document, please attach this rejection notice to the corrected document. You must also serve a copy of the corrected filing on the opposing party.

Document being rejected: EOIR_26_Appeal_Denial_Marcia_Astudillo_Motion_to_Sever.pdf
Filed by: Respondent/Applicant

Document rejected for the following reasons:

1. Rejection Reason Not Listed (Other)

Additional Comments

Please note that an EOIR-27 was filed for the Lead A# only and no EOIR-27 was filed for the Riders A#. Please refile with an EOIR-27 for each respondent listed on the EOIR-26 form.

**PLEASE NOTE – Applies only to rejection of an appeal, motion to reopen, or motion to reconsider.**

We have rejected your appeal or motion for correction of the defect(s). If you correct and refile this appeal or motion, you must attach this notice of rejected filing to the corrected document. Rejection of this notice does not extend the original deadline for the filing for the appeal or motion unless otherwise noted above. Where a stay attached to the filing of an appeal, there is no automatic stay of removal beyond the 30-day limit unless an appeal is properly filed at the BIA. For more information on automatic stays and discretionary stays of removal, see the BIA's Practice Manual available on EOIR's website at www.justice.gov/eoir.

Any corrected appeal or motion refiled after the original time limit must be filed within 15 days from the date of this rejection and include this notice. If you file your corrected appeal or motion after the original time limits or after the 15-day period, you must make a request to the BIA to accept your appeal or motion, and you must also include this notice. Your request to accept your untimely appeal or motion must clearly establish both diligence in the filing of the notice of appeal or motion and that an extraordinary circumstance prevented timely filing. The motion should also be supported by affidavits, declarations, and other evidence.

**FILING QUESTIONS – In General.**

If you have any questions about how to file something at the BIA, please review the BIA's Practice Manual which is available on EOIR's website at www.justice.gov/eoir.

Rejected by: TovarGuG
Date: 05/27/2025

CC

Andrea C. Soto, Esq.
Soto Law, PLLC
445 Hamilton Avenue, Suite 407
White Plains, NY 10601

**NON-DETAINED**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

---

In the Matter of:

**ASTUDILLO TORRES, MARCIA, ELIZABETH, et al.** **File No.: A226-088-780/781**

In Removal Proceedings

---

COMES NOW the Respondent-Appellant, Paulo Andres Torres Astudillo, by and through undersigned counsel, and hereby submits this appellate brief in support of her Notice of Appeal from the decision of Immigration Judge Kalenna Lee, issued orally on April 29, 2025, ordering Respondent's removal to Ecuador and denying applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

## I. STANDARD OF REVIEW

The Board reviews findings of fact for clear error and questions of law and mixed questions of law and fact de novo. 8 C.F.R. § 1003.1(d)(3).

## II. ISSUES PRESENTED ON APPEAL

Whether the Immigration Judge erred by making an adverse credibility finding based on minor inconsistencies insufficient to undermine the Respondent's credible testimony.

EOIR 1 of 3

Whether the Immigration Judge erred by finding that the proposed particular social group (Single Ecuadorian Women Targeted by Transnational Gangs) was not legally cognizable under applicable law.

Whether the Immigration Judge failed to conduct an individualized analysis of the derivative child's eligibility for relief independent of the principal applicant.

## III. ARGUMENT

### A. Adverse Credibility Finding Was Not Supported by Substantial Evidence

The Immigration Judge's adverse credibility finding was premised on minor discrepancies that do not go to the heart of the claim. Minor inconsistencies in dates or details cannot form the basis of an adverse credibility determination under Matter of A-S-, 21 I&N Dec. 1106 (BIA 1998) and Singh v. BIA, 438 F.3d 145 (2d Cir. 2006). Respondent's testimony remained consistent and detailed regarding key facts. The IJ failed to reconcile the consistency between Respondent's oral testimony and written declaration, as well as corroborating country conditions supporting the plausibility of these events. See Chen v. Gonzales, 434 F.3d 212, 218 (3d Cir. 2005).

### B. The Immigration Judge Erroneously Found the Particular Social Group Non-Cognizable

The proposed group—"Single Ecuadorian Women Targeted by Transnational Gangs"—satisfies the three-prong test: Immutable characteristic: Being a mother is immutable; her status as a single mother cannot be changed. Matter of Acosta, 19 I&N Dec. 211 (BIA 1985). Particularity, the group is defined narrowly to single mothers targeted due to familial connections

EOIR 2 of 3

to gang rivals or debts; it is not amorphous or overbroad. Matter of W-G-R-, 26 I&N Dec. 208 (BIA 2014). Social distinction, Ecuadorian society recognizes women in this status as a vulnerable, marginalized population, as documented by the 2023 U.S. Department of State Report and corroborating evidence submitted at hearing. The IJ misapplied the legal standard by failing to consider country reports and documentary evidence of how Ecuadorian cartels disproportionately target women in Respondent's exact situation.

**C. Failure to Conduct an Individualized Analysis of Derivative Child's Eligibility**

The IJ failed to conduct a separate analysis for Paulo Andres Torres Astudillo's eligibility for asylum, withholding, and CAT relief, instead collapsing his claim into his mother's without independent evaluation. This omission violates the BIA's mandate in Matter of A-K-, 24 I&N Dec. 275 (BIA 2007), requiring individualized analysis of each applicant's eligibility, even when derivative. Paulo's independent risk—being directly surveilled by cartel members near his school—places him at heightened vulnerability beyond the principal applicant's experience.

## IV. CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Board: Reverse the Immigration Judge's adverse credibility finding; Find that Respondent's proposed particular social group is legally cognizable; Remand for individualized adjudication of Paulo Andres Torres Astudillo's eligibility for asylum, withholding of removal, and CAT protection; and

Grant such further relief as the Board deems just and proper.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NY

May 6, 2025

A 226-088-780
ASTUDILLO TORRES, MARCIA ELIZABETH

TO: Board of Immigration Appeals
Office of the Clerk
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

This Record of Proceeding (ROP) is forwarded to the Board of Immigration Appeals for consideration of the following:

[X] Appeal of the Immigration Judge decision.
[ ] Appeal of Immigration Judge decision on a motion to reopen.

Please note:

[ ] The respondent / applicant is DETAINED.
[X] Other _Case Appeal ________________________________________________
____________________________________________________________

[ ] This ROP is for an appeal on a decision entered prior to July 1, 1996.
This ROP is being submitted to APU at the following stage:

[ ] Notice of Appeal filed. Tapes need to be transcribed.
[ ] IJ has signed decision. Briefing schedule needs to be set.
[ ] Motion for Extension of Time to Extend Briefing Schedule has been submitted.
[ ] Briefing Schedule is complete / expired.

PZ

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

Soto, Andrea
Soto Law, PLLC
455 Hamilton Avenue
Suite 407
White Plains, NY 10601

DHS/ICE OFFICE OF CHIEF
COUNSEL - NYB
26 FEDERAL PLAZA, 11TH FLOOR
NEW YORK, NY 10278

Name:
ASTUDILLO TORRES, MARCIA ELIZABETH 226-088-780

Riders:
226-088-781 - TORRES ASTUDILLO, PAULO ANDRES

Date of Notice: 05/06/2025

## FILING RECEIPT FOR APPEAL OR MOTION

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of the appeal or motion and fee or fee waiver request (where applicable) on 05/01/2025 , in the above-referenced case, filed by the Respondent

Additional Comments
N/A

**WARNING FOR APPEALS:**

**Departure.** If you leave the United States after filing this appeal but before the Board issues a decision, your appeal may be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**<u>Proof of posting voluntary departure bond.</u>** If you have been granted voluntary departure by the Immigration Judge, you must submit proof of having posted the voluntary departure bond set by the Immigration Judge to the Board. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.2(c)(3)(ii).

**<u>Autostay Bond Appeals.</u>** Please note that the automatic stay will expire 90 days from the date of receipt of the DHS' appeal. 8 C.F.R. § 1003.6(c)(3). If the Board grants the respondent's request for additional briefing time, then the 90-day automatic stay period will be tolled for the same number of days. 8 C.F.R. § 1003.6(c)(4).

**<u>Form EOIR-27.</u>** If the appeal was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**<u>WARNING FOR MOTIONS:</u>**

**<u>Stay of removal.</u>** Filing a motion with the Board does not automatically stop the DHS from executing an order of removal. If the respondent/applicant is in DHS detention and is about to be removed, you may request the Board to stay the removal on an emergency basis. For more information, call the Clerk's Office at (703) 605-1007.

**<u>Form EOIR-27.</u>** If the motion was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**FILING INSTRUCTIONS:**

If you have any questions about how to file something at the Board, please review the Board's Practice Manual which is available on EOIR's website at www.justice.gov/eoir.

Accepted by: ArghandS

CC

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

# Notice of Appeal from a Decision of an Immigration Judge

Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):
Astudillo Torres, Marcia Elizabeth, A#226-088-780
Paulo Andres Torres Astudillo, A#226-088-781

For Official Use Only

**WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

***2.*** I am ☑ the Respondent/Applicant ☐ DHS-ICE *(Mark only one box.)*

***3.*** I am ☐ DETAINED ☑ NOT DETAINED *(Mark only one box.)*

***4.*** My last hearing was at ______________________________________ *(Location, City, State)*

**5.** **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☑ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated 4/29/2025.

☐ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated ____________________. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? ☐ Yes. ☐ No.)

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated ____________________.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

EOIR 1 of 3



Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

**6.** **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

I am appealing the merits of this case, Immigration Judge Kalenna Lee made an Erroneous Credibility Determination without substantial evidence and relied on minor inconsistencies in the lead's respondent's Testimony. The Immigration Judge erred in finding the proposed particular social group not legally cognizable.In addition to the merits appeal, I am appealing the lack of individualized consideration for Derivative riders. The child's independent eligibility for relief was not fully considered throughout the course of the hearing.

*(Attach additional sheets if necessary)*

! **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

**7.** Do you desire oral argument before the Board of Immigration Appeals? ☐ Yes ☑ No

**8.** Do you intend to file a separate written brief or statement after filing this Notice of Appeal? ☑ Yes ☐ No

**9.** If you are unrepresented, do you give consent to the BIA Pro Bono Project to have your case screened by the Project for potential placement with a free attorney or accredited representative, which may include sharing a summary of your case with potential attorneys and accredited representatives? *(There is no guarantee that your case will be accepted for placement or that an attorney or accredited representative will accept your case for representation)* ☐ Yes ☑ No

! **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

**10.** **Print Name:** Andrea Soto

**11.** **Sign Here:** ➤ X *Andrea C. Soto* 5/1/2025

Signature of Person Appealing
*(or attorney or representative)*

Date

**12.** **Mailing Address of Respondent(s)/Applicant(s)**

Maria Elizabeth Astudillo Torres
(Name)

76 Putnam Avenue
(Street Address)

Port Chester
(Apartment or Room Number)

New York, NY 10573
(City, State, Zip Code)

914-305-0150
(Telephone Number)

**11.** **Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)**

Andrea Soto
(Name)

445 Hamilton Avenue
(Street Address)

Suite 407
(Suite or Room Number)

White Plains, New York 10601
(City, State, Zip Code)

914-290-4900
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**13.** **PROOF OF SERVICE (You Must Complete This)**

I Andrea Soto mailed or delivered a copy of this Notice of Appeal
(Name)

on 5/1/2025 to Office of Principal Legal Advisor
(Date) (Opposing Party)

at 26 Federal Plaza, Room 1130, New York, NY 10278
(Number and Street, City, State, Zip Code)

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

**SIGN HERE** X *Andrea C. Soto*
Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee payment receipt, fee, or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

## HAVE YOU?

- ☑ Read all of the General Instructions.
- ☑ Provided all of the requested information.
- ☑ Completed this form in English.
- ☑ Provided a certified English translation for all non-English attachments.
- ☑ Signed the form.
- ☑ Served a copy of this form and all attachments on the opposing party, if applicable.
- ☑ Completed and signed the Proof of Service
- ☑ Attached the required fee payment receipt, fee, or
- ☑ Fee Waiver Request.
- ☑ If represented by attorney or representative, attach a completed and signed EOIR-27 for each respondent or applicant.

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB#1125-0005

# Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals

**(Type or Print)**
**NAME AND ADDRESS OF REPRESENTED PARTY**

| Marcia | E | Astudillo Torres |
|---|---|---|
| (First) | (Middle Initial) | (Last) |

76 Putnam Avenue
(Number and Street) (Apt. No.)

| West Chester | NY | 10573 |
|---|---|---|
| (City) | (State) | (Zip Code) |

**A-NUMBER**
(Provide Alien ("A") number of the party represented)
226-088-780

USCIS Visa Appeal (Provide beneficiary name and A number)

Fine (Provide fine number)

Disciplinary case (Provide docket number)

**Attorney or Representative (please check one of the following):**

- [x] I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary), and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

  **Full Name of Court** New York Second Division **Bar Number (if applicable)** 5535802

- [ ] I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:
- [ ] I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).
- [ ] I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3) and I have included a statement demonstrating that I meet the required criteria.
- [ ] I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from ____________ (country).
- [ ] I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

- [x] I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.
- [ ] EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Board of Immigration Appeals. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **SIGNATURE OF ATTORNEY OR REPRESENTATIVE** | **EOIR ID NUMBER** | **DATE** |
|---|---|---|
| X Andrea C. Soto | YY923563 | 5/1/2025 |

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: Andrea (First) (Middle Initial) Soto (Last)

Address: 445 Hamilton Avenue (Number and Street) 407 (Suite)

Law Firm: Soto Law

| White Plains | NY | 10601 |
|---|---|---|
| (City) | (State) | (Zip Code) |

Telephone: 914-290-4900 Facsimile: 914-898-9100 Email: asoto@andreasotolaw.com

- [ ] Check here if new address

EOIR 1 of 4

**Indicate Type of Appearance:** ☑ Primary Attorney/Representative ☐ Non-Primary Attorney/Representative

Note: You must designate primary or non-primary. Only the primary attorney/representative will receive mailings from the BIA. All attorneys/ representatives regardless of type of appearance are practitioners of record and are individually responsible as representatives for the respondent. Circumstances may arise that require the BIA to designate a primary and/or switch service of mailings from the primary to a non-primary.

I am providing pro bono representation. Check one: ☐ yes ☑ no

## Proof of Service

I (Name) Andrea Soto provided a copy of this Form EOIR-27 on (Date) 5/1/2025 to the

☑ DHS (U.S. Immigration and Customs Enforcement – ICE) at 26 Federal Plaza, Room 1130, New York, NY

☐ DHS (U.S. Citizenship and Immigration Services – USCIS) at ____________________

☐ EOIR Disciplinary Counsel at ____________________

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

X Andrea C. Soto

Signature of Person Serving

**APPEARANCES** - A practitioner of record is authorized and required to appear on behalf of a respondent, to file all documents on behalf of a respondent, and to accept service of process of all documents filed in the proceedings before the Board of Immigration Appeals (BIA). *See* 8 C.F.R. §§ 1003.38(g)(1)(ii), 1292.5(a). To perform the functions of and become the practitioner of record, the practitioner must file a separate Form EOIR-27 for each represented party in each appeal or motion before the BIA (8 C.F.R. § 1003.2(g)(1), 1003.3(a)(3), 1003.38(g)(1)), even though the practitioner may have appeared in the case before the Immigration Judge or U.S. Citizenship and Immigration Services. For information on how to file a Form EOIR-27 with the BIA, see the BIA Practice Manual at www.justice.gov/eoir. If information is omitted from the Form EOIR-27 or is not properly completed, the appearance may not be recognized, and the accompanying filing may be rejected. When an appearance as a practitioner of record is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon approval by the BIA of a request of the practitioner of record in accordance with *Matter of Rosales*, 19 I&N Dec. 655 (1988). Appearances for limited purposes other than for document assistance to an unrepresented or *pro se* respondent are not permitted. 8 C.F.R. § 1003.2(g)(1), 1003.38(g)(2); *Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A Form EOIR-60, not a Form EOIR-27, is required for the entry of a limited appearance for document assistance on an appeal, brief, motion, or other document. Note: Attorneys and Accredited Representatives (with full accreditation) must register with the EOIR eRegistry to practice before the BIA. 8 C.F.R. § 1292.1(f). Registration must be completed online at www.justice.gov/eoir. Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-27 that reflects a new address.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act (FOIA) or the Privacy Act. *See* 28 C.F.R. § 16.1-16.11 and appendices. For information about FOIA requests, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, at https://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. § 1362 and 8 C.F.R. § 1003.3 in order to enter an appearance to represent a party before the BIA. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notices of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999), or their successors. Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. § 1003.101 et seq., including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR -** Automated information about cases before EOIR is available by calling (800) 898-7180 or (304) 625-2050 or by checking online at https://acis.eoir.justice.gov.

**ADDITIONAL INFORMATION:**

**PAPERWORK REDUCTION ACT NOTICE -** A person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose minimal burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB#1125-0005
**Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals**

**(Type or Print)**
**NAME AND ADDRESS OF REPRESENTED PARTY**

Paulo A Torres Astudillo
(First) (Middle Initial) (Last)

76 Putnam Avenue
(Number and Street) (Apt. No.)

New York NY 10573
(City) (State) (Zip Code)

**A-NUMBER**
(Provide Alien ("A") number of the party represented)
226-088-781

USCIS Visa Appeal (Provide beneficiary name and A number)

Fine (Provide fine number)

Disciplinary case (Provide docket number)

**Attorney or Representative (please check one of the following):**

☑ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary), and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

**Full Name of Court** New York Second Division **Bar Number (if applicable)** 5535802

☐ I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

☐ I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).
☐ I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3) and I have included a statement demonstrating that I meet the required criteria.
☐ I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from ____________ (country).
☐ I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

☑ I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.
☐ EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Board of Immigration Appeals. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID NUMBER | DATE |
|---|---|---|
| X Andrea C. Soto | YY923563 | 5/1/2025 |

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: Andrea Soto
(First) (Middle Initial) (Last)

Address: 445 Hamilton Avenue 407
(Number and Street) (Suite)

Law Firm: Soto Law

White Plains NY 10601
(City) (State) (Zip Code)

Telephone: 914-290-4900 Facsimile: 914-898-9100 Email: asoto@andreasotolaw.com

☐ Check here if new address

**Indicate Type of Appearance:** ☑ Primary Attorney/Representative ☐ Non-Primary Attorney/Representative

Note: You must designate primary or non-primary. Only the primary attorney/representative will receive mailings from the BIA. All attorneys/ representatives regardless of type of appearance are practitioners of record and are individually responsible as representatives for the respondent. Circumstances may arise that require the BIA to designate a primary and/or switch service of mailings from the primary to a non-primary.

I am providing pro bono representation. Check one: ☐ yes ☑ no

**Proof of Service**

I (Name) Andrea Soto provided a copy of this Form EOIR-27 on (Date) 5/1/2025 to the

☑ DHS (U.S. Immigration and Customs Enforcement – ICE) at 26 Federal Plaza, Room 1130, New York, NY

☐ DHS (U.S. Citizenship and Immigration Services – USCIS) at ______

☐ EOIR Disciplinary Counsel at ______

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

X Andrea C. Soto

Signature of Person Serving

**APPEARANCES** - A practitioner of record is authorized and required to appear on behalf of a respondent, to file all documents on behalf of a respondent, and to accept service of process of all documents filed in the proceedings before the Board of Immigration Appeals (BIA). *See* 8 C.F.R. §§ 1003.38(g)(1)(ii), 1292.5(a). To perform the functions of and become the practitioner of record, the practitioner must file a separate Form EOIR-27 for each represented party in each appeal or motion before the BIA (8 C.F.R. § 1003.2(g)(1), 1003.3(a)(3), 1003.38(g)(1)), even though the practitioner may have appeared in the case before the Immigration Judge or U.S. Citizenship and Immigration Services. For information on how to file a Form EOIR-27 with the BIA, see the BIA Practice Manual at www.justice.gov/eoir. If information is omitted from the Form EOIR-27 or is not properly completed, the appearance may not be recognized, and the accompanying filing may be rejected. When an appearance as a practitioner of record is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon approval by the BIA of a request of the practitioner of record in accordance with *Matter of Rosales*, 19 I&N Dec. 655 (1988). Appearances for limited purposes other than for document assistance to an unrepresented or *pro se* respondent are not permitted. 8 C.F.R. § 1003.2(g)(1), 1003.38(g)(2); *Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A Form EOIR-60, not a Form EOIR-27, is required for the entry of a limited appearance for document assistance on an appeal, brief, motion, or other document. Note: Attorneys and Accredited Representatives (with full accreditation) must register with the EOIR eRegistry to practice before the BIA. 8 C.F.R. § 1292.1(f). Registration must be completed online at www.justice.gov/eoir. Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-27 that reflects a new address.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act (FOIA) or the Privacy Act. *See* 28 C.F.R. § 16.1-16.11 and appendices. For information about FOIA requests, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, at https://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. § 1362 and 8 C.F.R. § 1003.3 in order to enter an appearance to represent a party before the BIA. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notices of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999), or their successors. Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. § 1003.101 et seq., including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR -** Automated information about cases before EOIR is available by calling (800) 898-7180 or (304) 625-2050 or by checking online at https://acis.eoir.justice.gov.

**ADDITIONAL INFORMATION:**

**PAPERWORK REDUCTION ACT NOTICE -** A person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose minimal burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB#1125-0005
**Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals**

**(Type or Print)**
**NAME AND ADDRESS OF REPRESENTED PARTY**

| Marcia | E | Astudillo Torres |
|---|---|---|
| (First) | (Middle Initial) | (Last) |

76 Putnam Avenue
(Number and Street) (Apt. No.)

| Port Chester | NY | 10573 |
|---|---|---|
| (City) | (State) | (Zip Code) |

**A-NUMBER**
(Provide Alien ("A") number of the party represented)
A 226-088-780

USCIS Visa Appeal (Provide beneficiary name and A number)

Fine (Provide fine number)

Disciplinary case (Provide docket number)

**Attorney or Representative (please check one of the following):**

☑ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary) and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

**Full Name of Court** New York Second Division **Bar Number (if applicable)** 5535802

☐ I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

☐ I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).

☐ I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3) and I have included a statement demonstrating that I meet the required criteria.

☐ I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from ____________ (country).

☐ I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

☑ I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.

☐ EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity. I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Board of Immigration Appeals. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID NUMBER | DATE |
|---|---|---|
| X //s//, ANDREA SOTO | YY923563 | 05/01/2025 |

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: Andrea (First) (Middle Initial) Soto (Last)

Address: 455 Hamilton Avenue (Number and Street) Suite 407 (Suite)

Law Firm: Soto Law, PLLC

| White Plains | NY | 10601 |
|---|---|---|
| (City) | (State) | (Zip Code) |

Telephone: 914-290-4900 Facsimile: 914-898-9100 Email: asoto@andreasotolaw.com

☐ Check here if new address

**Indicate Type of Appearance:** ☑ Primary Attorney/Representative ☐ Non-Primary Attorney/Representative

Note: You must designate primary or non-primary. Only the primary attorney/representative will receive mailings from the BIA. All attorneys/ representatives regardless of type of appearance are practitioners of record and are individually responsible as representatives for the respondent. Circumstances may arise that require the BIA to designate a primary and/or switch service of mailings from the primary to a non-primary.

I am providing pro bono representation. Check one: ☐ yes ☑ no

**Proof of Service**

I (Name) Andrea Soto mailed or delivered a copy of this Form EOIR-27 on (Date) ____________

to the ☐ DHS (U.S. Immigration and Customs Enforcement – ICE) at ____________

☐ DHS (U.S. Citizenship and Immigration Services – USCIS) at ____________

☐ EOIR Disciplinary Counsel at ____________

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

X //s//, ANDREA SOTO on 05/01/2025 03:04:15 PM

Signature of Person Serving

**APPEARANCES -** A practitioner of record is authorized and required to appear on behalf of a respondent, to file all documents on behalf of a respondent, and to accept service of process of all documents filed in the proceedings before the Board of Immigration Appeals (BIA). See 8 C.F.R. §§ 1003.38(g)(1)(ii), 1292.5(a). To perform the functions of and become the practitioner of record, the practitioner must file a separate Form EOIR-27 for each represented party in each appeal or motion before the BIA (8 C.F.R. § 1003.2(g)(1), 1003.3(a)(3), 1003.38(g)(1)), even though the practitioner may have appeared in the case before the Immigration Judge or U.S. Citizenship and Immigration Services. For information on how to file a Form EOIR-27 with the BIA, see the BIA Practice Manual at www.justice.gov/eoir. If information is omitted from the Form EOIR-27 or is not properly completed, the appearance may not be recognized, and the accompanying filing may be rejected. When an appearance as a practitioner of record is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon approval by the BIA of a request of the practitioner of record in accordance with Matter of Rosales, 19 I&N Dec. 655 (1988). Appearances for limited purposes other than for document assistance to an unrepresented or pro se respondent are not permitted. 8 C.F.R. § 1003.2(g)(1), 1003.38(g) (2); Matter of Velasquez, 19 I&N Dec. 377, 384 (BIA 1986). A Form EOIR-60, not a Form EOIR-27, is required for the entry of a limited appearance for document assistance on an appeal, brief, motion, or other document. Note: Attorneys and Accredited Representatives (with full accreditation) must register with the EOIR eRegistry to practice before the BIA. 8 C.F.R. § 1292.1(f). Registration must be completed online at www.justice.gov/eoir. Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-27 that reflects a new address.

**FREEDOM OF INFORMATION ACT -** This form may not be used to request records under the Freedom of Information Act (FOIA) or the Privacy Act. See 28 C.F.R. § 16.1-16.11 and appendices. For information about FOIA requests, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, at https://www.justice.gov/eoir.

**PRIVACY ACT NOTICE -** The information requested on this form is authorized by 8 U.S.C. § 1362 and 8 C.F.R. § 1003.3 in order to enter an appearance to represent a party before the BIA. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notices of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999), or their successors. Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. § 1003.101 et seq., including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR -** Automated information about cases before EOIR is available by calling (800) 898-7180 or (304) 625-2050 or by checking online at https://acis.eoir.justice.gov.

**ADDITIONAL INFORMATION:**

**PAPERWORK REDUCTION ACT NOTICE -** A person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose minimal burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**Additional Attorney Court Information**

| Full Name of Court | Bar Number (if applicable) |
| --- | --- |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

## Payment Receipt

A payment has been processed for the following Board of Immigration Appeals (BIA) case. Please contact the BIA Clerk's Office for questions regarding this payment at (703) 605-1007.

You must include a copy of this receipt in the appeal or motion package you are filing with the BIA Clerk's Office. Failure to include a receipt showing proof of payment will result in rejection of the appeal or motion.

**A-Number:** 226-088-780

**Payment Tracking ID:** 27NOML2I

**Payment Processed On:** 5/1/2025 11:30:06 AM EST

**Filing Type:** Appeal (Form EOIR-26)

**Payment Type:** ACH

**Payment Amount:** $110.00

Save or print your receipt immediately. You will not receive a copy of your receipt via email. The tracking ID is required to retrieve a duplicate receipt.

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**NEW YORK - BROADWAY IMMIGRATION COURT**

Respondent Name:
ASTUDILLO TORRES, MARCIA ELIZABETH

To:
Soto, Andrea
455 Hamilton Avenue
Suite 407
White Plains, NY 10601

A-Number:
226-088-780
Riders:
226-088-781 TORRES ASTUDILLO, PAULO ANDRES
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
04/29/2025

## ORDER OF THE IMMIGRATION JUDGE

☑ This is a summary of the oral decision entered on 04/29/2025. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.
☐ Both parties waived the issuance of a formal oral decision in this proceeding.

### I. Removability

The immigration court found Respondent ☑ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): 212(a)(6)(A)(i)

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

### II. Applications for Relief

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture

☑ Asylum was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Withholding of Removal under the Convention Against Torture was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under INA § 240A(a) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

C. Waiver

☐ A waiver under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

D. Adjustment of Status

☐ Adjustment of Status under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

E. Other

**III. Voluntary Departure**

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ granted, and Respondent is ordered to depart by . The respondent must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set ☐ the presumptive civil monetary penalty amount of $3,000.00 USD

☐ $ USD instead of the presumptive amount.

If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of 10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.* If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

**IV. Removal**

☑ Respondent was ordered removed to Ecuador

☐ In the alternative, Respondent was ordered removed to

☐ Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

**V. Other**

☐ Proceedings were ☐ dismissed ☐ terminated with prejudice
☐ terminated without prejudice ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

Immigration Judge: Lee, Kalenna 04/29/2025

| | | | | | |
|---|---|---|---|---|---|
| Appeal: | Department of Homeland Security: | ☑ | waived | ☐ | reserved |
| | Respondent: | ☐ | waived | ☑ | reserved |
| Appeal Due: | 05/29/2025 | | | | |

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : ASTUDILLO TORRES, MARCIA ELIZABETH | A-Number : 226-088-780

Riders:

226-088-781 TORRES ASTUDILLO, PAULO ANDRES

Date: 04/29/2025 By: Lee, Kalenna, Immigration Judge

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
NEW YORK, NEW YORK

File: A226-088-780
A226-088-781

April 29, 2025

In the Matters of

| | | |
|---|---|---|
| | ) | |
| MARCIA ELIZABETH ASTUDILLO TORRES | ) | IN REMOVAL PROCEEDINGS |
| PAULO ANDRES TORRES ASTUDILLO | ) | |
| | ) | |
| RESPONDENTS' | ) | |

CHARGES: 212(a)(6)(A)(i)

APPLICATIONS: Asylum, Withholding of Removal, Protection under the Convention Against Torture

ON BEHALF OF RESPONDENT: ANDREA SOTO

ON BEHALF OF DHS: ~~JANAE~~ Shanae KEYS

ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondents[1] are a mother and her child, both n~~N~~atives and citizens of Ecuador. They entered the United States on or about June 6~~th~~, 2024 and were not admitted or paroled after inspection by an immigration officer. See Exhibit 1-1A. The Department of Homeland Security served the Respondents with Notices to Appear. The filing of the NTAs in Immigration Court vested to the Court with jurisdiction. 8 C.F.R. § 1003.14(a). Through counsel, the Respondents[1] admitted the factual allegations,

Formatted: Indent: First line: 0"

conceded removability under INA § 212(a)(6)(A)(i).-Tthe Court, upon the Department's recommendation, designated Ecuador for the Respondents[1]. On October 18th, 2024, the Respondent filed an application for asylum, withholding of removal under § 241(b)(3) of the INA and protection under the Cconvention Against Ttorture. See Exhibit 3-3A. She listed her child as a derivative asylum applicant. ID. References to "the Respondent" in the balance of this decision refer to Ms. Astudillo Torres.

SUMMARY OF THE EVIDENTIARY RECORD

Exhibits

The Respondent offered documentary and testimonial evidence in support of her applications for relief. See Exhibit 3-5. All documents have been admitted into evidence. In making a decision in this matter the Court has considered all of this evidence in its entirety regardless of whether specifically mentioned in the text of this decision and has accorded appropriate way weight to such evidence.

Testimony

The following section represents the summary of the Respondents' application for relief, written statement, and testimony at the individual hearing and are not findings of fact by the immigration Court. See *Juan v. Holder*, 677 F.3d 130, 137 (2d. 2012).

The Respondent writes in her statement that she became pregnant in 2010 and moved in with the father of her child Raul Aledeo Elidio Torres Altamiarano (Raul). He would drink, do drugs, and go out on the weekends and then return home and verbally and physically abuse the Respondent. She testified that in 2018 she separated from Raul and has had no further contact with him or his family.

The Respondent writes that in February 2024 she started receiving phone calls inquiring about her and her son. She later learned that one of the calls came from Turi

Formatted: Indent: First line: 0.5"

where a prison known to house gang members is located.

In March 2024 the Respondent's son said that there was a man outside of his school. When the Respondent reported it to the police they told her that she needed to present evidence. In April 2024 a man approached the Respondent at her work and told her that she needed to give him money that was owed by Raul. She understood that the men calling her were gang members from the Los Lobos because she knew that Raul had prior dealings with them. The Respondent fears harm from the gang members if returned to Ecuador.

## STATEMENT OF THE LAW

An addendum stating the standards of law and burdens of proof relevant to the issues in this matter will be served on the parties in a copy placed in the record of proceeding. That addendum is hereby incorporated into this decision by reference and ~~must be~~is to be read in conjunction with any laws decided in this oral decision.

## FINDINGS AND CONCLUSIONS OF THE COURT

The Department opposed relief in this matter. After considering all of the evidence and testimony in this case the Court agrees with the Department ~~it~~ andfinds that the Respondent to have not established eligibility for asylum, withholding, or CAT protection.

As a threshold matter, the Court finds that the Respondent timely filed her application within one year of her entry into the United States. See INA § 208(a)(2)(B). Furthermore, for the purpose of the analysis in this decision the Court will assume the Respondents' credibility. INA § 208(b)(1)(B)(3).

Formatted: Indent: First line: 0.5"

The Department argues that the Respondent is ineligible for asylum based on the

~~circumstantial~~ circumvention of lawful pathways rule. See generally 8 C.F.R. § 1208.33. The Court agrees that based on the record there is a presumption of ineligibility based on the circumvention of ~~circumstantial~~ lawful pathways rule. Upon review of the Respondents' testimony and record evidence the Court finds the Respondent has not offered testimony that she qualifies for an exception nor does she rebut that presumption based on the preponderance of the evidence. See Exhibit 3-5.

The Court has also considered the family unity exception as well.

Formatted: Indent: First line: 0.5"

However, where the Court is also denying the Respondent's~~'~~ application for asylum on the grounds which will be discussed infra, the Court finds that the presumption is not rebutted because the Respondent would not be granted asylum but for the presumption of ineligibility. See id~~ID~~. Thus, the Court finds the Respondent is not eligible for asylum based on the circumvention of lawful ~~circumferential~~ pathways rule~~s~~ and her asylum application must be denied on this basis. Nonetheless, the Court will make alternative findings infra.

To be statutorily eligible for asylum, the applicant bears the burden of establishing that she is a refugee which requires a showing of past persecution or a well founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 208(b)(1)(A), 208(b)(1)(B).

Here, the Respondent through counsel contends that she was harmed and fears future harm on account of her political opinion and her membership in a particular social group. The Respondent, through counsel's legal brief, puts forth the following proposed particular social group "single Ecuadorian women targeted by transnational gangs".

The Court turns first to political opinion. To qualify for a political opinion an opinion must involve some sort of support for or disagreement with the belief system,

policies, or practices of a government and its instrumentalities. See Zelea Zelaya Moreno v. Wilkenson, 989 F.3d 190, 199-200 (2d. 2021).

The Respondent has not differentiated herself from all persons who have issues or opposed gangs or criminal groups. There is nothing to show that anything the Respondent did took on a political dimension. She has not expressed any political opinion. The Respondent it did not have any personal encounters with the gang members in which she did express a political opinion. On this record, the Court does not find that the Respondent expressed disagreement with the gang or a criminal band's belief system, policies or practices and the evidence does not show that the gang members accused her of such opinion. There i's no evidence that the gang members made any statements or that they believe she had any anti gang political opinion or that they would have or that they had targeted her on that account. The record also contains insufficient evidence that the Respondent had been harmed by Raul on account of any political opinion.

Rather, as testified to by the Respondent, Raul had been involved with drugs and alcohol. When he returned home drunk he would verbally and physically harm her. period whileWhile his actions are reprehensible, the Respondent has not demonstrated on this record that Raul had harmed her on account of any political opinion. As such, the Court finds that the Respondent has not shown a nexus to political opinion, imputed or otherwise.

The Court next turns to the Respondent's' proposed particular social group. It has been established that a particular social group must be composed of members who share a common, immutable characteristic, defined with particularity, and socially distinct within the society in question. See *Matter of M-E-V-G-*, 26 I&N Dec. 227, 237 (BIA 2014). The Court finds that the proposed particular social groups of "single

Ecuadorian women targeted by transnational gangs" ~~it's~~ is not cognizable because it is circular where it does not exist independently of the harm asserted and is defined by the persecutory conduct. *Matter of M-E-V-G-*, 26 I&N Dec. 227, 236-243 (A.G. 2014). See also *Matter of W-G-R-*, 26 I&N Dec. 208, 215 (BIA 2014).

The Court further finds that the particular social group fails where it~~as~~ is not composed of members who share a common immutable characteristic as being single is not an immutable characteristic. Additionally, the particular social group fails where there is insufficient evidence in the record to demonstrate that this particular social group is socially distinct within the Ecuadorian society.

Here, the Respondent was being threatened by members of the Los Lobos who are demanding money or repayment of money and she did not comply with their demands. Having considered the totality of the Respondent's testimony and the record evidence the Court finds that there was insufficient evidence to conclude that the threats were on account of any protected ground, but rather, the Respondent was a victim of generalized acts of crime committed by the Los Lobos gang members in furtherance of their criminal enterprise.

The B~~b~~oard has held when criminals and criminal organizations direct harm against anyone and everyone perceived to have interfered with or who might present a threat to their criminal enterprises a particular individual generally does not fear persecution on account of her membership in some group. See *Matter of S-E-G-*, 21 I&N Dec. 579, 587 (BIA 2008). At the Second Circuit has stated "when the harm visited upon members of a group is attributable to the incentives presented ordinary criminals rather than to persecution the scales are tipped away from considering those people a particular social group within the meaning of the INA". See *Ucelo Gomez v. Mukasey*, 509 F.3d 70, 73 (2d. 2007).

What the Respondent fears is generalized violence committed by gang members. Generalized violence does not form the basis for asylum. See *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d. 1999). The Court concludes that the Respondent has not met her burden to establish the requisite nNexus. This alone is dispositive of her claim for asylum. Thus her asylum application must be denied on this basis. It follows that the minor Respondent's derivative application for asylum is denied as well.

WITHHOLDING OF REMOVAL UNDER THE INA

In as much as the Respondent failed to satisfy the lower burden of proof required for asylum it follows that she has also failed to satisfy the more stringent clear probability of persecution standards required for statutory withholding under INA § 241(b)(3). See Lecaj v. Holder.

CAT PROTECTION

Respondent is also ineligible for CAT protection. TheIf the CAT has no Nexus requirement. However, the Respondent has not established that it is more likely than not she would be tortured upon her return to Ecuador. Her fear is speculative at best. The Respondent was not subject to past torture. She has suffered insufficient evidence that anyone is still seeking her out for harm. On this record the Respondent cannot establish that it is more likely than not that she would be tortured upon her return.

Formatted: Indent: First line: 0.5"

The Respondent also has not shown that the Ecuadorian government would acquiesce in any future torture. The Respondent fears private actors. The Court recognizes that there is an issue with crime and gang violence in Ecuador. See Exhibit 4. The 2023 Department of State report notes that violence is being perpetrated by

detained gang members. See Exhibit 4 tab D. The Respondent's submitted evidence notes that prisons are the command center of criminal groups among which are the Los Generos, the Los Lobos, the Lagartos, or the Los Tecanaros. See Exhibit 4, page 101. While the existence of prison violence is troubling it is an indication that Ecuadorian government is arresting, prosecuting and imprisoning members of criminal gangs. In areas of gang violence, the government has implemented urgent security measures and declared a state of emergency in order to confront the crime. See Exhibit 4, tab D. According to a CNN article submitted by the Respondent, Ecuador's president Daniel de BoaNoboa has declared an internal armed conflict within the country ordering security forces to neutralize several criminal groups accused of spreading extreme violence in the country. See Exhibit 4, page 89. The armed forces also have the support of the national police and Ecuador to assist with neutralizing members of these criminal gangs. See Exhibit 4, page 106.

Formatted: Indent: First line: 0"

Moreover, the Respondents' submitted evidence shows that Ecuadorian government is arresting criminals and members of these gangs. For example, one article states that a man presumed to be a member of the Los Lobos was arrested by the police for shooting a victim. See Exhibit 4 page 76.

Based on this record, the Court cannot find that the Respondent has shown that it is more likely than not that she would be tortured upon her return to Ecuador. Nor has she shown the requisite state action. Her application for CAT protection is therefore denied. Based on the foregoing, the following orders are entered:

ORDERS

ORDER it is hereby ordered that the Respondents' applications for asylum pursuant to INA § 208 be denied.

ORDER It is further ordered that the Respondent's' application for withholding of removal pursuant to INA § 241(b)(3) be denied.

ORDER It is further ordered that the Respondent's' application for withholding of removal under the convention against torture be denied.

ORDER It is further ordered that the Respondents' be removed from the United States to Ecuador on the same sustained charges of removability contained in their respective Notices to Appear.

***Please see the next page for electronic signature***

Kalenna LeeLee, Kalenna
Immigration Judge

Digitally signed by

Lee, Kalenna Immigration Judge

May 28, 2025 7:31 PM

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
NEW YORK, NEW YORK

File: A226-088-780
A226-088-781

April 29, 2025

In the Matters of

| | | |
|---|---|---|
| | ) | |
| MARCIA ELIZABETH ASTUDILLO TORRES | ) | IN REMOVAL PROCEEDINGS |
| PAULO ANDRES TORRES ASTUDILLO | ) | |
| | ) | |
| RESPONDENTS’ | ) | |

CHARGES: 212(a)(6)(A)(i)

APPLICATIONS: Asylum, Withholding of Removal, Protection under the Convention Against Torture

ON BEHALF OF RESPONDENT: ANDREA SOTO

ON BEHALF OF DHS: JANAE KEYS

ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondents’ are a mother and her child, both Natives and citizens of Ecuador. They entered the United States on or about June 6th, 2024 and were not admitted or paroled after inspection by an immigration officer. See Exhibit 1-1A.

The Department of Homeland Security served the Respondents with Notices to Appear. The filing of the NTAs in Immigration Court vested to the Court with jurisdiction. 8 C.F.R. § 1003.14(a). Through counsel the Respondents’ admitted the factual

allegations, conceded removability under INA § 212(a)(6)(A)(i) the Court upon the Department's recommendation designated Ecuador for the Respondents'. On October 18th, 2024 the Respondent filed an application for asylum, withholding of removal under § 241(b)(3) of the INA and protection under the convention Against torture. See Exhibit 3-3A. She listed her child as a derivative asylum applicant. ID. References to "the Respondent" in the balance of this decision refer to Ms. Astudillo Torres.

## SUMMARY OF THE EVIDENTIARY RECORD

### Exhibits

The Respondent offered documentary and testimonial evidence in support of her applications for relief. See Exhibit 3-5. All documents have been admitted into evidence. In making a decision in this matter the Court has considered all of this evidence in its entirety regardless of whether specifically mentioned in the text of this decision and has accorded appropriate way to such evidence.

### Testimony

The following section represents the summary of the Respondents' application for relief, written statement, and testimony at the individual hearing and are not findings of fact by the immigration Court. See *Juan v. Holder*, 677 F.3d 130, 137 (2d. 2012). The Respondent writes in her statement that she became pregnant in 2010 and moved in with the father of her child Raul Aledeo Torres Altamarano. He would drink, do drugs, and go out on the weekends and then return home and verbally and physically abuse the Respondent. She testified that in 2018 she separated from Raul and has had no further contact with him or his family. The Respondent writes that in February 2024 she started receiving phone calls inquiring about her and her son. She later learned that one of the calls came from Turi where a prison known to house gang members is located.

In March 2024 the Respondent son said that there was a man outside of his school. When the Respondent reported it to the police they told her that she needed to present evidence. In April 2024 a man approached the Respondent at her work and told her that she needed to give him money that was owed by Raul. She understood that the men calling her were gang members from the Los Lobos because she knew that Raul had prior dealings with them. The Respondent fears harm from the gang members if returned to Ecuador.

## STATEMENT OF THE LAW

An addendum stating the standards of law and burdens of proof relevant to the issues in this matter will be served on the parties in a copy placed in the record of proceeding. That addendum is hereby incorporated into this decision by reference and must be read in conjunction with any laws decided in this oral decision.

## FINDINGS AND CONCLUSIONS OF THE COURT

The Department opposed relief in this matter. After considering all of the evidence and testimony in this case the Court agrees with the Department it finds that the Respondent to have not established eligibility for asylum, withholding, or CAT protection. As a threshold matter the Court finds that the Respondent timely filed her application within one year of her entry into the United States. See INA § 208(a)(2)(B). Furthermore, for the purpose of the analysis in this decision the Court will assume the Respondents' credibility. INA § 208(b)(1)(B)(3).

The Department argues that the Respondent is ineligible for asylum based on the circumstantial lawful pathways rule. See generally 8 C.F.R. § 1208.33. The Court agrees that based on the record there is a presumption of ineligibility based on the

circumstantial lawful pathways rule. Upon review of the Respondents' testimony and record evidence the Court finds the Respondent has not offered testimony that she qualifies for an exception or does she rebut that presumption based on the preponderance of the evidence. See Exhibit 3-5. The Court has also considered the family unity exception as well.

However, where the Court is also denying the Respondents' application for asylum on the grounds which will be discussed infra the Court finds that the presumption is not rebutted because the Respondent would not be granted asylum but for the presumption of ineligibility. See ID. Thus, the Court finds the Respondent is not eligible for asylum based on the circumferential pathways rules and her asylum application must be denied on this basis. Nonetheless, the Court will make alternative findings infra.

To be statutorily eligible for asylum, the applicant bears the burden of establishing that she is a refugee which requires a showing of past persecution or a well founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 208(b)(1)(A), 208(b)(1)(B). Here, the Respondent through counsel contends that she was harmed and fears future harm on account of her political opinion and her membership in a particular social group. The Respondent through counsel's legal brief puts forth the following proposed particular social group "single Ecuadorian women targeted by transnational gangs". The Court turns first to political opinion. To qualify for a political opinion an opinion must involve some sort of support for or disagreement with the belief system, policies, or practices of a government and its mentalities. See Zelea Moreno v. Wilkenson, 989 F.3d 190, 199-200 (2d. 2021).

The Respondent has not differentiated herself from all persons who have issues

or opposed gangs or criminal groups. There is nothing to show that anything the Respondent did took on a political dimension. She has not expressed any political opinion. The Respondent it did not have any personal encounters with the gang members in which she did express a political opinion. On this record, the Court does not find that the Respondent expressed disagreement with the gang or a criminal band belief system, policies or practices and the evidence does not show that the gang members accused her of such opinion. There's no evidence that the gang members made any statements or that they believe she had any anti gang political opinion or that they would have or that they had targeted her on that account. The record also contains insufficient evidence that the Respondent had been harmed by Raul on account of any political opinion.

Rather as testified to by the Respondent Raul had been involved with drugs and alcohol. When he returned home drunk he would verbally and physically harm her period while his actions are reprehensible the Respondent has not demonstrated on this record that Raul had harmed her on account of any political opinion. As such, the Court finds that the Respondent has not shown a nexus to political opinion, imputed or otherwise.

The Court next turns to the Respondents' proposed particular social group. It has been established that a particular social group must be composed of members who share a common, immutable characteristic, defined with particularity, and socially distinct within the society in question. See *Matter of M-E-V-G-*, 26 I&N Dec. 227, 237 (BIA 2014). The Court finds that the proposed particular social groups of "single Ecuadorian women targeted by transnational gangs" it's not cognizable because it is circular where it does not exist independently of the harm asserted and is defined by the persecutory conduct. *Matter of M-E-V-G-*, 26 I&N Dec. 227, 236-243 (A.G. 2014). See

also *Matter of W-G-R-*, 26 I&N Dec. 208, 215 (BIA 2014).

The Court further finds that the particular social group fails whereas is not composed of members who share a common immutable characteristic as being single is not an immutable characteristic. Additionally, the particular social group fails where there is insufficient evidence in the record to demonstrate that this particular social group is socially distinct within the Ecuadorian society.

Here, the Respondent was being threatened by members of the Los Lobos who are demanding money or repayment of money and she did not comply with their demands. Having considered the totality of the Respondent's testimony and the record evidence the Court finds that there was insufficient evidence to conclude that the threats were on account of any protected ground but rather the Respondent was a victim of generalized acts of crime committed by the Los Lobos gang members in furtherance of their criminal enterprise.

The board has held when criminals and criminal organizations direct harm against anyone and everyone perceived to have interfered with or who might present a threat to their criminal enterprises a particular individual generally does not fear persecution on account of her membership in some group. See *Matter of S-E-G-*, 21 I&N Dec. 579, 587 (BIA 2008). At the Second Circuit has stated "when the harm visited upon members of a group is attributable to the incentives presented ordinary criminals rather than to persecution the scales are tipped away from considering those people a particular social group within the meaning of the INA". See *Ucelo Gomez v. Mukasey*, 509 F.3d 70, 73 (2d. 2007).

What the Respondent fears is generalized violence committed by gang members. Generalized violence does not form the basis for asylum. See *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d. 1999). The Court concludes that the

Respondent has not met her burden to establish the requisite Nexus. This alone is dispositive of her claim for asylum. Thus her asylum application must be denied on this basis. It follows that the minor Respondent's derivative application for asylum is denied as well.

## WITHHOLDING OF REMOVAL UNDER THE INA

In as much as the Respondent failed to satisfy the lower burden of proof required for asylum it follows that she has also failed to satisfy the more stringent clear probability of persecution standards required for statutory withholding under INA § 241(b)(3). See Lecaj v. Holder.

## CAT PROTECTION

Respondent is also ineligible for CAT protection. If the CAT has no Nexus requirement. However, the Respondent has not established that it is more likely than not she would be tortured upon her return to Ecuador. Her fear is speculative at best. The Respondent was not subject to past torture. She has suffered insufficient evidence that anyone is still seeking her out for harm. On this record the Respondent cannot establish that it is more likely than not that she would be tortured upon her return. The Respondent also has not shown that the Ecuadorian government would acquiesce in any future torture. The Respondent fears private actors. The Court recognizes that there is an issue with crime and gang violence in Ecuador. See Exhibit 4. The 2023 Department of State report notes that violence is being perpetrated by detained gang members. See Exhibit 4 tab D. The Respondent submitted evidence notes that prisons are the command center of criminal groups among which are the Los Generos, the Los Lobos, the Lagartos, or the Los Tecanaros. See Exhibit 4, page 101.

While the existence of prison violence is troubling it is an indication that Ecuadorian government is arresting, prosecuting and imprisoning members of criminal gangs. In areas of gang violence, the government has implemented urgent security measures and declared a state of emergency in order to confront the crime. See Exhibit 4, tab D. According to a CNN article submitted by the Respondent Ecuador's president Daniel de Boa has declared an internal armed conflict within the country ordering security forces to neutralize several criminal groups accused of spreading extreme violence in the country. See Exhibit 4, page 89. The armed forces also have the support of the national police and Ecuador to assist with neutralizing members of these criminal gangs. See Exhibit 4, page 106.

Moreover, the Respondents' submitted evidence shows that Ecuadorian government is arresting criminals and members of these gangs. For example, one article states that a man presumed to be a member of the Los Lobos was arrested by the police for shooting a victim. See Exhibit 4 page 76. Based on this record, the Court cannot find that the Respondent has shown that it is more likely than not that she would be tortured upon her return to Ecuador. Nor has she shown the requisite state action. Her application for CAT protection is therefore denied. Based on the foregoing, the following orders are entered:

ORDERS

ORDER it is hereby ordered that the Respondents' application for asylum pursuant to INA § 208 be denied.

ORDER It is further ordered that the Respondents' application for withholding of removal pursuant to INA § 241(b)(3) be denied.

ORDER It is further ordered that the Respondents' application for withholding of

removal under the convention against torture be denied.

ORDER It is further ordered that the Respondents' be removed from the United States to Ecuador on the same charges of removability contained in the respective Notices to Appear.

Lee, Kalenna
Immigration Judge

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matters of

File: A226-088-780
A226-088-781

| | | |
|---|---|---|
| | ) | |
| MARCIA ELIZABETH ASTUDILLO TORRES | ) | IN REMOVAL PROCEEDINGS |
| PAULO ANDRES TORRES ASTUDILLO | ) | |
| | ) | |
| RESPONDENTS | ) | Transcript of Hearing |

Before Bratton, Scott, Immigration Judge

Date: July 10, 2024

Place: NEW YORK, NEW YORK

Transcribed by Heritage Reporting Corp.

Official Interpreter: CESAR RODRIGUEZ

Language: SPANISH

Appearances:

For the Respondent:

For the DHS: SCOTT SWANBERG

JUDGE FOR THE RECORD

We're on the record. Today is July 10, 2024. This is immigration Judge Scott Bratton sitting in the New York City Broadway Immigration Court. We're here today in the removal proceedings in two cases 226-088-780 and 221-031-912. We're here for master calendar hearings on the Courts dedicated docket. We're doing group advisors today. With both respondents who are present in person in Court. And so we do have a Spanish language interpreter who's previously been sworn from SOSi.

JUDGE TO INTERPRETER

Can the interpreter State his name?

INTERPRETER TO JUDGE

Cesar Rodriguez [phonetic sp.] Spanish interpreter.

JUDGE FOR THE RECORD

And the Department of Homeland Security is represented today by Scott Swanberg [phonetic sp.] who's on the video screen.

JUDGE TO RESPONDENTS

And I'm Immigration Judge Scott Bratton and I'll be hearing your cases. So I'm going to talk to you today about the nature and purpose of these proceedings as well as your rights and obligations in these removal proceedings. In each of your cases the government alleges you do not have a legal right to stay in the United States. The purpose of these proceedings is determine whether or not you should be allowed to stay in the United States. The Department of Homeland Security issued a notice to appear and served it on you and filed it with the Court. This document States your name, and a number at the top, and the reasons why the government believes your subject to removal and also it contains a date, place, and time of today's hearing. I will ask each of you if you have this document today.

During these proceedings you have the right to present evidence and examine an object to any evidence presented by the government. You also have the right to government question any government witnesses and you can call witnesses of your own to testify on your behalf as well as you can testify on your behalf.

During the course of these proceedings the Court will set deadlines. You must comply with any deadlines set. If it’s a deadline to file an application, the failure to timely file that application will result in it being deemed abandoned and denied. If it’s a deadline to file documents, a failure to timely file them could result in the Court not considering those documents.

In this Court you can file documents with the Court by bringing them to the 15th floor and filing them in person on business days the Court is open between 8:30 and 4 PM or you can mail them to the Court to arrive by the deadline. If you intend to file for asylum you should start gathering documents now to support your case and start working on the application now. The Court will provide you with the blank asylum application to take with you today.

It's your burden of proof to establish eligibility for any relief you apply for in the Court and this requires you to submit reasonably available evidence to submit your case. Any documents in a language other than English must be accompanied by a certified English translation of that document.

If the Court determines you’re not legally allowed to stay in the United States you have the right to appeal that decision to the board of immigration appeals and we will talk about that further if it becomes necessary.

You must appear at all of your hearings in the Court. If you do not appear at a hearing as ordered you’ll be ordered removed from the United States unless you can show your absence was caused by exceptional circumstances beyond your control such

as your serious illness or the serious illness or death of an immediate family member. If you're ordered removed because you fail to appear your relief applications will be deemed abandoned and denied. Additionally, you'll become an eligible for certain forms of relief such as voluntary departure, cancellation of removal, adjustment of status, or change of status for a period of 10 years.

If you move at any time during these proceedings you must complete a change of address form and send it or bring it to the Court within 5 days of moving. We will provide you today with a blue change of address form. It's in the packet of documents we will give to you. And you must submit that within 5 days if you move.

You have the right to be represented during these hearings by an attorney or a qualified representative at your own expense. The government cannot provide you with an attorney or qualified representative. However, today the Court is providing you with a list of individuals and organizations that may be able to represent you a little or no cost. You're not limited to just persons on this list. If you wish you may hire an attorney who's not on the list or you can represent yourself in these proceedings. We'll also provide you with a list of dates and times that Catholic Charities is here at the help desk to provide immigration information and that service is free of charge.

So I'm going to call each of you up individually and talk to you individually about your cases. And if you have any questions we'll address those at that time.

JUDGE FOR THE RECORD

And we'll go off the record.

[OFF THE RECORD]

[ON THE RECORD]

JUDGE FOR THE RECORD

We are on the record and the removal proceeding of Marcia Elizabeth Astudillo

Torres, 226-088-780 and Paulo Andres Torres Astudillo 226-088-781. We're on the record after having done group advisors.

JUDGE TO MS. ASTUDILLO TORRES

And ma'am what language do you speak in understand the best?

MS. ASTUDILLO TORRES TO JUDGE

Spanish.

JUDGE TO MS. ASTUDILLO TORRES

Can you state your name?

MS. ASTUDILLO TORRES TO JUDGE

Marcia Elizabeth Astudillo Torres.

JUDGE TO MS. ASTUDILLO TORRES

And is this your son who's with you in the back of the Court?

MS. ASTUDILLO TORRES TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

What's his name?

MS. ASTUDILLO TORRES TO JUDGE

Paulo Andres Torres Astudillo.

JUDGE TO MS. ASTUDILLO TORRES

And do you live at 76 Putnam Avenue in Port Chester, New York?

MS. ASTUDILLO TORRES TO JUDGE

Correct.

JUDGE TO MS. ASTUDILLO TORRES

Is there an apartment or is that the complete address?

MS. ASTUDILLO TORRES TO JUDGE

That's the full address.

JUDGE TO MS. ASTUDILLO TORRES

Okay. If you move we're giving you a blue change of address form. It must be submitted within five days of moving.

MS. ASTUDILLO TORRES TO JUDGE

Do I have to do that—is the only way to do that by coming here in person? Or is there another way to—

JUDGE TO MS. ASTUDILLO TORRES

You can mail it in or you can go online. But it has to be filed with the Immigration Court.

MS. ASTUDILLO TORRES TO JUDGE

To this address that's indicated here?

JUDGE TO MS. ASTUDILLO TORRES

Yeah, you can mail it to the address. It's on the change of address form we're giving you today.

MS. ASTUDILLO TORRES TO JUDGE

I understand.

JUDGE TO MS. ASTUDILLO TORRES

And so on June 7th, 2024, the Department of Homeland Security issued a notice to appear for you and your child stating the reasons why they believe your subject to removal from the United States. Do you have those documents?

MS. ASTUDILLO TORRES TO JUDGE

Well it was on the 8th of June but I do have it here.

JUDGE TO MS. ASTUDILLO TORRES

Okay. You have those documents?

MS. ASTUDILLO TORRES TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And so just bring those anytime that you come to Court.

MS. ASTUDILLO TORRES TO JUDGE

Both of us?

JUDGE TO MS. ASTUDILLO TORRES

Yes, for both of you. And the Court gave you a lot of information earlier today. Do you have any questions about anything that the Court said?

MS. ASTUDILLO TORRES TO JUDGE

Yes. I was able to catch most of the information. Is it necessary for me to come to each hearing with my son? Or can I come on my own?

JUDGE TO MS. ASTUDILLO TORRES

So the Court will waive your child's presence as long as you come. Because I suspect that the next hearing he's going to be in school.

MS. ASTUDILLO TORRES TO JUDGE

Certainly.

JUDGE TO MS. ASTUDILLO TORRES

So would rather have him in school than to be here. As long as you come, the Court will waive his presence. Is there anything else you had questions about or didn't understand?

MS. ASTUDILLO TORRES TO JUDGE

I noticed that some people were connecting online over video to appear. Would I be able to do that also?

JUDGE TO MS. ASTUDILLO TORRES

These hearings are in person. There was an error online that indicated that hearings were internet-based. So that's why people erroneously came online. But all the hearings are in person. So you must come in person.

MS. ASTUDILLO TORRES TO JUDGE

I understand.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And it's much easier to do when everyone—when we're in person. What you see online is the Department of Homeland Security attorneys online. They are permitted to appear for these hearings online. But it's much easier if you're here because we can personally give you all the information that we need to give you while you're here. And it's easier to understand everything. Do you have any other questions or is there anything else you wanted to ask about?

MS. ASTUDILLO TORRES TO JUDGE

No. It's clear this far.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And so you don't have a lawyer today. Do you want to request the Court provide you some time so you can look for a lawyer?

MS. ASTUDILLO TORRES TO JUDGE

Yes, please Your Honor. And I also heard in the information that Your Honor presented about the free attorneys. I'd be interested in that because I don't have economic resources presently to hire an attorney. What I have to go through a certain specific place? Or would Your Honor be contacting me with a person in particular? How do I go about that?

JUDGE TO MS. ASTUDILLO TORRES

So the Court doesn't have anything to do with getting your attorney for the case.

You have to handle that. The Court's giving you a list of people that you can contact with their contact information on it. All these groups are very busy so if you intend to contact them you should do that as soon as possible. There's also organizations in this area including the Red Cross that provide assistance in helping with asylum applications. And Catholic Charities comes to the Court certain days of the month at the help desk to provide immigration information. That's free of charge. And we're providing you with when they're going to be here as well. So would you like to request some more time?

MS. ASTUDILLO TORRES TO JUDGE

Please.

JUDGE TO MR. SWANBERG

Any objection from the Department?

MR. SWANBERG TO JUDGE

No objection.

JUDGE TO MS. ASTUDILLO TORRES

So I'm going to grant your request man. I'm going to reset your case and your next hearing is going to be on September 9th, 2024. And that's going to be at one PM. So we'll provide you with the hearing notice of the date and time of your next hearing but it's September 9th, 2024 at 1. Do you have any questions?

MS. ASTUDILLO TORRES TO JUDGE

So if I understand correctly for the next hearing it's not an obligation for me to an appear with an attorney. I understand that it'll be to discuss further what the process of my case will be. Is that correct?

JUDGE TO MS. ASTUDILLO TORRES

So we'll proceed on your case at the next hearing if you don't have an attorney.

It doesn't mean it's going to be your last hearing in the case come up but we would just proceed on it and talk about the notice to appear. You are correct and you don't have to have an attorney. You have to come back even if you don't have one. But if you want to have one represent you, you should look for one as soon as possible. Okay. Do you have any other questions ma'am?

MS. ASTUDILLO TORRES TO JUDGE

I understand. So I understand that as of today I need to start working on gathering my documents to support my case.

JUDGE TO MS. ASTUDILLO TORRES

Yeah, you should do that. You can also work on your asylum application. We've given you a blank application. But some things take time to get as far as documents go so you should start working on that as soon as possible. So that you have everything ready to present at whatever deadline the Court ends up setting in your case.

MS. ASTUDILLO TORRES TO JUDGE

So is it correct to say that even if there are things I don't understand as of yet I can still ask for more information at the next hearing that I would have on the 9th of September.

JUDGE TO MS. ASTUDILLO TORRES

Yeah. I mean you can ask—is there anything else you want to ask about today that you didn't understand?

MS. ASTUDILLO TORRES TO JUDGE

So as I was able to overhear with the prior Respondent, I understand that all of the documents that we obtain have to be translated. Do they have to come also with a notarial certification or a seal?

JUDGE TO MS. ASTUDILLO TORRES

It's best if they have if they're notarized. It's not required but it's best and will be given more weight if it is.

MS. ASTUDILLO TORRES TO JUDGE

Thank you.

JUDGE TO MS. ASTUDILLO TORRES

Anything else ma'am?

MS. ASTUDILLO TORRES TO JUDGE

No it's clear.

JUDGE TO MR. SWANBERG

Anything from the Department?

MR. SWANBERG TO JUDGE

Nothing further.

JUDGE FOR THE RECORD

Nothing further this hearing is adjourned.

HEARING CLOSED

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matters of

File: A226-088-780
A226-088-781

| | | |
|---|---|---|
| | ) | |
| MARCIA ELIZABETH ASTUDILLO TORRES | ) | IN REMOVAL PROCEEDINGS |
| PAULO ANDRES TORRES ASTUDILLO | ) | |
| | ) | |
| RESPONDENTS | ) | Transcript of Hearing |

Before Bratton, Scott, Immigration Judge

Date: September 9, 2024

Place: NEW YORK, NEW YORK

Transcribed by Heritage Reporting Corp.

Official Interpreter: FREDRA RAMON

Language: SPANISH

Appearances:

For the Respondent:

For the DHS: NANCY CHEN

JUDGE FOR THE RECORD

We're on the record. Today is September 9, 2024. This is Immigration Judge Scott Bratton sitting in the New York City Broadway Immigration Court. We're here today in the continued removal proceedings of Marcia Elizabeth Astudillo Torres, 226-088-780, and Paulo Andres Torres Astudillo 226-088-781. The lead respondent is present today in person in Court not represented by counsel. We do have a previously sworn Spanish interpreter.

JUDGE TO INTERPRETER

Can the interpreter state her name for the record?

INTERPRETER TO JUDGE

Fredra Ramon [phonetic sp.] good afternoon.

JUDGE TO INTERPRETER

Afternoon.

JUDGE FOR THE RECORD

And the Department of Homeland Security is represented by Counsel appearing by Webex.

JUDGE TO MS. CHEN

Counsel can use state your appearance?

MS. CHEN TO JUDGE

Nancy Chen [phonetic sp.].

JUDGE TO MS. ASTUDILLO TORRES

Ma'am, what language do you speak in understand the best?

MS. ASTUDILLO TORRES TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

What language do you speak and understand the best? What language ma'am?
MS. ASTUDILLO TORRES TO JUDGE
Spanish.
JUDGE TO MS. ASTUDILLO TORRES
Okay. And can you stand and raise your right hand? Do you swear that the testimony will provide in these removal proceedings will be the truth, the whole truth, and nothing but the truth?
MS. ASTUDILLO TORRES TO JUDGE
Yes.
JUDGE TO MS. ASTUDILLO TORRES
You can have a seat. Can you state your full and complete name?
MS. ASTUDILLO TORRES TO JUDGE
Macia Elizabeth Astudillo Torres.
JUDGE TO MS. ASTUDILLO TORRES
And is Paulo Andres Torres Astudillo your child?
MS. ASTUDILLO TORRES TO JUDGE
That's correct.
JUDGE TO MS. ASTUDILLO TORRES
And how old is he?
MS. ASTUDILLO TORRES TO JUDGE
Thirteen years old.
JUDGE TO MS. ASTUDILLO TORRES
And do you live at 76 Putnam Avenue in Port Chester, New York?
MS. ASTUDILLO TORRES TO JUDGE
Putnam Avenue.

JUDGE TO MS. ASTUDILLO TORRES

Yep. And if you change your address any time during these proceedings will give you a change of address for them to take with you today. You must submit that within five days of moving.

MS. ASTUDILLO TORRES TO JUDGE

What are you referring to form about going to another Court?

JUDGE TO MS. ASTUDILLO TORRES

Yeah if you move as we talked about at the last hearing if you move you have to notify the Court within five days of moving of any change of address.

MS. ASTUDILLO TORRES TO JUDGE

No at the moment I'm just changing my telephone number. I have the same address.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And what's your new phone number ma'am?

MS. ASTUDILLO TORRES TO JUDGE

914-305-0150.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And the Courts just advising you that if you do change your address you must submit a change of address form within five days of moving.

MS. ASTUDILLO TORRES TO JUDGE

Okay.

JUDGE TO MS. ASTUDILLO TORRES

And so when you were last before the Court on July 10th, 2024 at the time you had asked for more time to try to get a lawyer.

MS. ASTUDILLO TORRES TO JUDGE

Sadly the person that was here that was helping me they told me that we have time and we had to keep trying to get a lawyer.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And so we're going to start on your case today. And then we'll talk about next steps. I want to talk to you about the notice to appear that was filed in your case and your child's case.

MS. CHEN TO JUDGE

Your Honor I'm sorry to interrupt. Can you give me the last three again?

JUDGE TO MS. CHEN

Yes it's 780.

MS. CHEN TO JUDGE

Okay. Thank you.

JUDGE TO MS. ASTUDILLO TORRES

And so ma'am in your case it was served on you on June 7th, 2024 for you and your child. Do you have that document?

MS. ASTUDILLO TORRES TO JUDGE

The day I was coming to Court is that the day they gave me the documents?

JUDGE TO MS. ASTUDILLO TORRES

No they gave that document when you enter the United States.

MS. ASTUDILLO TORRES TO JUDGE

Yes I have the papers they gave me here and the papers they gave me when I came to the us. Do you want them?

JUDGE TO MS. ASTUDILLO TORRES

You can show them to me and I'll show you what document the Courts referring to. You did have it at the last hearing. You can bring it up. I'll show you. The top once

the asylum application. That’s a blank Asylum of application. These are the documents the Court gave you the last time. I’m talking about the documents that the government gave you for you and your child when you entered into the United States. Those are the documents the Court gave you the last time. Yeah, those documents right there are the notice is to appear.

JUDGE FOR THE RECORD

The Respondent is showing the clerk the notices to appear.

JUDGE TO MS. ASTUDILLO TORRES

And so ma’am I’m going to mark that as Exhibit 1 in your case. And 1A in your child’s case. I’m going to ask you some questions about the document. And the government alleges that you are subject to removal from the United States and there’s four factual allegations. I’m going to go through those with you. The government first alleges that you and your child are not citizens or nationals of the United States. Do you agree that that’s correct?

MS. ASTUDILLO TORRES TO JUDGE

Yes sadly.

JUDGE TO MS. ASTUDILLO TORRES

And the government alleges that you’re in a native of Ecuador in a citizen of Ecuador and so is your child. Is that all correct?

MS. ASTUDILLO TORRES TO JUDGE

Correct.

JUDGE TO MS. ASTUDILLO TORRES

And third the government alleges that you and your child arrived in the United States around San Luis, Arizona on or about June 6th of 2024. Do you agree that that’s correct?

MS. ASTUDILLO TORRES TO JUDGE

That's correct.

JUDGE TO MS. ASTUDILLO TORRES

So the government's alleging you enter the United States without permission and were not admitted or paroled after being inspected by an immigration officer. You agree that that's correct? For you and your child.

MS. ASTUDILLO TORRES TO JUDGE

Correct.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And so the government alleges that you and your son are present in the United States without being admitted or paroled or arrived in the United States at a time or place other than designated by the United States government. Do you agree that that is correct with respect to you and your child?

MS. ASTUDILLO TORRES TO JUDGE

Correct.

JUDGE TO MS. ASTUDILLO TORRES

Okay. So based on your answers to the Court's questions the Court is going to find that you—that the factual allegations are correct and you are removable as charged. And that your son is also removable as charged. The Court will sustain the charge of removability in each of the cases. And so you have a right to designate a country where you and your child will be removed to in the event removable becomes necessary. However you should not designate a country where you fear being harmed and you can decline to designate. You're not required to designate a country. So would you like to designate a country for you and your child or do you decline?

MS. ASTUDILLO TORRES TO JUDGE

Clear to me how much time I have to appeal this. How much time do I have or do I have to leave this country.

JUDGE TO MS. ASTUDILLO TORRES

Your case isn't over yet ma'am.

INTERPRETER TO JUDGE

Excuse me.

JUDGE TO INTERPRETER

Your case is an over yet.

JUDGE TO MS. ASTUDILLO TORRES

All I'm asking you is that in the event removable becomes necessary at some point in the future you do have the right to designate a country but you don't have two. You can decline.

MS. ASTUDILLO TORRES TO JUDGE

Fine.

JUDGE TO MS. ASTUDILLO TORRES

So do you want to designate or do you decline?

MS. ASTUDILLO TORRES TO JUDGE

Decline.

JUDGE TO MS. CHEN

Ecuador for the Department?

MS. CHEN TO JUDGE

Yes, Your Honor. Thank you.

JUDGE FOR THE RECORD

The Court will designate Ecuador in both cases.

JUDGE TO MS. ASTUDILLO TORRES

Ma'am, do you have a fear of returning to Ecuador?

MS. ASTUDILLO TORRES TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

Would you like to file for asylum?

MS. ASTUDILLO TORRES TO JUDGE

Sadly that's why I'm in this country. I don't know how long do I have to fill my application, the papers you gave me.

JUDGE TO MS. ASTUDILLO TORRES

Would you like to request sometimes so that you can fill out the application?

MS. ASTUDILLO TORRES TO JUDGE

Yes, please. Yes I tried to communicate with all the people in the list you gave me but it's really complicated to talk to these contacts. A lot of people is calling and I tried to reach them or come in in person but the lines are really, really long. And economically I don't have the money now.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And so I'll reset your case to give you an opportunity to submit your asylum application. So I'm going to reset your case for October 30th, 2024 at one PM. And so you must bring back your completed asylum application to Court that day. And all the questions on the application must be entered in English. If you don't have your application on that date, the Court could find it abandoned. And so before we the end of the hearing today there are some other questions I'd like to ask you. Ma'am are you currently married?

MS. ASTUDILLO TORRES TO JUDGE

No.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And where's the father of your child?

MS. ASTUDILLO TORRES TO JUDGE

In Ecuador.

JUDGE TO MS. ASTUDILLO TORRES

Does he support your child in any way?

MS. ASTUDILLO TORRES TO JUDGE

No.

JUDGE TO MS. ASTUDILLO TORRES

Does he communicate with him at all?

MS. ASTUDILLO TORRES TO JUDGE

No.

JUDGE TO MS. ASTUDILLO TORRES

Okay. So if you believe that your child has been abandoned, abused, or neglected, it may be possible for you to file and family Court here for your child for a Special Immigrant Juvenile Status. And so the Court will provide you with some information on that from the USCIS website. But that's a process outside of the Court. It's through these state Courts here in New York and then through USCIS. I'll give you a list of dates and times that Catholic Charities is at the Court as well in the month of August. I realized the lines are long, but may be a good idea to talk with them as well. Is this the first time you and your child have been—

MS. ASTUDILLO TORRES TO JUDGE

You mean about my son?

JUDGE TO MS. ASTUDILLO TORRES

About you and your son.

MS. ASTUDILLO TORRES TO JUDGE

Thank you.

JUDGE TO MS. ASTUDILLO TORRES

And so ma'am is this the first time you and your son have been in the United States?

MS. ASTUDILLO TORRES TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And are you and your son's parents or grandparents citizens or permanent residents of the United States?

MS. ASTUDILLO TORRES TO JUDGE

No.

JUDGE TO MS. ASTUDILLO TORRES

Has anybody filed a US visa petition for you or your child?

MS. ASTUDILLO TORRES TO JUDGE

I did years ago in 2017.

JUDGE TO MS. ASTUDILLO TORRES

Were you applying for a non-immigrant visitor visa?

MS. ASTUDILLO TORRES TO JUDGE

Tourist.

JUDGE TO MS. ASTUDILLO TORRES

Okay. And has anyone comment employer or another family member ever filed a visa petition for you or your child?

MS. ASTUDILLO TORRES TO JUDGE

No. Nobody that I am aware of.

JUDGE TO MS. ASTUDILLO TORRES
And have you or your child been a victim of a crime here in the United States?
MS. ASTUDILLO TORRES TO JUDGE
No.
JUDGE TO MS. ASTUDILLO TORRES
Okay. And so as I stated man we're going to reset your case to October 30th, 2024 at one PM. You must return at that hearing. If you do not return at the hearing then you and your child could be ordered removed in your absence. The Court will waive the presence of your child as long as you are present. At that hearing the Court expects you to have the asylum application completed and if so the Court will set your case for a final hearing on your asylum application.
MS. ASTUDILLO TORRES TO JUDGE
Okay can I ask you something?
JUDGE TO MS. ASTUDILLO TORRES
Go ahead.
MS. ASTUDILLO TORRES TO JUDGE
The day I have to come to submit my application on October 30th do I have to come with my lawyer?
JUDGE TO MS. ASTUDILLO TORRES
You must come even if you don't have a lawyer. And you must prepare your application to be filed even if you don't have a lawyer. If you do have a lawyer you can appear with your lawyer. But you are required to come even if you don't have a lawyer.
MS. ASTUDILLO TORRES TO JUDGE
I understand.
JUDGE TO MS. ASTUDILLO TORRES

Okay. Do you have any other questions?

MS. ASTUDILLO TORRES TO JUDGE

No I understand it's not necessary for my kid to come.

JUDGE TO MS. ASTUDILLO TORRES

That's correct. As long as you come.

MS. ASTUDILLO TORRES TO JUDGE

Fine.

JUDGE TO MS. ASTUDILLO TORRES

Thank you. Anything further from the Department?

MS. ASTUDILLO TORRES TO JUDGE

Nothing else here, Your Honor.

JUDGE TO MS. ASTUDILLO TORRES

They're being nothing further that concludes your hearing today.

JUDGE FOR THE RECORD

This hearing is a journey and we're off the record.

HEARING CLOSED

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matters of | File: A226-088-780
A226-088-781

MARCIA ELIZABETH ASTUDILLO TORRES ) IN REMOVAL PROCEEDINGS
PAULO ANDRES TORRES ASTUDILLO )

RESPONDENTS ) Transcript of Hearing

Before Bratton, Scott, Immigration Judge

Date: October 30, 2024 Place: NEW YORK, NEW YORK

Transcribed by Heritage Reporting Corp.

Official Interpreter:

Language: SPANISH

Appearances:

For the Respondent: ANDREA SOTO

For the DHS: TIFFANY TIBERIUS

JUDGE FOR THE RECORD

On the record. Today is October 30th, 2024. This is Immigration Judge Scott Bratton sitting in the New York City Broadway Immigration Court. We're here today in removal proceedings on the Court's dedicated docket in the cases of Marcia Elizabeth Astudillo Torres 226-088-780 and Paulo Andres Torres Astudillo 226-088-781. The Respondents are represented by counsel. The lead Respondent as well as counselor present today by Webex.

JUDGE TO MS. SOTO

Counsel, can you state your appearance?

MS. SOTO TO JUDGE

Yes. Good afternoon you're honor. May I please the Court? Andrea Soto [phonetic sp.] for the Respondents.

JUDGE FOR THE RECORD

And the Department's also represented by counsel.

JUDGE TO MS. TIBERIUS

Counsel, can you state your appearance?

MS. TIBERIUS TO JUDGE

Yes, your honor. Tiffany Tiberius [phonetic sp.] for the Department. Good afternoon everyone?

JUDGE TO MS. TIBERIUS

Afternoon.

JUDGE TO MS. SOTO

Counsel, do you waive interpretation for purposes of today's hearing?

MS. SOTO TO JUDGE

Yes, your honor.

JUDGE TO MS. SOTO

And so the Respondents best language is Spanish, is that correct?

MS. SOTO TO JUDGE

That's correct.

JUDGE TO MS. SOTO

And the address is 76 Putnam Avenue in Chester New York.

MS. SOTO TO JUDGE

Yes.

JUDGE TO MS. SOTO

And so this case was last before the Court on September 9, 2024 and reset to today's date to file an i-589. The Respondent did file an I-589. Counsel at that hearing I'm not sure if you were aware pleadings were done all their consistent with the pleadings that you submitted as well. The Court found to the Respondent removable but Respondent did not designate a country. The Court designated Ecuador. And she did indicate that she did have a fear of returning at that time. So the Court had previously made a determination on removability. We do have an asylum application. You've indicated you also filed in family court. Is that correct?

MS. SOTO TO JUDGE

Yes, your honor. We've filed a custody petition in family court for the minor Respondent. It is our understanding that he is eligible for special immigrant juvenile status considering the fact that he's been abandoned by his biological father. That case is still pending before the family court. But I do expect to appear for the first time on December 10th. It's not a trial date. But I expect to be able to resolve this within the next six months.

JUDGE TO MS. SOTO

Okay. And how long after that do you expect, if you know will it take to get that matter result?

MS. SOTO TO JUDGE

I believe you know I expect to have an approval notice with the CIS within 10 months your honor. At that point I will be seeking prosecutorial discretion from the Department.

JUDGE TO MS. SOTO

Okay. So what do you seeking at this time?

MS. SOTO TO JUDGE

You know if it would be possible to take this case off the expedited docket your honor considering the fact that we have this pending petition and we do intend to seek PD and just set this down for a merits. But off the dedicated docket.

JUDGE TO MS. TIBERIUS

Ms. Tiberius.

MS. TIBERIUS TO JUDGE

Your honor at this time I would have to look into this a little further.

JUDGE TO MS. TIBERIUS

Okay.

JUDGE FOR THE RECORD

So we have a family Court hearing in December. Why don't—does either party have an objection to setting it for a master hearing after that to see where we're at at that point as far as the case goes?

MS. SOTO TO JUDGE

You know your honor I personally don't have an issue with that. I just don't want to waste precious judicial resources you know and your time and having to reset this so

soon. What I could do is I could provide the court with a letter and in advising that we do have a trial date and when that will happen and the family court. But again that's up to you your honor. I can make myself available of course.

JUDGE TO MS. TIBERIUS

Do you have an objection to setting it for a master?

MS. TIBERIUS TO JUDGE

No your honor.

JUDGE TO MS. SOTO

So what I'm gonna do is I'm gonna set it for a master. If you have more information regarding the family court and you'll have already had a hearing by the time you have this master hearing. You can feel free to file an motions that you want to file including a motion for a continuance, sufferance, however you want to deal with it here it just do so within the time frame set forth in the practice manual. That would give the Department an opportunity to despise respond. About what the Court will do now is I'll set it for a hearing date. It's going to be past the hearing date you have in family court. So at that time you should have more information as to the timeline of the case. And then the Department can look into its position as to any further motions you want to make with respect to the case. So I'm going to set it to—are you available in February 5th, 2024?

MS. SOTO TO JUDGE

Just checking my calendar now. I should be available.

JUDGE TO MS. SOTO

And it's at one PM. I'm sorry I didn't say that before.

MS. SOTO TO JUDGE

Yes.

JUDGE TO MS. SOTO

2025. February 5, 2025 at one PM, are you available Counsel?

MS. SOTO TO JUDGE

Yes, Judge.

JUDGE TO MS. SOTO

So we'll put it on that date. If the family court is pending and you're still seeking—and you're seeking a further continuance feel free to file the motion at least 15 days in advance of the hearing to give the Department an opportunity to respond. Otherwise we can address at the hearing how the case is going to proceed. I will advise you that the case is going to be reassigned to Immigration Judge Lee's docket.

MS. SOTO TO JUDGE

Okay.

JUDGE TO MS. SOTO

So this case is going to be on her docket. And so she will address any further motions in this case. The Court will waive the minor Respondents presence. So you know Counsel the Respondent can appear by web access you can. You don't have to be in the same location. So if it's more convenient for the Respondent to be at another location she can appear to different location than your office or she can come to your office as well.

MS. SOTO TO JUDGE

I appreciate that, Judge.

JUDGE TO MS. SOTO

And will you advise the Respondent of the necessity to appear at all future hearing date and the consequences of failing to appear?

MS. SOTO TO JUDGE

Yes, of course.

JUDGE TO MS. SOTO

Thank you.

JUDGE TO MS. TIBERIUS

Is there any—are there any additional things that you would like to put on the record today?

MS. TIBERIUS TO JUDGE

No thank you your honor.

JUDGE FOR THE RECORD

They're being nothing further this hearing is adjourned and we're off the record.

<u>HEARING CLOSED</u>

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matters of

File: A226-088-780
A226-088-781

| | | |
|---|---|---|
| | ) | |
| MARCIA ELIZABETH ASTUDILLO TORRES | ) | IN REMOVAL PROCEEDINGS |
| PAULO ANDRES TORRES ASTUDILLO | ) | |
| | ) | |
| RESPONDENTS | ) | Transcript of Hearing |

Before Lee, Kalenna, Immigration Judge

Date: February 5, 2025

Place: NEW YORK, NEW YORK

Transcribed by Heritage Reporting Corp.

Official Interpreter: ALVARA QUINTANILLA

Language: SPANISH

Appearances:

For the Respondent: ANDREA SOTO

For the DHS: JAKE ROSS

JUDGE FOR THE RECORD

We're on a record. This is Immigration Judge Kalenna Lee sitting at the New York Broadway Immigration Court. Today's date is February 5th, 2025. These are continued Master calendar hearings on the dedicated docket. The Department today is represented by ACC Jake Ross [phonetic sp.] who is appearing via Webex. We are also joined by our associate Spanish language interpreter Mr. Alvara Quintanilla [phonetic sp.] who is also appearing via Webex.

JUDGE TO INTERPRETER

Mr. Quintanilla let's go ahead and administer your oath at this time. Do you swear or affirm that you'll accurately, impartially, and completely interpret these proceedings to the best of your ability from English to Spanish and Spanish to English?

INTERPRETER TO JUDGE

I do, Your Honor.

JUDGE TO INTERPRETER

Thank you so much.

JUDGE FOR THE RECORD

The Court's going to go briefly off the record as I call each case individually.

[OFF THE RECPRD]

[ON THE RECORD]

JUDGE FOR THE RECORD

We're back on the record in the matters of Marcia Elizabeth Astudillo Torres 226-088-780 along with Paulo Andres Torres Astudillo 226-088-781. The Respondents are represented by counsel, Ms. Andrea Soto who's appearing via Webex. The Court did ask Ms. Soto to appear earlier been the scheduled time so the Court at this time is going to waive the Respondents presence.

JUDGE TO MS. SOTO

Ms. Soto is Spanish that still your client's best language?

MS. SOTO TO JUDGE

Yes, Your Honor. Good morning.

JUDGE TO MS. SOTO

Good morning. And do they still live at 76 Putnam Avenue in Port Chester?

MS. SOTO TO JUDGE

Yes, Your Honor.

JUDGE TO MS. SOTO

Thank you. And what is the status of the family Court proceedings for the minor Respondent?

MS. SOTO TO JUDGE

Your Honor I actually I'm set for an inquest hearing on February 13th so it's next week. I expect to have my predicate order at that time. Barring any adjournments from the family Court which I'm not expecting. So at that time I will be filing the I-360 petition.

JUDGE TO MS. SOTO

Okay. At this time the Court already has an i-589 in the record. So what I'm going to do is I'm going to set this case over for an individual hearing. And counsel once you do file the predicate order and the 360 you are free to file and emotion you deem appropriate with the Court and I will rule on that accordingly. So at this time the Court's going to set this for a merit hearing on April 10th, 2025 at 10 AM. Are you available?

MS. SOTO TO JUDGE

Your Honor I just want to I have another merits that day. Would it be possible to push this into May or June Your Honor? Maybe the first week of June?

JUDGE TO MS. SOTO

I can't push this case all the way out to June. I could do another date in April but towards the end of the month.

MS. SOTO TO JUDGE

What do you say like the last week of—do you do merits on certain days? What about April 28th? Would that be amenable to the Court?

JUDGE TO MS. SOTO

That is actually my master day.

MS. SOTO TO JUDGE

And the only reason, Judge, is because I do seek to—I do intend to seek PD from the Department. At this time I don't believe that there's been any change in the policy. And so I do intend to see prosecutorial discretion. I want to make sure that I also have time to do that with the receipt and the approval notice.

JUDGE TO MS. SOTO

I do understand that. The latest date I can give you at this time is April 29th, 2025 at 8:30.

MS. SOTO TO JUDGE

Okay. I'm available that day, Judge.

JUDGE TO MS. SOTO

Okay. So why don't we do that. April 29th, 2025. Fifteen day call up for any and all additional evidence.

MS. SOTO TO JUDGE

Okay.

JUDGE FOR THE RECORD

Is there anything further at this time by either side?

MS. SOTO TO JUDGE

Well Your Honor I just like to add that with the Court be amenable that within that 15 day time period if we do have a motion—we do seek emotion whether it's to continue or just to give the Department time to review our PD request with the Court be allowing that?

JUDGE TO MS. SOTO

Yes. That would be fine.

MS. SOTO TO JUDGE

Understood.

JUDGE TO MS. SOTO

I usually do always give the Department 10 days to respond. So if you file an untimely motion please note that I would be on timely and to the Court could find that motion to be on timely. But I also would be giving the Department an opportunity to respond to any motions you file. I'm going to waive the child's presence for the individual hearing.

MS. SOTO TO JUDGE

Okay.

JUDGE TO MR. ROSS

Is there anything further from the Department?

MR. ROSS TO JUDGE

No, Your Honor.

JUDGE TO MR. ROSS

Okay, thank you.

JUDGE FOR THE RECORD

There being nothing further this matter is continued. Adjournment code 17.

<u>HEARING CLOSED</u>

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court

In the Matters of

File: A226-088-780
A226-088-781

| | | |
|---|---|---|
| | ) | |
| MARCIA ELIZABETH ASTUDILLO TORRES | ) | IN REMOVAL PROCEEDINGS |
| PAULO ANDRES TORRES ASTUDILLO | ) | |
| | ) | |
| RESPONDENTS | ) | Transcript of Hearing |

Before Lee, Kalenna, Immigration Judge

Date: April 29, 2025

Place: NEW YORK, NEW YORK

Transcribed by Heritage Reporting Corp.

Official Interpreter: MR. CABAJAL

Language: SPANISH

Appearances:

For the Respondent: ANDREA SOTO

For the DHS: JANAE KEYS

MS. SOTO TO JUDGE

Your Honor are we on the record yet?

JUDGE TO MS. SOTO

We are on the record.

MS. SOTO TO JUDGE

Okay.

JUDGE FOR THE RECORD

We are on the record. This is Immigration Judge Kalenna Lee sitting at the New York Broadway Immigration Court. Today's date is April 29th, 2025. This is an individual hearing and continued removal proceedings in the consolidated matters of Marcia Elizabeth Astudillo Torres 226-088-780 along with Paulo Andres Torres Astudillo 226-088-781. The Court has familiarized myself with a record. The Department today is represented by ACC Janae Keys [phonetic sp.] who's appearing via Webex. The adult respondent is present via Webex as well with Counsel Andrea Soto. We're also joined by our associate Spanish language interpreter Mr. Carbajal [phonetic sp.] who is present in Court with me this morning.

JUDGE TO INTERPRETER

Let's go ahead and administer your oath at this time. Do you a swear or affirm that you will accurately, impartially, and completely interpret these proceedings to the best of your ability from English to Spanish and Spanish to English?

INTERPRETER TO JUDGE

I do Your Honor.

JUDGE TO INTERPRETER

Thank you so much.

JUDGE TO MS. ASTUDILLO TORRES

Good morning, ma'am. Please tell me your name.

MS. ASTUDILLO TORRES TO JUDGE

[Indiscernible].

JUDGE TO MS. ASTUDILLO TORRES

And ma'am at this time I am going to place you under oath. If you could please raise your right hand. And do you swear or affirm that any testimony you provide today will be the truth?

MS. ASTUDILLO TORRES TO JUDGE

That's correct.

JUDGE TO MS. ASTUDILLO TORRES

Thank you. You can put your hand down. And what is your son's name?

MS. ASTUDILLO TORRES TO JUDGE

[Indiscernible].

JUDGE TO MS. ASTUDILLO TORRES

Do you both still live at 76 Putnam Avenue in Port Chester?

MS. ASTUDILLO TORRES TO JUDGE

Correct.

JUDGE TO MS. ASTUDILLO TORRES

Thank you. I'm going to speak briefly to the attorneys and then I'll turn back to you.

JUDGE FOR THE RECORD

The Court at this time is going to be marking documents.

JUDGE TO MS. SOTO

Ms. Soto, do you waive interpretation for the marking of documents?

MS. SOTO TO JUDGE

Yes, Your Honor.

JUDGE FOR THE RECORD

Actually let's first let us address some pending motions.

JUDGE TO MS. SOTO

Soto is there something you wanted to bring to the Court's attention before we went on the record?

MS. SOTO TO JUDGE

Yes Your Honor. My office filed a renewed motion for severance of these cases. We are seeking to sever the minor respondent Paulo Astudillo from the lead case. And the reason being the minor respondent was granted predicate orders giving him special immigrant juvenile findings in local family court in Westchester County and the state of New York. And we have filed and I-360 with the CIS. We did file a renewed motion to severe based on the fact that we did receive a receipt notice. Based on my practice I understand that these I-360 petitions are usually processed within six months. So that means that's a child will be granted deferred action within six months Your Honor. And he's going to be prima facie eligible for adjustment of status so I would just request that we suffer these cases. And I did supply the Court with the receipt notice Exhibit B of my renewed motion to sever.

JUDGE TO MS. SOTO

Thank you.

JUDGE TO MS. KEYS

What is the Department's position regarding the motion to sever?

MS. KEYS TO JUDGE

At this point it's two premature still. It hasn't—the I-360 hasn't been approved so DHS would be opposed.

JUDGE TO MS. KEYS

Okay.

JUDGE FOR THE RECORD

The Court at this time is going to deny the motion to sever. I do realize that in my prior order I had made reference to the fact that there was no evidence of appending 360. However, I'm reconsidering or I am considering this renewed motion independently of that prior motion to sever. I do recognize that there is evidence in the record at this time of a pending 360. However, the Court does agree with the Department here that the relief is too speculative at this point and that there is—I'm sorry the relief is too speculative at this point. And that even with an approved I-360 there would still be no Visa number immediately available to the respondent.

So for those reasons the Court does find that Severance is premature and is not warranted at this time. However Ms. Soto I do understand that you have indicated to the Court that it would take approximately six months. The minor respondent in any event would still be able to seek relief before USCIS independent of whatever the Court decides today. So the Court is going to deny the motion to sever. We are going to move forward with a claims today. In the Court at this time is going to go ahead and Mark documents in both of the files.

And deterring to the EROP, the Courts going to be marking documents at the same time. We're going to start first with a lead file ending in 781 excuse me 780. We're going to start with 780 and then 781. Exhibit 1 and 1A will be the Notice to Appear. Exhibit 2 and 2A will be the written pleading. Exhibit 3 and 3A will be the Asylum applications, filed with the Court October 18th, 2024. Exhibit 4 and 4A will be the evidence filed with the Court October 18th, 2024 consists of tabs A through U. Exhibit 5 and 5A will be the evidence filed October 21st, 2024. And that is related to biometrics.

And exhibit 6 and 6A will be the pre-hearing statement. It does contain the proposed PSG as well as legal arguments which would not be evidence. But the Court is going to Mark the pre-hearing statement as exhibit 6 and 6A for identification purposes only.

JUDGE TO MS. KEYS

Ms. Keys are there any objections to any of the evidence?

MS. KEYS TO JUDGE

No objection Your Honor.

JUDGE TO MS. SOTO

Ms. Soto any objection from the respondent to any of the evidence?

MS. SOTO TO JUDGE

No Your Honor. I just want to note my objection to ruling regarding severance motion. But otherwise I think the record is pretty complete.

JUDGE TO MS. SOTO

Any changes, amendments, or updates to be made to the asylum application today?

MS. SOTO TO JUDGE

Not at this time, Your Honor. And before we continue with the respondent testimony I'd like to request for us to proceed with the respondents, to rely on the respondent declaration that was submitted to the Court. It was part of the supplemental evidence that you did mark as exhibit.

JUDGE TO MS. SOTO

Okay. Let me first swear the respondent to her—swear the respondent to her application and then we can discuss the other matters.

JUDGE TO MS. ASTUDILLO TORRES

Ma'am the Court at this time is going to provide you with warnings regarding

filing a frivolous application. This means that if you lie to the Court or present any information or documents you know to be full so you could be barred for the rest of your life from seeking any type of immigration benefits in the United States. Do you understand? Ma'am you do have to answer yes or no.

MS. ASTUDILLO TORRES TO JUDGE

Yes. I understand.

JUDGE TO MS. ASTUDILLO TORRES

Prior to today's hearing did you have the opportunity to review your asylum application, your written statement, and you're supporting documents with your attorney in a language that you understand?

MS. ASTUDILLO TORRES TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

And a do you swear or affirm that the contents of your asylum application comma your written statement come in your supporting documents are true and correct to the best of your knowledge?

MS. ASTUDILLO TORRES TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

I'm going to turn briefly to the attorneys and then I'll turn back to you again.

JUDGE TO MS. SOTO

Have you spoken to the Department about relying on the or having the respondent rely on her statement. Are you asking the Department into a Matter of Fefe Stip [phonetic] with you?

MS. SOTO TO JUDGE

Yes Your Honor. We have not had an opportunity to conference this matter. I don't know if the Department would be willing to conference prior to a beginning. If you would give us just a few minutes Your Honor off the record.

JUDGE TO MS. SOTO

Okay. I can do that.

JUDGE FOR THE RECORD

We'll go briefly off the record.

MS. SOTO TO JUDGE

Thank you.

JUDGE TO MS. SOTO

Of course.

[OFF THE RECORD]

[ON THE RECORD]

JUDGE FOR THE RECORD

We are back on the record. The parties have had an opportunity to conference with one another. While we were off the Record the parties did inform me that Ms. Soto is going to be waiving direct examination of the adult respondent. Ms. Keys is going to conduct a limited cross-examination in the Court will provide latitude to counsel and redirect should it become necessary. At this time the Court just wants to confirm with counsel is an accurate representation of what we discussed off the record?

MS. SOTO TO JUDGE

Yes Your Honor.

MS. KEYS TO JUDGE

Yes Your Honor.

JUDGE TO MS. ASTUDILLO TORRES

Ma'am, we are going to be asking you a few questions today. Your attorney will not be asking you any questions to start with. We are going to be starting with a government attorney asking you some questions. And then after your attorney in the Court may have questions for you as well. If at any time you don't understand a question you can ask for repetition or state that you don't understand. If you don't know the answer to a question please don't guess. It's okay to say you don't know. At times our interpreter may also ask you to pause your response so he has an opportunity to translate everything you are saying. And after he does interpret you can continue with your answer.

JUDGE TO MS. KEYS

Do we have checks that are clear and current today?

MS. KEYS TO JUDGE

Yes Your Honor.

JUDGE TO MS. KEYS

And the Department agrees that the application is timely filed?

MS. KEYS TO JUDGE

Yes Your Honor.

JUDGE TO MS. SOTO

The I-589 does indicate that the respondent has checked off both political opinion and particular social group. If that's still accurate?

MS. SOTO TO JUDGE

Yes.

JUDGE TO MS. SOTO

And you're relying on the proposed PSG and the legal brief?

MS. SOTO TO JUDGE

Yes Your Honor.

JUDGE TO MS. SOTO

Okay. And that I have as single Ecuadorian women targeted by transnational gangs.

MS. SOTO TO JUDGE

Yes.

JUDGE TO MS. KEYS

Whenever you're ready you can proceed to cross-examination.

MS. KEYS TO JUDGE

Thank you, Your Honor. Your Honor DHS is raising the CLP bar in this case too.

JUDGE TO MS. KEYS

Okay.

MS. KEYS TO JUDGE

Just to put everyone on notice. Based on her manner of entry. And the time.

JUDGE TO MS. SOTO

I'll give you the opportunity to elicit any testimony regarding any possible exceptions.

MS. SOTO TO JUDGE

Thank you.

JUDGE TO MS. KEYS

Ms. Keys whenever you're ready.

MS. KEYS TO JUDGE

Thank you.

MS. KEYS TO MS. ASTUDILLO TORRES

Ma'am when is the last time you heard from Raul [phonetic sp.]?

INTERPRETER TO MS. KEYS

Can you repeat that Counsel?

MS. KEYS TO MS. ASTUDILLO TORRES

When is the last time you heard from Raul?

MS. ASTUDILLO TORRES TO MS. KEYS

If you're referring to having contact with him it's been a long time since we became separated.

MS. KEYS TO MS. ASTUDILLO TORRES

What year did you become separated?

MS. ASTUDILLO TORRES TO MS. KEYS

In 2018.

MS. KEYS TO MS. ASTUDILLO TORRES

During the course of your relationship, did you know if Raul was affiliated with any gang?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

In your relationship ended in 2018 with Raul and you entered the United States in 2024. Is that right?

MS. ASTUDILLO TORRES TO MS. KEYS

That's correct.

MS. KEYS TO MS. ASTUDILLO TORRES

And so you haven't had contact with Raul between 2018 through 2024. Is that right?

MS. ASTUDILLO TORRES TO MS. KEYS

No. Since the last phone call that we had when our relationship ended.

MS. KEYS TO MS. ASTUDILLO TORRES

And when did you begin getting threatened by The Gangs?

MS. ASTUDILLO TORRES TO MS. KEYS

In 2024.

MS. KEYS TO MS. ASTUDILLO TORRES

And was this always over the phone?

MS. ASTUDILLO TORRES TO MS. KEYS

Yes, the calls were via the phone and one time it was in person.

MS. KEYS TO MS. ASTUDILLO TORRES

How many phone calls did you receive if you recall?

MS. ASTUDILLO TORRES TO MS. KEYS

It was three phone calls.

MS. KEYS TO MS. ASTUDILLO TORRES

And during the phone calls that you received commented they ever identify themselves?

INTERPRETER TO JUDGE

Interpreter will ask for clarification.

MS. SOTO TO INTERPRETER

I'm sorry you want to ask again.

INTERPRETER TO JUDGE

Apologies. It sounds a little muffled but I got it now.

MS. ASTUDILLO TORRES TO MS. KEYS

The first call they wanted information about me and my son. And then the last call they identified themselves as calling from the jail in Turi which is full of a lot of

people associated with mafias and gangs.

MS. KEYS TO MS. ASTUDILLO TORRES

The three phone calls that you received, was it by the same person or persons?

MS. ASTUDILLO TORRES TO MS. KEYS

The same people.

MS. KEYS TO MS. ASTUDILLO TORRES

How many people would you say was on the phone?

INTERPRETER TO JUDGE

May the interpreter to instruct the respondent when the hand goes up to please pause?

JUDGE TO INTERPRETER

Yes.

MS. ASTUDILLO TORRES TO MS. KEYS

It was different people. I would get a call from someone in jail and it was different small groups that they send out. So I would get a call from someone in jail but they also have contact from someone outside of jail who they would send to collect the debts accrued by the consumption of the father of the child.

MS. KEYS TO MS. ASTUDILLO TORRES

How long would each phone call last when you received these calls?

MS. ASTUDILLO TORRES TO MS. KEYS

One minute to one minute and a half.

MS. KEYS TO MS. ASTUDILLO TORRES

You mention that some people showed up to your place of work, is that right?

MS. ASTUDILLO TORRES TO MS. KEYS

Exactly.

MS. KEYS TO MS. ASTUDILLO TORRES

And how did they identify themselves?

MS. ASTUDILLO TORRES TO MS. KEYS

And they came to my place of work. They came to where I was a receptionist. I was right outside out front. And he says you know why I'm here. I'm here to collect the debt. And I was there and he was saying that you know that you owe and how much you owe.

MS. KEYS TO MS. ASTUDILLO TORRES

And did you recognize this person?

MS. ASTUDILLO TORRES TO MS. KEYS

No. I had not seen them. That was the first time that I saw him when he came and stood before me.

MS. KEYS TO MS. ASTUDILLO TORRES

And he only, is the only encounter you had at your job or someone was seeking money to pay a debt?

MS. ASTUDILLO TORRES TO MS. KEYS

After the phone call yes and my son also made a comment to me that he saw someone outside of where he played sports at the bus stop.

MS. KEYS TO MS. ASTUDILLO TORRES

Did these people ever mention Raul's name to you?

MS. ASTUDILLO TORRES TO MS. KEYS

Yes because they always mentioned they are here to collect on the debt that he has and that I know very well with debts he has.

MS. KEYS TO MS. ASTUDILLO TORRES

If you haven't heard from Raul since 2018 comedy you know if he's still in

Ecuador to this day?

MS. ASTUDILLO TORRES TO MS. KEYS

I don't know if he's there or if he's outside of Ecuador.

MS. KEYS TO MS. ASTUDILLO TORRES

Your statement mentioned that his family moved away, do you know where his family moved to?

MS. ASTUDILLO TORRES TO MS. KEYS

No I don't have an idea.

MS. KEYS TO MS. ASTUDILLO TORRES

Could they still be in Ecuador, just in a different part?

MS. ASTUDILLO TORRES TO MS. KEYS

It could be but I don't know exactly where it is that they are. They could be out of the city. I know that they left the city.

MS. KEYS TO MS. ASTUDILLO TORRES

And you also lived in the city prior to your departure?

MS. ASTUDILLO TORRES TO MS. KEYS

Yes.

MS. KEYS TO MS. ASTUDILLO TORRES

Do you have any relatives that live outside the city?

MS. ASTUDILLO TORRES TO MS. KEYS

The little family that I have lives outside of the city.

MS. KEYS TO MS. ASTUDILLO TORRES

Since you've been in the United States have you spoken to your family that's still in Ecuador?

MS. ASTUDILLO TORRES TO MS. KEYS

Yes.

MS. KEYS TO MS. ASTUDILLO TORRES

Have they reported back to you that anyone has been looking for you since you left?

MS. ASTUDILLO TORRES TO MS. KEYS

No because they are far from the city. They're not in the city.

MS. KEYS TO MS. ASTUDILLO TORRES

How far would you say they are from the city?

MS. ASTUDILLO TORRES TO MS. KEYS

Via bus it would be about two hours. It's in the countryside.

MS. KEYS TO MS. ASTUDILLO TORRES

Have you spoken to any of your former co-workers since you've been in the United States?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

Could you feel safe if you lived near your parents or your relatives that live outside of the city if you were to return to Ecuador?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

Why do you say that?

MS. ASTUDILLO TORRES TO MS. KEYS

Because I would have to go into the city so my son is able to go to school. And for me to be able to work. There is no way to make a living in the countryside. So in

order for him to go to school and for me to be able to work I would have to go into the city.

MS. KEYS TO MS. ASTUDILLO TORRES

The phone calls that you've received and the one time that you've encountered someone at your job, did you ever report these incidents to the police?

INTERPRETER TO JUDGE

Interpreter will ask for clarification.

MS. ASTUDILLO TORRES TO MS. KEYS

When my son told me that there was someone outside of where he was coming out of practice and he felt that he was watching him I went over to the police and asked an agent what can I do to get protection and I told him what was going on. He told me that I had to go to the municipal board and tried to get some protection there. Perhaps police patrol or some kind of other protection.

MS. KEYS TO MS. ASTUDILLO TORRES

And did you do that?

MS. ASTUDILLO TORRES TO MS. KEYS

I did not have any evidence.

MS. KEYS TO MS. ASTUDILLO TORRES

Well someone showed up to your job and that's a public space in front of co-workers, potential witnesses. Could you have not given that information?

MS. ASTUDILLO TORRES TO MS. KEYS

My co-worker and my boss were there but the situation in Ecuador right now everything is threats. And so thinking about the safety of the family and themselves they did not want to get involved especially seeing that these people are involved in mafia's and criminal organizations.

MS. KEYS TO MS. ASTUDILLO TORRES

What about the phone calls you received? Could you have gotten the phone records and provided it to the police?

MS. ASTUDILLO TORRES TO MS. KEYS

They call from anonymous numbers. I tried to track or trace the call at work and when you try to call back it doesn't dial. It's an anonymous number.

MS. KEYS TO MS. ASTUDILLO TORRES

What's the name of the gang that was seeking money from you?

MS. ASTUDILLO TORRES TO MS. KEYS

It had to be Los Lobos because one time when he began to consume he was on the phone and was told yes this man from Los Lobos he can supply with any merchandise. So I am for sure it is them.

MS. KEYS TO MS. ASTUDILLO TORRES

Did you ever pay this gang any money?

MS. ASTUDILLO TORRES TO MS. KEYS

No, nothing.

MS. KEYS TO MS. ASTUDILLO TORRES

Did you ever supply Raul with money for the gang?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

Did you ever see Raul interact with these gang members?

MS. ASTUDILLO TORRES TO MS. KEYS

Yes.

MS. KEYS TO MS. ASTUDILLO TORRES

And what was that encounter?

MS. ASTUDILLO TORRES TO MS. KEYS

They would always arrive to the corner outside of the house. I don’t know if it was to supply him with drugs or to collect payment. But it was always people that were poorly dressed and of a bad aspect.

MS. KEYS TO MS. ASTUDILLO TORRES

Is that the only encounter you witnessed Raul have with these people?

MS. ASTUDILLO TORRES TO MS. KEYS

I would say that he would ride around in the vehicle with those people. Once he started using drugs and alcohol while he was always an alcoholic but once he got involved in the world of drugs he would be in the cars with them.

MS. KEYS TO MS. ASTUDILLO TORRES

Well earlier when testimony first began I asked if you knew that Raul was affiliated with these people in your response was no.

MS. ASTUDILLO TORRES TO MS. KEYS

It was after I had more contact with him. But when I was a relationship with him I would always see him with these people and he would be drunk and they would leave him drunk and he would come home and mistreat me.

MS. KEYS TO MS. ASTUDILLO TORRES

Did you ever report the mistreatment to the police?

MS. ASTUDILLO TORRES TO MS. KEYS

No I did not do it for fear.

MS. KEYS TO MS. ASTUDILLO TORRES

And the last time he harmed you was in 2018, is that right?

MS. ASTUDILLO TORRES TO MS. KEYS

Yes, we had the argument and that's what caused me to separate from him.

MS. KEYS TO MS. ASTUDILLO TORRES

Have you ever been arrested in Ecuador or anywhere else in the world?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

Have you ever committed a crime for which you have not been arrested?

MS. ASTUDILLO TORRES TO MS. KEYS

I have not committed any crimes.

MS. KEYS TO MS. ASTUDILLO TORRES

Have you ever been accused of a crime?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

Have you ever been a part of any organizations whether in Ecuador or here in the United States?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

Have you ever been in the military in Ecuador?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO MS. ASTUDILLO TORRES

Have provided assistance to the Ecuadorian government in any way?

MS. ASTUDILLO TORRES TO MS. KEYS

Can you I don’t know if you can clarify the question as to in which aspect.

MS. KEYS TO MS. ASTUDILLO TORRES

Sure. Have you ever worked for the government or a government agency in Ecuador?

MS. ASTUDILLO TORRES TO MS. KEYS

No.

MS. KEYS TO JUDGE

Thank you, Your Honor. I don’t have any further questions.

JUDGE TO MS. KEYS

Thank you, Ms. Keys.

JUDGE TO MS. SOTO

Redirect.

MS. SOTO TO JUDGE

Yes, thank you, Your Honor.

MS. SOTO TO MS. ASTUDILLO TORRES

You indicated you approached the police officer or a police precinct after your son had been watched as school, correct?

MS. ASTUDILLO TORRES TO MS. SOTO

Exactly. He’s the one that told me to go to the municipal board and that if I didn’t have any evidence of any harm that was done to myself or my son that the police wouldn’t be able to help.

MS. SOTO TO MS. ASTUDILLO TORRES

Now when you say harm did you mean that the police wanted to seek physical harm of you or your son?

MS. ASTUDILLO TORRES TO MS. SOTO

Exactly. They wanted to see that something happened in order for them to get involved.

MS. SOTO TO MS. ASTUDILLO TORRES

When you say that something happened what do you mean?

MS. ASTUDILLO TORRES TO MS. SOTO

My son being stabbed or myself being beat up or my son disappearing. Without anything like that happening they wouldn't get involved in the matter.

MS. SOTO TO MS. ASTUDILLO TORRES

So is it safe to say that this is the kind of evidence that was required for you to get police protection in Ecuador?

MS. KEYS TO JUDGE

Objection.

JUDGE TO MS. KEYS

What is the basis of the objection?

MS. KEYS TO JUDGE

It calls for speculation Your Honor. The form of the question.

MS. SOTO TO JUDGE

Respectfully Your Honor I've already laid a foundation.

JUDGE FOR THE RECORD

I'm going to agree with Ms. Soto here. The objection is overruled.

JUDGE TO MS. SOTO

Counsel you can repeat your question and we'll have that translated to the respondent.

MS. SOTO TO JUDGE

Thank you.

MS. SOTO TO MS. ASTUDILLO TORRES

Is it safe to say that the police was not going to protect you unless you had this kind of evidence?

MS. ASTUDILLO TORRES TO MS. SOTO

That's correct.

MS. SOTO TO MS. ASTUDILLO TORRES

And if this also why when you received the threats at work the reason why you didn't continue to seek police protection?

MS. KEYS TO JUDGE

Objection. Its leading.

JUDGE FOR THE RECORD

I'm going to sustain that objection is leading.

JUDGE TO MS. SOTO

Counsel you can try to re-ask the question in a different form.

MS. SOTO TO JUDGE

Sure.

MS. SOTO TO MS. ASTUDILLO TORRES

You indicated previously in your testimony that you were approached at your place of employment, correct?

MS. ASTUDILLO TORRES TO MS. SOTO

That's correct.

MS. SOTO TO MS. ASTUDILLO TORRES

Did you contact the police at that time?

MS. ASTUDILLO TORRES TO MS. SOTO

I had previously gone to the police and they told me that without any evidence or

harm that they couldn't get involved in the matter. If I didn't have any of that evidence nothing could be done.

MS. SOTO TO MS. ASTUDILLO TORRES

And again when you mean that evidence are you referring to the previous evidence the police had indicated which would require stabbing, kidnapping, or physical harm to you or your son?

MS. ASTUDILLO TORRES TO MS. SOTO

Exactly. I have to have been harmed in order for them to be involved. Otherwise then nothing happens.

MS. SOTO TO MS. ASTUDILLO TORRES

Yes. But when you say harmed do you mean physical harm or with the police have accepted any other kind of harm?

MS. KEYS TO JUDGE

Objection. Counsel its already asked and answered, Your Honor.

MS. SOTO TO JUDGE

Your Honor I'm just trying to have her to find what she means by harm.

JUDGE FOR THE RECORD

I'm going to overbuild the objection only because it hasn't been answered in the same exact or it hasn't been asked in the same exact form.

JUDGE TO MS. SOTO

But counsel I'll allow you to re-ask the question.

MS. SOTO TO JUDGE

Thank you.

MS. SOTO TO MS. ASTUDILLO TORRES

Ma'am when you said the police required you to show them harm, do you mean

physical harm or would they have accepted any other kind of harm such as a threat?

MS. ASTUDILLO TORRES TO MS. SOTO

No they have to see any evidence of beatings or mistreatment or anything strong. Otherwise they do not get involved or provide any ticket of protection as we call it.

JUDGE TO MS. ASTUDILLO TORRES

And just to clarify ma'am is this something the police told you or something you believe?

MS. ASTUDILLO TORRES TO JUDGE

No the person from the municipal board told me that unless I have evidence or harm that they could not get involved and provide me the police protection that I was seeking.

JUDGE TO MS. SOTO

You can continue counsel.

MS. SOTO TO MS. ASTUDILLO TORRES

Ma'am, what city did you live and when this was happening?

MS. ASTUDILLO TORRES TO MS. SOTO

In Cuenca. Cuenca Ecuador.

MS. SOTO TO MS. ASTUDILLO TORRES

And are you aware of what mafia or criminal organization would control the city that you lived in at the time?

MS. ASTUDILLO TORRES TO MS. SOTO

I am more than certain that it is Los Lobos from what I had heard. Small groups that frequent there that get sent by the leaders to collect the depths in the area.

MS. SOTO TO MS. ASTUDILLO TORRES

Think that you were targeted by these mafias or criminal organizations?

MS. ASTUDILLO TORRES TO MS. SOTO

Because they had my personal contact and as I mentioned they are small groups all over Ecuador that cooperate and cooperate with vice.

MS. SOTO TO MS. ASTUDILLO TORRES

And whose vice do you understand they were collecting on?

INTERPRETER TO JUDGE

Can you repeat that counsel?

MS. SOTO TO MS. ASTUDILLO TORRES

And whose vice, you just use that word vice, whose vice do you believe they were collecting on?

MS. ASTUDILLO TORRES TO MS. SOTO

It is his vices from being involved in consumption of drugs. Once more I don't know if they're also looking for his family, but they want to collect the debt no matter what and so the threat came to me. I don't know if he is also involved in trafficking since I lost contact with him.

MS. SOTO TO MS. ASTUDILLO TORRES

Ma'am when you presented yourself at the US border did you fear for your life and the life of your son?

MS. ASTUDILLO TORRES TO MS. SOTO

Of course.

MS. SOTO TO MS. ASTUDILLO TORRES

And since you've been living in the United States, have you continued to fear for your life should you have to return to Ecuador?

MS. ASTUDILLO TORRES TO MS. SOTO

I fear for my life if I were to return to Ecuador and that of my son. Since I've been here I've been at peace and knowing that my son as well and he is freely going to school here without this desperation that we lived through.

MS. SOTO TO MS. ASTUDILLO TORRES

Are you afraid that you will be targeted again if you return to Ecuador?

MS. ASTUDILLO TORRES TO MS. SOTO

Totally.

MS. SOTO TO MS. ASTUDILLO TORRES

Do you fear being killed?

MS. ASTUDILLO TORRES TO MS. SOTO

Yes.

MS. SOTO TO MS. ASTUDILLO TORRES

Do you fear your son being killed?

MS. ASTUDILLO TORRES TO MS. SOTO

Yes.

MS. SOTO TO JUDGE

I have nothing further Your Honor.

JUDGE TO MS. SOTO

Thank you.

JUDGE TO MS. ASTUDILLO TORRES

Ma'am just to clarify do you fear returning to Ecuador because of Los Lobos or the criminal group. Is that right?

MS. ASTUDILLO TORRES TO JUDGE

Exactly. Since they have no one to settle the debt with they want me to settle it.

JUDGE TO MS. ASTUDILLO TORRES

And since you've been in the United States have you received any further threats of the Los Lobos?

MS. ASTUDILLO TORRES TO JUDGE

No.

JUDGE TO MS. ASTUDILLO TORRES

Okay. Thank you ma'am. We are all done with questioning today. I'm going to turn briefly to the attorneys.

JUDGE TO MS. KEYS

Is the Department opposed to relief in this matter?

MS. KEYS TO JUDGE

Yes Your Honor.

JUDGE TO MS. KEYS

Okay.

JUDGE TO MS. SOTO

The Courts going to assume Ms. Soto that the respondent does want me to grant her the relief that she is seeking.

JUDGE FOR THE RECORD

The Court is going to take time to look over the testimony as well as the documents that have been submitted in this case. Why don't we come back in about 20 minutes. If the Court needs some more time I will let the two of you know.

MS. SOTO TO JUDGE

Thank you.

MS. KEYS TO JUDGE

Thank you.

JUDGE FOR THE RECORD

Okay. We'll go off the Record.

[OFF THE RECORD]

[ON THE RECORD]

JUDGE FOR THE RECORD

We're back on the record. The Court is prepared to render its oral decision at this time.

JUDGE TO MS. SOTO

Will you waive interpretation of the Court's decision?

MS. SOTO TO JUDGE

Yes.

JUDGE TO MS. ASTUDILLO TORRES

Ma'am the Court has taken the opportunity to review your testimony in the documents you have submitted. The Court did believe your testimony and everything you wrote in your statement. Part of my job is to interpret immigration law. And in my interpretation of the law when considering the facts of your case I am unfortunately unable to grant you the relief that you're asking for. In a few minutes I'll be giving a longer decision explaining the legal reasons why it was are unable to grant you relief. And after that I will give you some information about any next steps you might have. And I do ask that you keep in touch with your attorney if you have any questions about the Court's decision today.

JUDGE FOR THE RECORD

At this time I'm just going to ask the parties to put themselves on mute as to not interfere with the Courts recording of the decision.

UNIDENTIFIED SPEAKER TO JUDGE

Good morning Your Honor, can you hear me?

[JUDGE RENDERS ORAL DECISION]

JUDGE FOR THE RECORD

You have now heard the Court’s decision.

JUDGE TO MS. KEYS

Is the Court’s decision final for the Department?

MS. KEYS TO JUDGE

Yes, Your Honor. Thank you.

JUDGE TO MS. SOTO

Are you reserving appeal on behalf of the respondent?

MS. SOTO TO JUDGE

Yes, Your Honor.

JUDGE TO MS. SOTO

Any notice of appeal will be due to the Board on or before May 29, 2025.

JUDGE TO MS. ASTUDILLO TORRES

Ma’am I have just issued my decision explaining the legal reasons why I was unable to grant you relief. If you don’t agree with my decision you do have the right to appeal my decision to a higher court. Your attorney has reserved your right to appeal. It’s important for you to know that if you do choose to move forward with an appeal any notice of appeal must be received by the higher Court within 30 days of my decision today. So for you that would be May 29th, 2025. Although I was not able to grant you and your son the relief that you were asking for I do wish you the very best of luck moving forward.

JUDGE FOR THE RECORD

Thank you to both counsels and to the interpreter. There being nothing further this matter is concluded.

HEARING CLOSED

CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE Lee, Kalenna, in the matter of:

MARCIA ELIZABETH ASTUDILLO TORRES

PAULO ANDRES TORRES ASTUDILLO

A226-088-780

A226-088-781

NEW YORK, NEW YORK

was held as herein appears, and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.



CHANEL HARDY (Transcriber)

Heritage Reporting Corp.

MAY 23, 2025

(Completion Date)

Uploaded on: 04/14/2025 at 01:36:47 PM (Eastern Daylight Time) Base City: NYB

Andrea C. Soto
Attorney at Law
445 Hamilton Avenue, Suite 407
White Plains, NY 10601
Phone: (914) 290-4900
Email: asoto@andreasotolaw.com

NON-DETAINED
A# 226-088-780/781

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**U.S IMMIGRATION COURT**
**NEW YORK BROADWAY, NEW YORK**

| | |
|---|---|
| IN THE MATTER OF:<br><br>ASTUDILLO TORRES,<br>Marcia Elizabeth, Et al.<br><br>Respondent<br><br>**IN REMOVAL PROCEEDINGS** | File No. A#226-088-780<br>A#226-088-781 |

Hon. Imm. Judge: Lee, Kalenna

Hearing Date: April 29th, 2025, at 8:30a.m

# PRE-HEARING STATEMENT

EOIR — 1 of 17

COMES NOW**,** the Respondent, Marcia Elizabeth Astudillo Torres, by through his undersigned counsel, submits this pre-hearing statement in support of his application for asylum, withholding of removal and CAT, See INA § 208, or in the alternative withholding of removal, See INA § 241(b)(3), or protection under the Convention Against Torture (CAT), see 8 C.F.R §§ 208.16(c)(3); 208.17.

## I. STATEMENT OF FACTS

Respondent, Marcia Elizabeth Astudillo Torres, is a 35-year-old native and citizen of Ecuador who seeks asylum and withholding of removal under INA § 208 and § 241(b)(3), as well as protection under the Convention Against Torture, based on her membership in a particular social group **[Single Ecuadorian Women Targeted by Transnational Gangs]**. Her minor child, Paulo Andres Torres Astudillo, is a derivative applicant who has a I-360 pending before USCIS.

Respondent fled Ecuador in May 2024 with her son due to escalating threats and intimidation by a drug trafficking organization that had previously targeted her abusive former partner, Raul Elidio Torres Altamirano. Respondent resided in Cuenca, Ecuador, and had been the victim of ongoing domestic violence by Raul since 2010, including a severe physical assault that resulted in a broken nose when her son was only seven months old. Raul’s possessive, violent behavior extended to controlling her social life and workplace and even included physical aggression toward his own mother when she attempted to defend herself.

In approximately 2016, Respondent discovered signs that Raul was using illicit drugs. After their separation in 2019, she learned from his family that he had become deeply entangled with a drug mafia in Azuay Province and was seriously injured in a violent altercation with that organization in 2020. Respondents continued to live in fear of retaliation from the drug

traffickers due to Raul's outstanding debts.

In February 2024, individuals began contacting Respondent at her workplace, seeking information about her and her son, including through phone calls and WhatsApp messages. The callers referenced knowledge of her son's name and warned her that they could harm her "whenever they wanted," citing connections to the Turi prison, a known hub for criminal operations. Respondent's minor son later reported being followed by an unidentified man outside of his school on multiple occasions. A family member confirmed this surveillance, prompting Respondent to restrict her son's activities and contact local authorities. Unfortunately, she lacked sufficient evidence to obtain police protection.

In April 2024, a man entered Respondent's workplace and demanded money, referencing her knowledge of the reason. He identified himself as a member of the same drug mafia. The situation escalated until her employer threatened to call the police, prompting the man to leave. This direct and credible threat led Respondent to make the urgent decision to flee Ecuador with her son to the United States on May 29th, 2024.

Respondent and her son entered the U.S. on June 6, 2024, without inspection at the San Luis, Arizona border. She filed her I-589 asylum application timely on October 18, 2024. She remains terrified to return to Ecuador, as she believes the drug mafia that previously targeted her ex-partner now seeks to punish her and could cause irreparable harm to both her and her child. She fears being tortured or killed if returned, as local authorities have proven unable or unwilling to protect her due to government corruption based on the illegal drug trade.

## II. STATEMENT OF COUNTRY CONDITIONS

Ecuador is currently experiencing one of the most severe human rights and security crises in its modern history. The country has seen a dramatic escalation in violence linked to drug

trafficking and transnational organized crime, with armed gangs infiltrating public institutions, judicial proceedings, and local communities. The 2023 U.S. Department of State Human Rights Report on Ecuador confirms that homicide rates increased by nearly 70% compared to the previous year, with over 6,550 homicides reported by October 31, 2023, primarily due to escalating conflict among drug trafficking organizations and gang violence in provinces such as Azuay, Guayas, Esmeraldas, and Santa Elena. *See Submitted 2023 Department of State report submitted as **Exhibit B***.

Sígsig is a rural canton located in the Azuay Province of southern Ecuador. Nestled in the Andean highlands approximately 60 kilometers southeast of Cuenca, the region is characterized by its mountainous terrain and rich cultural heritage. With a population of around 30,500 as of 2020, Sígsig is predominantly inhabited by mestizo communities.

**Transnational Gang Violence and Displacement in Ecuador**

In recent years, Ecuador has experienced a significant surge in violence, largely attributed to the activities of transnational criminal organizations. The country's homicide rate escalated from 13.7 per 100,000 people in 2021 to approximately 45 in 2023, placing Ecuador among the most violent nations in Latin America. This uptick in violence is linked to the operations of powerful gangs such as the Choneros and the Lobos, which collaborate with international drug trafficking networks.

The intensifying violence has led to widespread displacement across the country. Between January and October 2024, over 80,000 individuals were forcibly displaced due to insecurity, with many reporting experiences of extortion and various forms of violence.

The Ecuadorian state has repeatedly declared states of emergency in various regions in a failing effort to control the violence, while prison conditions have deteriorated into full-scale war

RESTRICTED Case: 26-1233, 07/30/2026, DktEntry: 17.4, (122 of 154)

zones, where rival drug factions fight with impunity. The report notes that criminal groups control food distribution, deny access to health care, and routinely torture or murder prisoners—often with the complicity of prison staff.

The brutal assassination of Ecuadorian prosecutor César Suárez on January 17, 2024, underscores the extreme danger posed by transnational criminal organizations and their infiltration into state institutions. *See H EL PA^S, murdered in Ecuador, a major prosecutor investigating organized crime and the seizure of the television channel submitted as* ***Exhibit H.***

Ecuador is currently experiencing a national security crisis that has escalated into what the government officially declared an "internal armed conflict." On January 9, 2024, armed gunmen affiliated with criminal organizations stormed a live television broadcast in Guayaquil, forcing journalists to the ground at gunpoint in a chilling show of power and violence. This unprecedented attack was one of multiple coordinated assaults nationwide that included police kidnappings, car bombings, prison riots, and targeted killings. In response, President Daniel Noboa declared a nationwide state of emergency and authorized military operations to neutralize dozens of transnational criminal groups now classified as terrorist organizations. See CNN, *Ecuador declares 'internal armed conflict ' as gunmen take over live TV broadcast Submitted as* ***Exhibit I.***

The rule of law is further undermined by systemic government corruption and repression. Investigative journalists, activists, and human rights defenders have been harassed, intimidated, and even assassinated. NGOs and civil society groups have reported obstruction by government actors and reluctance to provide public information needed to document abuses in supported by submission the 2023 U.S Department of State Report on Ecuador Submitted as **Exhibit D.**

EOIR — 5 of 17

Migration and displacement trends reflect these poor conditions. Ecuador is both a transit and origin country for displaced persons fleeing violence and extortion, Criminal organizations have begun forcibly recruiting migrants and refugees, including children, into their operations. Vulnerable groups, such as single mothers, children, and those connected to former gang members or individuals with debts to criminal organizations, are particularly at risk.

Given these circumstances, the Respondent's fear of return is both credible and well-founded. Her former partner's involvement with drug traffickers, her direct threats from members of the mafia, and her inability to find protection through Ecuadorian authorities place her within the profile of individuals at high-risk death.

## III. ARGUMENT

Asylum is available for individuals who meet the statutory definition of a "refugee". The respondent is a refugee and should receive asylum, or at least withholding of removal and or CAT protection. Refugee is defined in relevant part by INA §1101(a) (42) as:

"Any person who is outside any country of such person's nationality…and who is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion".

If the alien establishes past persecution, he is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption by showing, by *a preponderance of the evidence*, that: (1) there has been a fundamental change in circumstances in the applicant's country of nationality such that the applicant no longer has a well-founded fear of persecution because of a statutorily-protected ground; or (2) the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality and, under all

the circumstances, it would be reasonable to expect the applicant to do so. 8 C.F.R. § 208.13(b)(1)(i)(A)-(B) (2005).

As is evidenced by respondent's affidavit submitted as **Exhibit C, PP. 14**, the respondent meets each of the elements of this definition. Marcia Elizabeth Astudillo Torres has experienced past persecution due to her association with her ex-partner, who was involved with a drug cartel in Ecuador. After ending the relationship, she and her son faced escalating threats and harassment from cartel members seeking retribution or information about her ex-partner's whereabouts. These threats included anonymous calls, surveillance of her son, and direct confrontations at her workplace, culminating in a credible fear for their lives and prompting their flight to the United States.

**The Respondent is unable to return to Ecuador because she suffered past persecution and has a well-founded fear of future persecution.**

The harm the respondent suffered in Ecuador rises to the level of Past persecution. The BIA has defined "persecution" as "either a threat to life or freedom of, or infliction, of suffering or harm upon those who differ in a way regarded as offensive. *See Matter of Acosta*, 19 I&N Dec. 211 (BIA 1985).

The asylum applicant bears the burden of proving eligibility for asylum. See 8 C.F.R. § 1208.13(a**)** Establishing Asylum Eligibility Burden of Proof. The respondent has the burden to establish that he or she is refugee as defined in section 101(a)(42)of the Act.

To meet this burden, the applicant must provide specific and credible evidence. The Second Circuit has reiterated that "[a]n applicant for asylum must establish either past persecution or a well-founded fear of future persecution on account of a protected ground." Melgar de Torres v. Reno, 191 F.3d 307, 312 (2d Cir. 1999).

Further, the Second Circuit has emphasized that past persecution includes more than physical harm and can include "threats combined with a pattern of harassment" when they rise to the level of serious harm. See Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir. 2006). The applicant must establish a nexus between the persecution and one of the statutorily protected grounds listed in the INA—race, religion, nationality, political opinion, or membership in a particular social group. See Ucelo-Gomez v. Mukasey, 509 F.3d 70, 72 (2d Cir. 2007).

This statement details the past persecution experienced from threats by transitional gangs and potential future harm is perceived as reasonable with the compounding effect of fear of future physical harm, psychological trauma, and credible threats to her life and safety of that of her child's, leading to her flight from Ecuador.

In alignment with *Flores Anyosa v. Whitaker, 758 F. App'x 88 (2d Cir. 2018).* The Second Circuit acknowledged that repeated threats and confrontations by gangs can rise to the level of persecution, especially when combined with another mistreatment. The documented threats and continual stalking support an argument of this behavior rising to the level of past persecution.

The court held that death threats combined with other forms of harassment could constitute persecution, emphasizing the cumulative effect of threats and intimidation. See Gomez v. INS, 947 F.2d 660 (2d Cir. 1991). The constant intimidation at respondents' workplace supports this argument of past persecution.

**Respondent Suffered Past Persecution on Account of Her Membership in a Particular Social Group: Single Mothers Targeted by Drug Trafficking Organizations in Ecuador**

To establish eligibility for asylum based on membership in a particular social group ("PSG"), an applicant must show that she belongs to a group of persons who share a common

immutable characteristic that she either cannot change or should not be required to change because it is fundamental to her identity or conscience. *Matter of Acosta*, 19 I&N Dec. 211, 233–34 (BIA 1985); see also *Niang v. Gonzales*, 422 F.3d 1187, 1198–99 (10th Cir. 2005) (adopting and applying Acosta's immutable characteristic framework). A valid PSG must also be socially distinct within the society in question and defined with sufficient particularity. *Matter of M–E–V–G–*, 26 I&N Dec. 227, 237 (BIA 2014); *Matter of W–G–R–*, 26 I&N Dec. 208, 216 (BIA 2014).

**(1) Composed of Members Who Share a Common Immutable Characteristic**

The Respondent is a **single mother from Cuenca, Ecuador**, who was directly threatened and targeted by a drug trafficking organization due to her former partner's debts and association with organized crime. Her identity as a single mother with no state protection—raising her child alone in a community vulnerable to cartel control—is both immutable and fundamental to her identity.

She cannot change the fact that she is a mother, nor should she be required to alter her familial status or abandon her child to escape harm. U.S. immigration law recognizes family relationships and parental status as immutable characteristics under PSG analysis. See *Matter of L-E-A-*, 27 I&N Dec. 581 (A.G. 2019).

In Ecuador, **s**ingle mothers are particularly vulnerable to systemic violence and organized crime, especially in regions such as Azuay Province where criminal networks like **Los Lobos** control neighborhoods and operate with near-total impunity. Respondent's gender and maternal role placed her in a powerlessly subordinate position in the face of threats, surveillance, and demands for money by the mafia that once targeted her abusive ex-partner. She was told that she and her son could be killed "whenever they wanted," and her child was followed outside his school by a man likely tied to the same network.

**(2) Socially Distinct Within the Society in Question**

Single mothers in Ecuador, especially those from working-class backgrounds without political or police protection, are socially distinct and widely recognized as an exposed population. The 2023 U.S. Department of State Human Rights Report confirms that women in Ecuador face systemic discrimination, limited access to protection, and disproportionate exposure to violence, including from non-state actors like gangs and drug trafficking organizations.

Moreover, drug cartels in Ecuador do not indiscriminately target the population at large—they strategically prey on those they perceive as vulnerable, including women raising children alone, who lack financial means or institutional support. Ecuador's public institutions, including law enforcement and the judiciary, have repeatedly failed to intervene in gender-based violence or to protect mothers from organized crime. In the Respondent's case, police refused to act unless she could provide evidence of threats—a near-impossible task in a country where witnesses are silenced and victims often killed with impunity.

**(3) Defined with Particularity**

This social group is defined with sufficient particularity. It refers specifically to single mothers in Ecuador who are targeted by organized crime due to their perceived vulnerability and lack of institutional protection. The refers to a subset of Ecuadorian women who share a specific social role within Ecuadorian Society, (single parent), they share a common vulnerability (exposure to cartel violence), and a consistent pattern and practice abuse by non-state actors.

Courts have emphasized that PSGs must be defined by with particularity and not be overly broad or subjective that provide clear boundaries. See *Matter of M–E–V–G–*, 26 I&N Dec. at 239. Here, the Respondent's experience mirrors those of other women in Ecuador who

face retaliation, extortion, or violence by drug traffickers due to the actions or debts of male partners. The threats she received were highly personalized and persistent and involved direct workplace confrontation and credible fear for her child's safety—factors that distinguish the group among others.

As such, the Respondent's PSG **[Single Ecuadorian Women Targeted by Transnational Gangs**] satisfies all three prongs of the legal standard: it is based on an immutable characteristic, is socially distinct within Ecuadorian society, and is defined with particularity.

**<u>IV. Conditions in Ecuador have not changed</u>**

The human rights situation in Ecuador remains deeply unstable and has not improved in any material way in recent years. On the contrary, violence, suppression of civil liberties, extrajudicial killings, torture, and arbitrary detentions have escalated, reflecting a state unable or unwilling to protect its population from both state and non-state actors.

According to the 2023 U.S. Department of State Human Rights Report on Ecuador, there were no significant improvements in the human rights situation during the reporting year. The country continues to experience credible reports of cruel, inhuman, or degrading treatment by government agents, alongside life-threatening prison conditions, widespread judicial corruption, and serious restrictions on freedom of expression, all contributing to an ongoing climate of fear and repression.

Violent crime, especially by transnational criminal organizations and prison-based gangs, has intensified across Ecuador. As of October 31, 2023, over 6,550 homicides were reported a 70% increase compared to the previous year. Much of this violence stems from gang rivalries and drug trafficking disputes, which have spilled into civilian areas with impunity. In the coastal

provinces, including Guayas and Azuay, mass killings, kidnappings, and public assassinations of political figures and journalists have become disturbingly common.

State security responses have been inadequate and, at times, abusive. The government has declared repeated states of emergency and curfews, but these measures have not restored public safety. In fact, state security forces have themselves been implicated in torture and sexual violence, including the rape of detainees by police and military officers in Guayaquil and Cuenca .Prison conditions remain harsh and deadly, with criminal gangs exercising control over food distribution and committing mass killings within prison walls, often with alleged complicity from prison authorities.

The judiciary in Ecuador is severely compromised. Reports indicate systemic corruption, political interference, and intimidation by criminal organizations. Judges and prosecutors have been assassinated in broad daylight, while others have been forced to work remotely under threats of violence. Legal proceedings suffer long delays, and victims of violence, especially women, routinely see their complaints ignored or unresolved.

Civil liberties continue to erode. Journalists reporting on organized crime and corruption face death threats, censorship, and violence. In 2023, multiple journalists received mail bombs or were forced to flee the country after being targeted by criminal organizations. At least five journalists fled Ecuador in fear for their lives, while several media outlets were attacked with explosive devices. The government has failed to effectively investigate or prevent these attacks, contributing to a chilling effect on the free press.

Arbitrary detention remains a concern, especially during protests and in areas with high gang activity. NGOs have documented numerous cases where local authorities detained individuals without warrants or formal charges. Pretrial detention is widely abused, contributing

to overcrowded, unsafe prisons and denying detainees their right to due process.

These failures spanning from law enforcement to the judiciary, from prison systems to civil society protections—paint a grim picture of Ecuador's current conditions. The risk of persecution, torture, or death upon return is very real, particularly for individuals like Marcia Elizabeth Astudillo Torres, who have been directly threatened by organized crime and are members of vulnerable groups the state has consistently failed to protect.

**The Respondent Cannot Reasonably Relocate Within Ecuador**

The presumption of future persecution may be rebutted by the government demonstrating that the applicant can reasonably relocate to another area of the country under all circumstances. See 8 C.F.R. § 1208.13(b)(1)(i)(B). However, in this case, the government cannot meet its burden of showing that internal relocation within Ecuador is reasonable.

Ecuador is facing a nationwide public security crisis, with widespread drug cartel violence, state corruption, and an ineffective law enforcement apparatus. Criminal organizations such as Los Lobos and other gangs operate across multiple provinces and have significant influence in both urban and rural areas. These groups maintain connections with corrupt police, prison officials, and political figures, which enables them to extend their reach beyond any single locality.

The Respondent was targeted by members of a drug trafficking organization operating in Azuay Province, but relocation within Ecuador would not insulate her from future harm. Criminal networks in Ecuador do not operate in isolation—they are transregional and maintain intelligence capabilities, often threatening individuals across jurisdictional lines, including through digital communication and coordinated surveillance. The respondent was contacted at her place of employment via WhatsApp by individuals who knew both her and her child's

names, a sign of targeted intimidation that is unlikely to be limited to a single geographic area. Furthermore, Ecuador’s law enforcement has proven incapable or unwilling to offer protection. The 2023 Human Rights Report documents widespread arbitrary detentions, impunity for gang-related crimes, and institutional corruption within the police and judiciary. Survivors of threats, particularly women and children, face institutional indifference and rarely receive meaningful protection from authorities.

Courts have also held that the reasonableness of relocation depends in part on the government's capacity to monitor and track individuals. See *Singh v. Garland*, 11 F.4th 106 (2d Cir. 2021). In Ecuador, the systemic failure of the state to protect victims of organized crime, combined with the ability of drug cartels to gather information and act with impunity, makes the concept of safe relocation illusory for the Respondent.

As the Second Circuit further held in *Zhong v. DOJ*, 480 F.3d 104, 126 n.26 (2d Cir. 2007), relocation must be evaluated in light of “particular circumstances” tied to the applicant’s specific experience. Here, the Respondent has already been personally threatened, her son was followed near his school, and her workplace was infiltrated by a man claiming to be part of the same criminal organization that harmed her ex-partner. These targeted incidents—combined with Ecuador’s documented inability to contain organized crime—make it abundantly clear that relocation anywhere within the country would not be reasonable or safe.

## **V. RESPONDENT IS ENTITLED TO A PRESUMPTION OF FUTURE PERSECUTION**

Upon a showing of past persecution, the burden of proof shifts to the government, who must demonstrate that the conditions in the applicant’s home country have fundamentally changed to the degree that the danger no longer exists, or that the applicant could avoid future

EOIR — 14 of 17

persecution by internal relocation, which must be reasonable. 8 CFR § 208.13(b)(1)(i) Establishing Asylum Eligibility. The applicant's past persecution "establishes a presumption of a well-founded fear of future persecution on the same basis as established for the original persecution." *Niang*, 422 F.3d at 1195; *see* 8 C.F.R. § 1208.13(b)(1)). The government may rebut this presumption by showing either: (1) "there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality" on account of a protected ground; or (2) that the applicant "could avoid future persecution by relocating to another part of the applicant's country of nationality … and under all the circumstances it would be reasonable to expect the applicant to do so." *Id.* Neither conclusion is supported by the record in this case.

## VI. RESPONDENT IS ENTITLED TO THE WITHHOLDING OF REMOVAL

The Attorney General "may not" remove an alien when he demonstrates that it is more likely than not his life or freedom would be threatened "because of the alien's race, religion, nationality, membership in a particular social group or political opinion." INA § 241(b)(3)(A). Respondent has demonstrated through a robust evidentiary submission and affidavit in support, that he has been attacked, detained, threatened, in the past due to having an actual political opinion result in a risk to his life.

## VII. CONVENTION AGAINST TORTURE

Should the Respondent's application for asylum and withholding of removal be denied, they must be granted protection under CAT. Under In Re J-E-, 23 I&N Dec. 291 (BIA 2002), for an act to rise to the level of torture, it must satisfy each of the following elements: "(1) the act must cause severe physical or mental pain and suffering; (2) the act must be intentionally inflicted; (3) the act must be inflicted for a proscribed purpose; (4) the act must be inflicted by or

at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) the act cannot arise from lawful sanctions." In analyzing a CAT claim, all evidence relevant to the possibility of future torture "must be considered." Id.; 8 C.F.R. § 208.16(3). As described at great length above and addressed explicitly herein, The Respondent will be tortured by Transnational Gang Members for connections to a family member who owes unpaid debts and immediately upon return to Ecuador, she will be singled out.

## VIII. CONCLUSION

The respondent's fear of persecution on the abovementioned grounds is reasonable in that she demonstrated past-persecution and a well-founded fear of future persecution on account of her membership within a particular social group. The Respondent is unable to avail herself of the protection of the government due to its unwillingness and inability to control the harm and threats of harm against her, and she cannot relocate anywhere in the country to escape these harm or threats of harm.

Respectfully submitted on April 14th, 2025

Respectfully Submitted,

4/14/2025
Dated

Andrea C. Soto
Andrea C. Soto, Esq.
Attorney for Respondent

EOIR — 16 of 17

**CERTIFICATE OF SERVICE**

**CASE NAME:** ASTUDILLO TORRES, Marcia Elizabeth, et al.

**CASE NUMBER:** 226-088-780/781

I hereby certify that the Pre-Hearing Statement and any attached pages were served on the Department of Homeland Security on this April 14th, 2025

______By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid and depositing the same with the United States Postal Service to the person at the address set forth below.

______by causing to be personally delivered a true copy thereof to the person at address set forth below.

______by Federal Express to the person at the address set forth below.

______ by certified mail, return receipt requested, to the person at the address set forth below.

______ By Electronic delivery via filing with ECAS at eservice.ice.gov At:

Office of Principal Legal Advisor US DHS/ICE
26 Federal Plaza, Room 1130 New York, NY 10278

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: White Plains, New York
April 14th, 2025

Andrea C. Soto

Andrea C. Soto, Esq.
Attorney for the Respondents
Soto Law, PLLC
445 Hamilton Ave, Suite 407
White Plains, NY 10601
T: (914) 290-4900
E: asoto@andreasotolaw.com

EOIR — 17 of 17

Andrea C. Soto, Esq.
SOTO LAW, PLLC
445 Hamilton Ave, Suite 407
White Plains, New York 10601
T: (914) 290-4900
E: asoto@andreasotolaw.com

**NON-DETAINED**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**290 BROADWAY -15th FLR**
**NEW YORK, NY 10007**

---

In the Matter of

**ASTUDILLO TORRES, MARCIA ELIZABETH** **A#: 226-088-780**
**TORRES ASTUDILLO, PAULO ANDRES** **A#: 226-088-781**

In Removal Proceedings.

---

Immigration Judge: Scott Bratton  Next Hearing: October 30, 2024 at 1:00 PM

# RESPONDENTS' SUPPLEMENTAL EVIDENCE: BIOMETRICS REQUEST TO USCIS FOR ASYLUM

SOTO LAW, PLLC

ANDREA C. SOTO
COUNSELLOR AT LAW

Riverhead Office
30 West Main Street
Riverhead, NY 11901

White Plains Office
Mailing Address:
445 Hamilton Avenue, Suite 407
White Plains, NY 10601

TELEPHONE: (800) 494-8031
FACSIMILE: (914) 898-9100
DIRECT/TEXT: (914) 290-4900
E-MAIL: asoto@andreasotolaw.com

October 21, 2024

**CERTIFIED MAIL**
USCIS Nebraska Service Center
Defensive Asylum Application with Immigration Court
P.O. Box 87589
Lincoln, NE 68501-7589

**RE: Biometrics for I-589, Application for Asylum and for Withholding of Removal on behalf of MARCIA ELIZABETH ASTUDILLO TORRES AND PAULO ANDRES TORRES ASTUDILLO**

Dear Officer:

Enclosed please find supporting documents to schedule biometrics for Application for Asylum and for Withholding of Removal on behalf of Marcia Elizabeth Astudillo Torres and Paulo Andres Torres Astudillo.

I have enclosed the following documents for review:

**On behalf of the Applicant:**

A. Notice of Entry of Appearance as Attorney (Form E-28) on behalf of, Marcia Elizabeth Astudillo Torres and Paulo Andres Torres Astudillo, in support of biometrics for the Application for Asylum and for Withholding of Removal;

B. The first three pages of completed Form I-589, Application for Asylum and for Withholding of Removal that has been properly electronically filed with the Immigration Court on behalf of the Applicants Marcia Elizabeth Astudillo Torres and Paulo Andres Torres Astudillo; and

C. A copy of instructions for submitting certain applications in immigration court and for providing biometric and biographic information to u. s. citizenship and immigration services for form I-589.

Please adjudicate the foregoing biometrics for the Application for Asylum and for Withholding of Removal (Form I-589) as expeditiously as possible.

Very truly yours,

SOTO LAW, PLLC

/s/ Andrea C. Soto

Andrea C. Soto, Esq.

Uploaded on: 10/21/2024 at 11:48:11 AM (Eastern Daylight Time) Base City: NYB

# EXHIBIT A

Uploaded on: 10/21/2024 at 11:43 AM (Eastern Daylight Time) Base City: EYB RESTRICTED Case: 26-1233, 07/30/2026, DktEntry: 17.4, (139 of 154)

U.S. Department of Justice
Executive Office for Immigration Review
*Immigration Court*

OMB#1125-0006

**Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court**

(Type or Print)
**NAME AND ADDRESS OF REPRESENTED PARTY**

| MARCIA | E | ASTUDILLO TORRES |
|---|---|---|
| (First) | (Middle Initial) | (Last) |
| 76 PUTNAM AVENUE | | |
| (Number and Street) | | (Apt. No.) |
| PORT CHESTER | NY | 10573 |
| (City) | (State) | (Zip Code) |

**ALIEN ("A") NUMBER**
(Provide A-number of the party represented in this case.)

A226-088-780

**Entry of appearance for**
(please check one of the following):

- [x] All proceedings
- [ ] Custody and bond proceedings only
- [ ] All proceedings other than custody and bond proceedings

**Attorney or Representative (please check one of the following):**

- [x] I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary) and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

**Full Name of Court** New York Second Division **Bar Number (if applicable)** 5535802

- [ ] I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:
- [ ] I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).
- [ ] I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3).
- [ ] I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from ____________ (country).
- [ ] I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

- [x] I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.
- [ ] EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Immigration Court. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID NUMBER | DATE |
|---|---|---|
| X //s//, ANDREA SOTO | YY923563 | 10/10/2024 |

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: Andrea (First) (Middle Initial) Soto (Last)

Address: 455 Hamilton Avenue Suite 407 (Number and Street)

White Plains (City) NY (State) 10601 (Zip Code)

Telephone: 914-290-4900 Facsimile: 914-898-9100 Email: asoto@andreasotolaw.com

- [ ] Check here if new address

EOIR — 5 of 18

**Indicate Type of Appearance:**

☑ Primary Attorney/Representative ☐ Non-Primary Attorney/Representative

☐ On behalf of ______________________ (Attorney's Name) for the following hearing: ______________ (Date)

I am providing pro bono representation. Check one: ☐ yes ☑ no

**Proof of Service**

I (Name) Andrea Soto mailed, emailed or delivered a copy of this Form EOIR-28 on (Date)__________ to the DHS (U.S. Immigration and Customs Enforcement – ICE) at ______________________________

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

**X** //s//, ANDREA SOTO on 10/10/2024 04:28:22 PM

Signature of Person Serving

**APPEARANCES** - An attorney or Accredited Representative (with full accreditation) must register with the EOIR eRegistry in order to practice before the Immigration Court (see 8 C.F.R. § 1292.1(f)). Registration must be completed online on the EOIR website at www.justice.gov/eoir. An appearance shall be filed on a Form EOIR-28 by the attorney or representative appearing in each case before an Immigration Judge (see 8 C.F.R. § 1003.17). A Form EOIR-28 shall be filed either as an electronic form, or as a paper form, as appropriate (for further information, please see the Immigration Court Practice Manual, which is available on the EOIR website at www.justice.gov/eoir). The attorney or representative must check the box indicating whether the entry of appearance is for custody and bond proceedings only, for all proceedings other than custody and bond, or for all proceedings including custody and bond. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon the approval of the Immigration Judge of a request by the attorney or representative of record in accordance with 8 C.F.R. § 1003.17(b). Please note that although separate appearances in custody and non-custody proceedings are permitted, appearances for limited purposes within those proceedings are not permitted. *See Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A separate appearance form (Form EOIR-27) must be filed with an appeal to the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)). Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-28 that reflects a new address.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is in 28 C.F.R. §§ 16.1-16.11 and appendices. For further information about requesting records from EOIR under the Freedom of Information Act, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, available on EOIR's website at http://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. §§ 1229(a), 1362 and 8 C.F.R. § 1003.17 in order to enter an appearance to represent a party before the Immigration Court. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notice of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), or its successors and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999). Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. 1003.101*et seq.*, including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR** - Automated information about cases before EOIR is available by calling (800) 898-7180 or (240) 314-1500.

**FURTHER INFORMATION -** For further information, please see the *Immigration Court Practice Manual*, which is available on the EOIR website at *www.justice.gov/eoir*.

**ADDITIONAL INFORMATION:**

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**Additional Attorney Court Information**

| Full Name of Court | Bar Number (if applicable) |
| --- | --- |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Uploaded on: 10/21/2024 at 11:48 AM (Eastern Daylight Time) Base City: NYB

**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*

OMB#1125-0006

# Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court

(Type or Print)
**NAME AND ADDRESS OF REPRESENTED PARTY**

| PAULO | A | TORRES ASTUDILLO |
|---|---|---|
| (First) | (Middle Initial) | (Last) |

76 PUTNAM AVENUE
(Number and Street) (Apt. No.)

| PORT CHESTER | NY | 10573 |
|---|---|---|
| (City) | (State) | (Zip Code) |

**ALIEN ("A") NUMBER**
(Provide A-number of the party represented in this case.)
A226-088-781

**Entry of appearance for**
(please check one of the following):

- [x] All proceedings
- [ ] Custody and bond proceedings only
- [ ] All proceedings other than custody and bond proceedings

**Attorney or Representative (please check one of the following):**

- [x] I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary) and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

  **Full Name of Court** New York Second Division **Bar Number (if applicable)** 5535802

- [ ] I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

  ______________________________

- [ ] I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).
- [ ] I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3).
- [ ] I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from ____________ (country).
- [ ] I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

- [x] I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.
- [ ] EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Immigration Court. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID NUMBER | DATE |
|---|---|---|
| X //s//, ANDREA SOTO | YY923563 | 10/10/2024 |

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

| Name: Andrea | | Soto |
|---|---|---|
| (First) | (Middle Initial) | (Last) |

Address: 455 Hamilton Avenue Suite 407
(Number and Street)

| White Plains | NY | 10601 |
|---|---|---|
| (City) | (State) | (Zip Code) |

Telephone: 914-290-4900 Facsimile: 914-898-9100 Email: asoto@andreasotolaw.com

- [ ] Check here if new address

**Indicate Type of Appearance:**

☑ Primary Attorney/Representative ☐ Non-Primary Attorney/Representative

☐ On behalf of ____________________ (Attorney's Name) for the following hearing: ______________ (Date)

I am providing pro bono representation. Check one: ☐ yes ☑ no

**Proof of Service**

I (Name) Andrea Soto mailed, emailed or delivered a copy of this Form EOIR-28 on (Date)__________ to the DHS (U.S. Immigration and Customs Enforcement – ICE) at ______________________________

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

**X** //s//, ANDREA SOTO on 10/10/2024 04:30:48 PM

Signature of Person Serving

**APPEARANCES** - An attorney or Accredited Representative (with full accreditation) must register with the EOIR eRegistry in order to practice before the Immigration Court (see 8 C.F.R. § 1292.1(f)). Registration must be completed online on the EOIR website at www.justice.gov/eoir. An appearance shall be filed on a Form EOIR-28 by the attorney or representative appearing in each case before an Immigration Judge (see 8 C.F.R. § 1003.17). A Form EOIR-28 shall be filed either as an electronic form, or as a paper form, as appropriate (for further information, please see the Immigration Court Practice Manual, which is available on the EOIR website at www.justice.gov/eoir). The attorney or representative must check the box indicating whether the entry of appearance is for custody and bond proceedings only, for all proceedings other than custody and bond, or for all proceedings including custody and bond. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon the approval of the Immigration Judge of a request by the attorney or representative of record in accordance with 8 C.F.R. § 1003.17(b). Please note that although separate appearances in custody and non-custody proceedings are permitted, appearances for limited purposes within those proceedings are not permitted. *See Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A separate appearance form (Form EOIR-27) must be filed with an appeal to the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)). Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-28 that reflects a new address.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is in 28 C.F.R. §§ 16.1-16.11 and appendices. For further information about requesting records from EOIR under the Freedom of Information Act, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, available on EOIR's website at http://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. §§ 1229(a), 1362 and 8 C.F.R. § 1003.17 in order to enter an appearance to represent a party before the Immigration Court. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notice of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), or its successors and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999). Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. 1003.101*et seq.*, including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR** - Automated information about cases before EOIR is available by calling (800) 898-7180 or (240) 314-1500.

**FURTHER INFORMATION -** For further information, please see the *Immigration Court Practice Manual*, which is available on the EOIR website at *www.justice.gov/eoir.*

**ADDITIONAL INFORMATION:**

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

**Additional Attorney Court Information**

| Full Name of Court | Bar Number (if applicable) |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# EXHIBIT B

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**U.S. Department of Justice**
Executive Office for Immigration Review

OMB No. 1615-0067; Expires 06/30/2026

# I-589, Application for Asylum and for Withholding of Removal

**START HERE - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application. There is no filing fee for this application.**

**NOTE:** ☒ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

## Part A.I. Information About You

| | | |
|---|---|---|
| **1.** Alien Registration Number(s) (A-Number) *(if any)*: A 226-088-780 | **2.** U.S. Social Security Number *(if any)*: N/A | **3.** USCIS Online Account Number *(if any)*: N/A |
| **4.** Complete Last Name: ASTUDILLO TORRES | **5.** First Name: MARCIA | **6.** Middle Name: ELIZABETH |

**7.** What other names have you used *(include maiden name and aliases)?*
NONE

**8.** Residence in the U.S. *(where you physically reside)*

| | | | |
|---|---|---|---|
| Street Number and Name: 76 PUTNAM AVENUE | | Apt. Number: N/A | |
| City: PORT CHESTER | State: NEW YORK | Zip Code: 10573 | Telephone Number: (914) 3050150 |

(**NOTE:** *You must be residing in the United States to submit this form.*)

**9.** Mailing Address in the U.S. *(if different than the address in Item Number 8)*

| | | |
|---|---|---|
| In Care Of *(if applicable)*: SAME AS ABOVE | | Telephone Number: ( ) |
| Street Number and Name: | | Apt. Number: |
| City: | State: | Zip Code: |

**10.** Gender: ☐ Male ☒ Female **11.** Marital Status: ☒ Single ☐ Married ☐ Divorced ☐ Widowed

| | |
|---|---|
| **12.** Date of Birth *(mm/dd/yyyy)*: 07/28/1989 | **13.** City and Country of Birth: SIGSIG, ECUADOR |

| | | | |
|---|---|---|---|
| **14.** Present Nationality *(Citizenship)*: ECUADOR | **15.** Nationality at Birth: ECUADOR | **16.** Race, Ethnic, or Tribal Group: HISPANIC | **17.** Religion: CATHOLIC |

**18.** *Check the box, a through c, that applies:* **a.** ☐ I have never been in Immigration Court proceedings.
**b.** ☒ I am now in Immigration Court proceedings. **c.** ☐ I am **not** now in Immigration Court proceedings, but I have been in the past.

**19.** *Complete 19 a through c.*
**a.** When did you last leave your country? *(mm/dd/yyyy)* 05/29/2024 **b.** What is your current I-94 Number, if any? NONE
**c.** List each entry into the U.S. beginning with your most recent entry. *List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)*

| Date | Place | Status | Date Status Expires |
|---|---|---|---|
| 06/06/2024 | SAN LUIS, ARIZONA | EWI | |
| | | | |
| | | | |

| | | |
|---|---|---|
| **20.** What country issued your last passport or travel document? ECUADOR | **21.** Passport Number: A9565929<br>Travel Document Number: | **22.** Expiration Date *(mm/dd/yyyy)*: 05/17/2033 |
| **23.** What is your native language *(include dialect, if applicable)*? SPANISH | **24.** Are you fluent in English? ☐ Yes ☒ No | **25.** What other languages do you speak fluently? NONE |

| | | |
|---|---|---|
| **For EOIR use only.** | **For USCIS use only.** **Action:** Interview Date: ____ Asylum Officer ID No.: ____ | **Decision:** Approval Date: ____ Denial Date: ____ Referral Date: ____ |

EOIR — 12 of 18

## Part A.II. Information About Your Spouse and Children

**Your spouse** ☒ I am not married. (Skip to **Your Children** below.)

| | | | |
|---|---|---|---|
| 1. Alien Registration Number (A-Number) *(if any)* N/A | 2. Passport/ID Card Number *(if any)* N/A | 3. Date of Birth *(mm/dd/yyyy)* N/A | 4. U.S. Social Security Number *(if any)* N/A |
| 5. Complete Last Name N/A | 6. First Name N/A | 7. Middle Name N/A | 8. Other names used *(include maiden name and aliases)* N/A |
| 9. Date of Marriage *(mm/dd/yyyy)* N/A | 10. Place of Marriage N/A | 11. City and Country of Birth N/A | |
| 12. Nationality *(Citizenship)* N/A | 13. Race, Ethnic, or Tribal Group N/A | 14. Gender ☐ Male ☐ Female | |
| 15. Is this person in the U.S.? ☐ Yes *(Complete Blocks 16 to 24.)* ☐ No *(Specify location)*: | | | |
| 16. Place of last entry into the U.S. N/A | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* N/A | 18. I-94 Number *(if any)* N/A | 19. Status when last admitted *(Visa type, if any)* N/A |
| 20. What is your spouse's current status? N/A | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* N/A | 22. Is your spouse in Immigration Court proceedings? ☐ Yes ☐ No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* N/A |
| 24. If in the U.S., is your spouse to be included in this application? *(Check the appropriate box.)* ☐ Yes ☐ No | | | |

**Your Children.** List **all** of your children, regardless of age, location, or marital status.

☐ I do not have any children. *(Skip to Part A.III., Information about your background.)*

☒ I have children. Total number of children: 1.

(**NOTE:** *Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.)*

| | | | |
|---|---|---|---|
| 1. Alien Registration Number (A-Number) *(if any)* A 226-088-781 | 2. Passport/ID Card Number *(if any)* A9566010 | 3. Marital Status *(Married, Single, Divorced, Widowed)* SINGLE | 4. U.S. Social Security Number *(if any)* N/A |
| 5. Complete Last Name TORRES ASTUDILLO | 6. First Name PAULO | 7. Middle Name ANDRES | 8. Date of Birth *(mm/dd/yyyy)* 05/09/2011 |
| 9. City and Country of Birth CUENCA, ECUADOR | 10. Nationality *(Citizenship)* ECUADOR | 11. Race, Ethnic, or Tribal Group HISPANIC | 12. Gender ☒ Male ☐ Female |
| 13. Is this child in the U.S. ? ☒ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: | | | |
| 14. Place of last entry into the U.S. SAN LUIS, ARIZONA | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* 06/06/2024 | 16. I-94 Number *(If any)* NONE | 17. Status when last admitted *(Visa type, if any)* NONE |
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☒ Yes ☐ No | |
| 21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)* ☒ Yes ☐ No | | | |

## Part A.II. Information About Your Spouse and Children (Continued)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
| N/A | N/A | N/A | N/A |
| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Gender |
| N/A | N/A | N/A | ☐ Male ☐ Female |

**13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: N/A

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| N/A | N/A | ☐ Yes ☐ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
| N/A | N/A | N/A | N/A |
| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Gender |
| N/A | N/A | N/A | ☐ Male ☐ Female |

**13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: N/A

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| N/A | N/A | ☐ Yes ☐ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| **5.** Complete Last Name | **6.** First Name | **7.** Middle Name | **8.** Date of Birth *(mm/dd/yyyy)* |
| N/A | N/A | N/A | N/A |
| **9.** City and Country of Birth | **10.** Nationality *(Citizenship)* | **11.** Race, Ethnic, or Tribal Group | **12.** Gender |
| N/A | N/A | N/A | ☐ Male ☐ Female |

**13.** Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location)*: N/A

| **14.** Place of last entry into the U.S. | **15.** Date of last entry into the U.S. *(mm/dd/yyyy)* | **16.** I-94 Number *(If any)* | **17.** Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| **18.** What is your child's current status? | **19.** What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | **20.** Is your child in Immigration Court proceedings? |
|---|---|---|
| N/A | N/A | ☐ Yes ☐ No |

**21.** If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes

☐ No

# EXHIBIT C

# INSTRUCTIONS FOR SUBMITTING CERTAIN APPLICATIONS IN IMMIGRATION COURT AND FOR PROVIDING BIOMETRIC AND BIOGRAPHIC INFORMATION TO U. S. CITIZENSHIP AND IMMIGRATION SERVICES

## A. Instructions for Form I-589*

In addition to filing your application and supporting documents with the Immigration Court and serving a complete copy of your application on the appropriate U.S. Immigration and Customs Enforcement (ICE) Office of the Principal Legal Advisor, **you must also complete the following requirements** before the Immigration Judge can grant relief or protection in your case.

Send these three items to the USCIS Nebraska Service Center (see address below):

- A clear copy of the first three pages of your completed Form I-589, Application for Asylum and for Withholding of Removal, that you will be filing or have filed with the Immigration Court. You must make sure to include your full name, your current mailing address, and your alien number (A-number) on the form. (Do not submit any documents other than the first three pages of the completed Form I-589);
- A copy of Form G–28, Notice of Entry of Appearance as Attorney or Accredited Representative, if you are represented; and
- A copy of these instructions.

**USCIS Nebraska Service Center**
**Defensive Asylum Application with Immigration Court**
**P.O. Box 87589**
**Lincoln, NE 68501-7589**

There is no filing fee required for your Form I-589.

After the Nebraska Service Center receives the three items listed above, you will receive a USCIS receipt notice in the mail telling you that we have received your asylum application and an application support center (ASC) for you as well as an ASC notice for each dependent in your application.

Each ASC notice will have the individual's unique receipt number. The notice will have instructions for each person to appear for an appointment at a nearby ASC to collect biometrics (such as your photograph, fingerprints, and signature).

If you do not receive your ASC notice withing weeks of filing your application, call 800-375-5283. If you also mailed applications under Instructions B, you will receive two notices with different receipt numbers. You must wait for and take both scheduling notices to your ASC appointment.

You (and your dependents) must then attend the biometrics appointment at the ASC and obtain a biometrics confirmation document before leaving the ASC. You must keep your ASC biometrics confirmation as proof that your biometrics were taken, and you must bring your confirmation to your future Immigration Court hearings.

*** NOTE: IF YOU ARE FILING A FORM I-589 AND/OR ANOTHER APPLICATION, SEE THE REVERSE OF THIS FORM FOR ADDITIONAL INSTRUCTIONS.**

***Important: Failure to complete these actions and to follow any additional instructions that the Immigration Judge has given you could result in delay in deciding your application or in your application being deemed abandoned and dismissed by the court.***

*Revised 4/1/24*

## B. Instructions for Form(s) I-485, I-191, I-601, I-602, I-881, EOIR-40, EOIR-42A, or EOIR-42B

In addition to filing your application (or applications) with the Immigration Court and serving a complete copy of all such applications on the appropriate U.S. Immigration and Customs Enforcement (ICE) Office of the Principal Legal Advisor, you must also complete the following requirements before the Immigration Judge can grant relief in your case.

Send these four items to the USCIS Texas Service Center (see address below):

- A clear *copy* of the entire application form(s) that you will be filing or have filed with the Immigration Court (do not submit any documents such as attachments—send only the completed form itself);
- The appropriate application fee (or fees) or the Immigration Judge's order granting your fee waiver (the fee is listed in the regulations at 8 CFR parts 106 or 1103.7 and at uscis.gov/g-1055, and, for the EOIR forms, at usdoj.gov/eoir);
- A copy of Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, if you are represented; and
- A copy of these instructions.

**USCIS Texas Service Center**
**Attn: EOIR**
**6046 N Belt Line Rd. STE 485**
**Irving, TX 75038-0017**

If you must any fees, you must pay by check or a money order (or separate checks/money orders). Make checks or money orders out to: "U.S. Department of Homeland Security."

After the Texas Service Center receives the four items listed above, you will receive a USCIS fee receipt notice showing that you have paid the application fee (unless waived). Keep a copy for yourself.

You will also receive a USCIS notice with instructions to appear for an appointment at a nearby application support center (ASC) to collect your biometrics (such as your photographs, fingerprints, and signature). This notice contains your important USCIS application receipt number, which you must show at the ASC.

Your dependents will receive separate ASC notices if they are required to provide biometrics.

If you do not receive this notice within three weeks of filing your application, call 800-375-5283.

If you also apply for asylum, take both scheduling notices to your ASC appointment (see side A). Keep copies of all ASC scheduling notices for your records.

You (and your dependents) must then:

- Attend this ASC biometrics appointment and obtain a biometrics confirmation document from the ASC
- File the following with the Immigration Court within the time directed by the Immigration Judge:
  - The original application form;
  - All supporting documentation; and
  - The USCIS fee receipt notice that serves as evidence that you filed your application and paid the filing fees if applicable (unless the Immigration Judge granted you an application fee waiver).

Keep your ASC biometrics confirmation as proof that USCIS collected your biometrics, and bring it to your Immigration Court hearings.

**DO NOT SUBMIT THE ORIGINAL APPLICATION TO USCIS. DO NOT SUBMIT ANY APPLICATIONS TO THE TEXAS SERVICE CENTER (TSC) ADDRESS SHOWN ABOVE OTHER THAN THOSE APPLICATIONS LISTED. ALL OTHER APPLICATIONS, INCLUDING APPLICATIONS FOR EMPLOYMENT AUTHORIZATION AND IMMIGRANT PETITIONS, WILL BE RETURNED TO YOU IF SENT TO THE TSC ADDRESS SHOWN ABOVE. FOR SUBMITTING APPLICATIONS NOT LISTED ON SIDE A OR SIDE B OF THIS PAPER, PLEASE FOLLOW THE INSTRUCTIONS THAT ACCOMPANY THE APPLICATION.**

***Important: Failure to complete these actions and to follow any additional instructions that the Immigration Judge has given you could result in delay in deciding your application or in your application being deemed abandoned and dismissed by the court.***

*Revised 4/1/24*

RESPONDENTS: ASTUDILLO TORRES, MARCIA ELIZABETH, TORRES ASTUDILLO, PAULO ANDRES
FILE NO.: 226-088-780, 226-088-781

**PROOF OF SERVICE**

On October 21, 2024, I, Andrea C. Soto, Esq., served a copy of supplemental evidence (BIOMETRICS REQUEST TO USCIS FOR ASYLUM), by electronically submitting a copy to Honorable Scott Bratton at the Executive Office for Immigration Review (EOIR), Office of the Immigration Judge, 290 Broadway -15th Flr, New York, NY 10007, via ECAS, and to the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement, 26 Federal Plaza, Room 1130, New York, NY 10278, via ICE e-delivery.

/s/ Andrea C. Soto October 21, 2024

Andrea C. Soto, Esq. Date

RESTRICTED Case: 26-1233, 07/30/2026, DktEntry: 17.4, (153 of 154)

Andrea C. Soto, Esq.
SOTO LAW, PLLC
445 Hamilton Ave, Suite 407
White Plains, New York 10601
T: (914) 290-4900
E: asoto@andreasotolaw.com

**NON-DETAINED**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**290 BROADWAY -15th FLR**
**NEW YORK, NY 10007**

---

In the Matter of

**ASTUDILLO TORRES, MARCIA ELIZABETH** **A#: 226-088-780**
**TORRES ASTUDILLO, PAULO ANDRES** **A#: 226-088-781**

In Removal Proceedings.

---

Immigration Judge: Scott Bratton Next Hearing: October 30, 2024 at 1:00 PM

# SUPPLEMENTAL EVIDENCE FOR RESPONDENT'S FORM I-589 APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL

EOIR — 1 of 172

**MARCIA ELIZABETH ASTUDILLO TORRES** **A 226-088-780**
**PAULO ANDRES TORRES ASTUDILLO** **A 226-088-781**

**EXHIBIT LIST IN SUPPORT OF**
**ASYLUM AND WITHHOLDING OF REMOVAL APPLICATION**

| EXH. | NAME | PAGE |
|---|---|---|
| **A.** | Copy of the Applicants, Marcia Elizabeth Astudillo Torres and Paulo Andres Torres Astudillo's Birth Certificates with Translations and Certificates of Translation | **4** |
| **B.** | Copy of the Applicants, Marcia Elizabeth Astudillo Torres and Paulo Andres Torres Astudillo's Passports | **11** |
| **C.** | Applicant Marcia Elizabeth Astudillo Torres' Affidavit in support of I-589 application | **14** |
| | **Country Conditions Reports on Ecuador** | |
| **D.** | U.S. Department of State, *2023 Country Reports on Human Rights Practices: Ecuador*, Available at https://www.state.gov/reports/2023-country-reports-on-human-rights-practices/ecuador/ (Last accessed: October 17, 2024) | **23** |
| **E.** | PRIMICIAS, *Pretrial detention for the crime that occurred in Cuenca on October 15*, Available at https://www.primicias.ec/sucesos/detenido-banda-lobos-crimen-cuenca-azuay-81341/ (Last accessed: October 17, 2024) | **75** |
| **F.** | Ecuavisa, *Cuenca: A man was killed in front of a school*, Available at https://www.ecuavisa.com/noticias/seguridad/cuenca-hombre-asesinato-frente-colegio-KE8161194 (Last accessed: October 17, 2024) | **78** |
| **G.** | Ecuavisa, *Ecuador records 180 femicides so far in 2024, according to the Village Foundation*, Available at https://www.ecuavisa.com/noticias/seguridad/ecuador-registra-180-feminicidios-2024-fundacion-aldea-MB8164853 (Last accessed: October 17, 2024) | **80** |
| **H.** | EL PAÍS, *Murdered in Ecuador, a major prosecutor investigating organized crime and the seizure of the television channel*, Available at https://elpais.com/america/2024-01-17/asesinado-en-ecuador-un-importante-fiscal-que-investigaba-la-delincuencia-organizada-y-la-toma-del-canal-de-television.html (Last accessed: October 17, 2024) | **83** |
| **I.** | CNN, *Ecuador declares 'internal armed conflict' as gunmen take over live TV broadcast*, Available at https://edition.cnn.com/2024/01/09/americas/armed-men-interrupt-live-tv-ecuador-intl/index.html (Last accessed: Jan 19, 2024) | **88** |
| **J.** | BBC NEWS MUNDO, *What was the legalization of gangs in Ecuador during the Correa government (and how violence is compared from then to current)*, Available at https://www.state.gov/reports/2022-country-reports-on-human-rights-practices/ecuador/ (Last accessed: October 17, 2024) | **95** |

EOIR — 2 of 172