**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Soto, Andrea**
**Soto Law, PLLC**
**455 Hamilton Avenue**
**Suite 407**
**White Plains NY 10601**

**DHS/ICE Office of Chief Counsel – NYB**
**26 Federal Plaza, 11th Floor**
**New York NY 10278**

**Name: ASTUDILLO TORRES, MARCIA ELIZA** **A 226-088-780**

**Riders: 226-088-781**

**Date of this Notice: 04/10/2026**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam: Docket

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**ASTUDILLO TORRES, MARCIA ELIZABETH**
**76 Putnam Avenue**
**Port Chester NY 10573**

**DHS/ICE Office of Chief Counsel – NYB**
**26 Federal Plaza, 11th Floor**
**New York NY 10278**

**Name: ASTUDILLO TORRES, MARCIA ELIZA** **A 226-088-780**

**Riders: 226-088-781**

**Date of this Notice: 04/10/2026**

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam: Docket

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Marcia Elizabeth ASTUDILLO TORRES, A226-088-780
Paulo Andres TORRES ASTUDILLO, A226-088-781

Respondents

**FILED**
Apr 10, 2026

ON BEHALF OF RESPONDENTS: Andrea Soto, Esquire

IN REMOVAL PROCEEDINGS
On Motion from a Decision of the Board of Immigration Appeals

Before: Mahtabfar, Appellate Immigration Judge

MAHTABFAR, Appellate Immigration Judge

This matter was last before the Board on September 23, 2025, when we dismissed the respondents'[1] appeal from the Immigration Judge's April 29, 2025, decision denying the lead respondent's applications for asylum under section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A), withholding of removal under section 241(b)(3)(A) of the INA, 8 U.S.C. § 1231(b)(3)(A), and protection under the regulations implementing the Convention Against Torture ("CAT").[2] On October 3, 2025, the respondents, filed the instant motion to reopen their removal proceedings. The Department of Homeland Security has not responded to the motion. The motion will be denied.

The co-respondent seeks reopening so that he may pursue adjustment of status based on the approval of his Special Immigrant Juvenile petition (Form 1-360) by the United States Citizenship and Immigration Services ("USCIS").[3] The respondent argues that her removal

---

[1] The respondents are the lead respondent (A226-088-780) and her minor child (co-respondent). References to the respondent in the singular are to the lead respondent, unless otherwise indicated.
[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.18(a) (2020); 8 C.F.R. § 1208.17.
[3] We have considered the entirety of the respondents' arguments in the motion]. However, as the respondents have not paginated their motion, we are unable to provide citations to specific pages of their motion in this decision. See EOIR Policy Manual, Part III: BIA Practice Manual, § 3.3(c)(3) ("Briefs and other submissions should always be paginated.").

proceedings should be reopened as she is the co-respondent's sole caregiver and her removal would likely cause the co-respondent to suffer developmental and emotional harm.

The respondents have not established an adequate basis to warrant reopening of their removal proceedings. Here, the respondent does not claim that she is eligible for any immediate relief from removal. Also, the respondents have not established that reopening is warranted in relation to the co-respondent's eligibility for adjustment of status. An alien with an approved visa petition may apply for adjustment of status only when an immigrant visa is immediately available. *See* INA § 245(a), 8 U.S.C. § 1255(a); 8 C.F.R. § 245.1(a), 1245.1(a). Visa availability for those classified as special immigrant juveniles is governed by section 203(b)(4) of the INA, 8 U.S.C. § 1153(b)(4), which sets aside 7.1 percent of the worldwide allotment of immigrant visas annually for fourth preference employment-based immigrants, including most categories of special immigrants. *See also* Bureau of Consular Affs., U.S. Dept of State, Visa Bulletin, Vol XI, No. 13 (April 2026). According to the United States Department of States visa bulletin for April 2026, visas are currently available to aliens who filed their special immigrant juvenile visa petitions before July 15, 2022. The co-respondent's visa priority date is March 28, 2025, indicating a 3-year gap between his priority date and the current eligibility priority date. Thus, the co-respondent's eligibility for adjustment of status based on an approved special immigrant juvenile petition is speculative considering the 3-year delay in visa availability, and he has not demonstrated prima facie eligibility for relief. *See Matter of Cahuec Tzalam*, 29 I&N Dec. 300, 305 (BIA 2025) (finding that the nearly 5-year gap between the current eligibility priority date and the respondent's priority date is too remote and the ability to adjust status is too speculative to warrant administrative closure); *Matter of Chen*, 28 I&N Dec. 676, 681-82 (BIA 2023) (holding that a respondent seeking reopening must establish prima facie eligibility for the relief sought).

The respondents alternatively request we reopen proceedings sua sponte. Sua sponte authority may be exercised to reopen in truly exceptional situations where the interests of justice would be served. *Matter of G-D-*, 22 I&N Dec. 1132, 1134 (BIA 1999). This sua sponte authority is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship. *Matter of J-J-*, 2 1 I&N Dec. 976, 984 (BIA 1997). We conclude that the record before us does not present an exceptional situation that warrants the exercise of our sua sponte reopening authority in these proceedings. ). For the foregoing reasons, we deny the respondents' motion to reopen these proceedings.

Accordingly, the following order will be entered.

ORDER: The motion to reopen is denied.

NOTICE: If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or

herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* section 274D of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1324d; 8 C.F.R. § 280.53(b)(14). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a).

# MESSAGE TO ILLEGAL ALIENS:
# A WARNING TO SELF-DEPORT

## Benefits:

**For More Information:**

SCAN ME

Self-deportation is safe. Leave on your own terms by picking your departure flight.

Keep money earned in the U.S. If you self-deport as a non-criminal illegal alien.

Future opportunity for legal immigration. If you self-deport using CBP Home instead of being deported by ICE.

Possible Flights Home. You may be eligible to a subsidized flight if you cannot af ord to leave.

## Consequences:

Immediate deportation. You will be apprehended by DHS with no opportunity to get your af airs in order beforehand.

Fines and penalties. A fine of $998 *per day* if you received a final order of removal and stayed. A fine of $1,000 - $5,000 if you fail to self-deport after claiming that you will.

Possible imprisonment. If you fail to self-deport, you may be subject to jail time.

Barred from returning. Prohibited from reentering the U.S. through the legal immigration system.

DEPARTMENT OF JUSTICE
QUI PRO DOMINA JUSTITIA SEQUITUR

# MENSAJE A LOS INMIGRANTES ILEGALES:

# UNA ADVERTENCIA PARA LA AUTODEPORTACIÓN

## BENEFICIOS:

**Autodeportación es mas seguro.** Puede viajar bajo sus propios términos y elegir su vuelo.

**Mantenga su dinero ganado en los Estados Unidos.** Si se autodeporta como un inmigrante no criminal.

**Oportunidades de inmigración legal en el futuro.** Si se autodeporta usando la aplicación CBP Home en lugar de ser deportado por ICE.

**Posibles vuelos a casa.** Podrá ser eligible a que su vuelo sea pagado si no puede pagarlo por su cuenta.

**Para más información:**

SCAN ME

## Consecuencias :

**Deportación Inmediata.** Sera arrestado por DHS sin tener la oportunidad de poder hacer ningún arreglo de antemano.

**Multas y Sanciones.** Una multa de $998 por día si recibe una ultima orden de deportación y decide quedarse. Una multa de $1,000 - $5,000 si no se auto deporta después de haber dicho que si lo haría.

**Posible Encarcelamiento.** Si no se autodeporta, será sujeto a tiempo en prisión.

**Prohibido Regresar.** Prohibido de regresar a los Estado Unidos por el sistema legal de migración.

DEPARTMENT OF JUSTICE
QUI PRO DOMINA JUSTITIA SEQUITUR

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Soto, Andrea**
**Soto Law, PLLC**
**455 Hamilton Avenue**
**Suite 407**
**White Plains, NY 10601**

**DHS/ICE OFFICE OF CHIEF COUNSEL - NY**
**26 FEDERAL PLAZA, 11TH FLOOR**
**NEW YORK, NY 10278**

**Name: ASTUDILLO TORRES, MARCIA ...** **A226-088-780**

**Riders:226-088-781**

**Type of Proceeding: Removal**

**Date of this notice: 10/6/2025**

**Type of Motion: MTR BIA-REO**

**Filed by:Alien**

**FILING RECEIPT FOR MOTION**

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of your motion and fee or fee waiver request (where applicable) on 10/3/2025 in the above-referenced case.

**PLEASE NOTE**:

Filing a motion with the Board DOES NOT automatically stop the Department of Homeland Security from executing an order of removal or deportation. If you are in DHS detention and are about to be deported, you may request the Board to stay your deportation on an emergency basis. For more information, call BIATIPS at (703) 605-1007.

In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for each family member who is included in this motion.

If you have any questions about how to file something at the Board, please review the Board's Practice Manual contained within EOIR's Policy Manual and found on EOIR's website at www.usdoj.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

If the respondent/applicant is unrepresented (also called pro se) and receives assistance on documents to be filed with the Board (such as help preparing an appeal, motion, form, briefs, or other documents), a Notice of Entry of Limited Appearance for Document Assistance before the Board of Immigration Appeals (Form EOIR-60) must be submitted with the document(s) that assistance was provided when filed with the Board.

**FILING INSTRUCTIONS -- IMPORTANT REMINDER**

Electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. See 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address listed in the FILING ADDRESS: section below is encouraged to ensure timely filing.

**FILING ADDRESS**:

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

SalinasD
Userteam: Motions

SOTO LAW, PLLC

ANDREA C. SOTO
COUNSELLOR AT LAW

White Plains Office
Mailing Address:
445 Hamilton Avenue, Suite 407
White Plains, NY 10601

Riverhead Office
30 West Main Street
Riverhead, NY 11901

TELEPHONE: (800) 494-8031
FACSIMILE: (914) 898-9100
DIRECT/TEXT: (914) 290-4900
E-MAIL: asoto@andreasotolaw.com

October 3rd, 2025

**VIA HAND DELIVERY**
Board of Immigration Appeals
Office of the Chief Clerk
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

Clerk's Office
OCT 03 2025
Received
BIA

**RE: Marcia Elizabeth Astudillo Torres/
Paulo Andres Torres Astudillo
A #226-088-780/781**

Dear Clerk:

This office represents Marcia Elizabeth Astudillo Torres and Paulo Andres Torres Astudillo in their immigration matters. Enclosed for filing please find:

- Notices of Entry of Appearance as Attorney or Accredited Representative (Form EOIR-27) for the respondents;
- BIA Motion Payment Receipt $1,010 filing fee payable to the U.S. Department of Justice;
- Motion for Emergency Stay of Removal with Exhibits;
- Motion to Reopen and Remand with Exhibits.

Thank you for your immediate attention to this matter.

Very truly yours,

SOTO LAW, PLLC

Andrea C. Soto, Esq.

Andrea C. Soto
Attorney at Law
445 Hamilton Avenue, Suite 407
White Plains, NY 10601
Phone: (800) 494-8031
Email: asoto@andreasotolaw.com

NON-DETAINED
A# 226-088-780/781

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**
**FALLS CHURCH, VIRGINIA**

| | | |
|---|---|---|
| IN THE MATTERS OF: | | |
| ASTUDILLO TORRES, Marcia Elizabeth, and TORRES ASTUDILLO, Paulo Andres, | File No. | A# 226-088-780<br>A# 226-088-781 |
| Respondents. | | |
| **IN REMOVAL PROCEEDINGS** | | |

Hon. Imm. Judge: TBD

Hearing Date: TBD

**MOTION TO REOPEN AND REMAND**

Clerk's Office
OCT 03 2025
Received
BIA

## I. INTRODUCTION

Pursuant to INA § 240(c)(7), Respondents, Marcia Elizabeth Astudillo Torres, and minor Respondent, Paulo Andres Torres Astudillo, currently 14 years old, hereby move to reopen removal proceedings. Respondents file this emergency motion to reopen based on the grounds that the minor Respondent, has been granted the status as Special Immigrant by the USCIS, according to approval notice dated August 22nd, 2025, and the Lead Respondent has been appointed his legal guardian.

## II. BACKGROUND

The Immigration Judge ordered removal in these proceedings due to denial of the lead Respondent's asylum application on April 29th, 2025. The Court denied the respondents' application for Asylum, Withholding of Removal and Withholding of Removal under the Convention Against Torture and subsequently ordered the removal of Respondents. Respondents appealed the matter to the BIA and received a denial of their appeal on or about September 23, 2025.

## III. STATEMENT OF LAW

This motion is filed outside the statutory and regulatory limitations applicable to motions to reopen. The Immigration Court retains discretionary authority to reopen proceedings *sua sponte* at any time pursuant to 8 C.F.R. § 1003.23(b)(1). This extraordinary remedy may be granted in cases involving exceptional circumstances, particularly where new material facts or equities arise that were not fully considered in prior proceedings.

A motion to reopen asks the IJ or BIA to reopen proceedings so that the respondent may present new evidence and a new decision can be entered following an evidentiary hearing.

*Matter of Cerna*, 20 I&N Dec. 399, 403 (BIA 1991). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." INA § 240(c)(7)(B). It must be accompanied by the application for relief and all supporting documents. 8 C.F.R. § 1003.2(c)(1). In general, only one motion to reopen may be filed, and it must be filed within 90 days of the date of entry of a final administrative order. INA § 240(c)(7)(A), (C)(i).

## IV. THE BOARD SHOULD GRANT THIS MOTION TO REOPEN

***Good Cause is Established for the following reasons:***

1. Respondents retained SOTO LAW, PLLC, to represent her in this matter. *See attached E-27 herein as* **"Exhibit A."**
2. Under 8 C.F.R. § 1003.23(b)(3), a motion to reopen must be based on new, material evidence that was unavailable at the time of the original hearing. Additionally, 8 C.F.R. § 1003.2(a) allows the Board of Immigration Appeals (BIA) to reopen proceedings Sua sponte in "exceptional situations."
3. Respondents file this motion to reopen in emergency circumstances. They face imminent removal without the opportunity to present the below bases for reopening the prior removal order in this case to the Board. Therefore, Respondents seek reopening based on the following claims with documents related to Respondents' case including the guardianship petition.
4. Respondent child is eligible for Special Immigrant Juvenile Status, and the USCIS has approved his I-360, Petition for Amerasian, Widow(er), or Special Immigrant as of August 22, 2025.

5. The lead Respondent is the mother of the child with approved I-360 status. *See attached Approved I-360 Letter herein as* **"Exhibit B."** Reopening is Warranted in the Interest of Justice to Protect the Best Interests of the child. Specifically, the child is able to adjust status as soon as an immigrant visa priority date becomes available, and thus, having him removed at this stage would deny him the possibility, despite his approved status. *See Matter of L-S-*, 25 I&N Dec.705 (BIA 2012) which allows reopening where new applications for relief are submitted that materially change the case therefore further justifying the stay.

6. The lead respondent contents that her role as a caregiver to her child constitutes such an extraordinary circumstance. Her continued removal with the minor respondent would likely cause developmental and emotional harm to her child. Further, a New York State Family Court Judge previously ordered that the Child should remain in the United States with the lead Respondent, who was also appointed as the Child's guardian, as it was determined that the minor respondent had no one in his country of origin to care for him, and that it was too dangerous for him to return. *See New York Family Orders herein as* **Exhibit "C".** The Board has long recognized the importance of considering the hardship that results when a sole caregiver faces removal. In *Matter of Recinas*, 23 I&N Dec. 467 (BIA 2002), the Board found that a single mother who provided the sole financial and familial support for her six U.S. citizen children, with no family ties in her country of origin and limited resources, established eligibility for cancellation of removal because her children would face exceptional and extremely unusual hardship if she were deported. The factors considered included her role as the sole source of support, her children's lack

of familiarity with the language and culture of Mexico, and the unavailability of alternative immigration options.

7. Similarly, Ms. Astudillo Torres is the sole caregiver for her young son, who has an approved Special Immigrant Juvenile petition and will be eligible for adjustment of status once his priority date becomes available. While she has not been granted discretionary relief under asylum or withholding, the equities in her case— particularly her son's reliance on her for all emotional, financial, and physical support—demand that she remain in the United States with him while his path to lawful status is realized.

## V. DISCRETION & PRIMA FACIE RELIEF

Respondents warrant a favorable exercise of the court's discretion to reopen these proceedings. Respondent child has an approved I-360 Petition and court orders that demonstrate it is not in the best interest for the child to return back to his home country of Ecuador. The child must remain in the United States with his mother who is his sole care giver.

## VI. CONCLUSION

Given the particular facts of this case and the fact the respondent is still eligible for relief, it would constitute a miscarriage of justice to deny this respondent the opportunity to reopen her removal proceedings and seek relief. WHEREFORE, for reasons stated above, it is respectfully requested that the respondent's case be reopened *sua sponte*, and previous order of removal rescinded.

Dated this 3rd of October 2025.

Respectfully submitted,

Andrea C. Soto, Esq.
Attorney for Respondents

Clerk's Office
OCT 03 2025
Received
BIA

## EXHIBITS IN SUPPORT OF MOTION TO REOPEN AND REMAND


| EXH. | NAME | PAGE(S) |
|---|---|---|
| A | Entry of Appearance E-27........................................... | Pp. -9-12 |
| B | Minor Respondent's Approved I-360 Petition before USCIS............................................................... | Pp. -14-14 |
| C | New York Family Court Orders......................................... | Pp. 16-20 |
| D | Letters from lead Respondent's medical providers indicating the lead Respondent's sensitive medical condition resulting from the trauma and fear of possibly having to return to Peru and leave her Child behind............................................................ | Pp. -21-37 |

# EXHIBIT "A"

# EXHIBIT "B"

| Receipt Number<br>MSC2590447524 | | Case Type<br>I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
|---|---|---|
| Received Date<br>03/28/2025 | Priority Date<br>03/28/2025 | Petitioner A226 088 781<br>TORRES ASTUDILLO, PAULO ANDRES |
| Notice Date<br>08/22/2025 | Page<br>1 of 1 | Beneficiary A226 088 781<br>TORRES ASTUDILLO, PAULO ANDRES |

SOTO LAW PLLC
c/o ANDREA SOTO
445 HAMILTON AVENUE STE 407
WHITE PLAINS NY 10601

Notice Type: Approval Notice
Class: SL6
Section: Special Immigrant-Juvenile

The above petition has been approved.

The petition indicates that the person the petition is for is in the United States and will apply for adjustment of status. He or she should access the USCIS website at USCIS.gov/i-485 to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Please read the back of this form carefully for more information.

**THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

**NOTICE:** Although this application/petition has been conditionally approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in the application, petition, and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the Internet, or telephone, and site inspections of businesses and residence. Information obtained during the course of verification will be used to determine whether final approval, revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and the representatives of record will be provided an opportunity to address derogatory information before any formal proceedings is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648003
Lee's SummitMO64002
**USCIS Contact Center: www.uscis.gov/contactcenter**

F.C.A §§651, 652, 654;
D.R.L §240

At a Term of the Family Court of the
State of New York, held in the
County of Westchester,
White Plains, New York,
March 19, 2025

PRESENT: Hon. Arlene A. Gordon-Oliver, J.F.C.
FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------------------------X

In the Matter of a Proceeding for
Custody under article 6
Of the family Court Act or Section 240
of the Domestic Relations Law

Docket No. V-09237-24

File No. 177147

MARCIA ELIZABETH ASTUDILLO TORRES
Petitioner
Relationship to child: Mother

-against-

**ORDER ON PETITION**
**FOR CUSTODY**

RAUL ELIDIO TORRES ALTAMIRANO
Respondent
Relationship to child: Father

Subject Child: **PAULO ANDRES TORRES ASTUDILLO**
**(DOB: 05/09/2011)**

A Minor.

---------------------------------------------------------------------------X

The Petitioner herein having filed a petition on October 11, 2024, pursuant to Article 6 of the Family Court Act, Section 240 of the Domestic Relations Law, requesting an Order of custody of the following Paulo Andres Torres Astudillo, Date of Birth May 9, 2011;

And the Respondent having consented to the petition;

And the Court-Appointed Attorney for the Child, Donna Abrams, Esq. having consented to the award of custody to the Petitioner;

And the Court having searched the statewide registry of orders of protection, the sex offender registry and the Family Court's warrant and child protective records, and having notified the attorneys for the parties and for the child of the results of these searches; and having found no results;

AND THE MATTER HAVING DULY COME ON TO BE HEARD BEFORE THIS COURT, NOW, after examination and inquiry into the facts and circumstances of the case and after hearing the proofs and testimony offered in relation thereto, this Court finds and determines that:

**IT IS THEREFORE ORDERED** that the best interest of Paulo Andres Torres Astudillo requires that Custody be awarded as follows: sole legal and physical custody to the Petitioner, his mother, Marcia Elizabeth Astudillo Torres.

Dated: March 19, 2025
White Plains, New York

ENTER:

Hon. Arlene A. Gordon-Oliver, J.F.C.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OF THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
( ) Order mailed on [specify date(s) and to whom mailed]: ____________________
( ) Order received in court on [specify date(s) and to whom given]: ____________________

8 U.S.C. § 1101 GF-42

(Special Immigrant Juvenile Status Order)
At a Term of the Family Court of the State
of New York, held in the County of
Westchester-White Plains, NY,
March 19, 2025

PRESENT: Hon. Arlene A. Gordon-Oliver, J.F.C.
FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------------X
In the Matter of a Proceeding for
Custody under article 6
Of the family Court Act or Section 240
of the Domestic Relations Law

Docket No. V-09237-24

File No. 177147

MARCIA ELIZABETH ASTUDILLO TORRES
Petitioner
Relationship to child: Mother

-against-

**ORDER – SPECIAL IMMIGRANT JUVENILE STATUS**

RAUL ELIDIO TORRES ALTAMIRANDO
Respondent
Relationship to child: Father

**Subject Child: PAULO ANDRES TORRES ASTUDILLO (DOB: 05/09/2011)**

A Minor.
----------------------------------------------------------------------X

This Court, after examining the motion papers and supporting affidavits, all the pleadings and prior proceedings in this matter, and hearing credible testimony, finds, in accordance with 8 U.S.C. § 1101(a)(27)(J), New York State Family Court Acts § 651, § 1012 and New York State Surrogate's Court Procedure Act § 1701, that:

1. This Family Court is a court which has jurisdiction to make judicial determinations about the custody and care of minors, which include juveniles up to the age of 21. This court took jurisdiction of the above-named juvenile prior to the age of 21 pursuant to New

York State Family Court Acts § 651, §661(a), § 115(c) and New York State Surrogate's Court Procedure Act § 103(27).

2. The above-named child is under 21 years of age and a minor for purposes of Guardianship and/or custody of the person. New York Surrogate Court Procedure Act § 103(27), New York Family Court Act § 661(a).

3. The above-named child is unmarried.

4. The above-named child dependent on the Family Court, a juvenile court under New York law, by virtue of a custody order that was granted by this Court. The above-named child is dependent upon the Family Court and has been committed to and placed in the physical custody of individual, namely, Marcia Elizabeth Astudillo Torres, or entity appointed by the state of Family Court pursuant to the New York State Family Court Acts § 141, § 651, § 1012, and New York State Surrogate's Court Procedure Act § 1701. *Matter of Antowa McD, 856 NYS2d 576 (1st Dept. 2008). Matter of Antowa McD, 856 NYS2d 576 (1st Dept. 2008); Matter of Trudy-Ann W. v. Joan W., 901 NYS2d 296 (2d Dept. 2010).* He has been in the physical care of, Marcia Elizabeth Astudillo Torres, and continues to reside with her. The grant of custody also constitutes a legal commitment of the custodian to the child pursuant to New York Surrogates Act § 1706, which states that the custodian "shall have the right and responsibility to make decisions, including issuing any necessary consents, regarding the child's protection, education, care and control, health, and medical needs, and the physical custody of the person of the child." The grant of custody is also pursuant to New York Family Court Act § 657, which enunciates the rights and authorities of a person possessing a lawful order of custody of a child vis-à-vis school enrollment, health insurance enrollment, and specifics expressly that "persons possessing a lawful order of custody of a child shall have the right and responsibility to make decisions, including issuing any necessary consents, regarding the child's protection, education, care and control, health and medical needs, and the physical custody of the child." There is no legal distinction in New York between the effects of a grant of custody as compared to a grant of guardianship. See, *Matter of Allen V. Fiedler*, 96 A.D. 3d 1682 (4th Dept. 2012). The child is in need of a legal custodian to support him with housing, medical care, educational planning, emotional and financial support. The Court finds that custody serves the child's best interests.

5. Reunification with the father, Raul Elidio Torres Altamirano, is not viable due to abandonment. Thus, under NY Fam. Ct. Act Section 1092(a) the child is considered a

destitute child because he was left in a state of suffering due to lack of care of the father. The record establishes that the father has left the child without providing for his support or care for over seven (7) years. The child's father has not had any contact with the Child for over seven (7) years. After testimony and a review of the record the court finds that the father has not supported the child emotionally or financially. *Alamigir A.*, 81 3d 937 (1st Dept. 2011). The father has not provided for food, clothing, shelter, educational and medical needs as required. The father has neglected his parental duties. The child is abandoned under NYS Social Services Law, Section 384-b(5)(a). *Pineda v. Diaz, 127 A.D.3s 1203 (2d Dep't 2015); Marcelina M.G. v. Israel S., 112 A.D.3d 100, 973 N.Y.S. 2d 714, 721 (2d Dep't 2013).*

6. It is in the child's best interest to remain with the petitioner. There is no available relative or viable resource for the child to live with in the country of nationality or country of last habitual residence of the child or the birth parents. There is no one who is able or willing to provide the child with a safe home and provide for the child's safety and needs. It is in the child's best interest to remain with the petitioner where he has the opportunity to be in a stable environment and further his education. It is not in the Child's best interest to be returned to Ecuador. *Trudy Ann W., 73 AD 793 (2nd Dept. 2010); N.Y. Surr. Ct. Proc. Act § 1707; See also, Eschbach v. Eschbach, 56 N.Y.2d 167 (1982), Matter of Marisol N.H., 115 AD3d 185 (2d Dept. 2014).*

Dated: March 19, 2025
White Plains, New York

ENTER:

____________________________
Hon. Arlene A. Gordon-Oliver, J.F.C.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST. Check applicable box:

( ) Order mailed on [specify date(s) and to whom mailed]:____________________
( ) Order received in court on [specify date(s) and to whom given]:______________

# EXHIBIT "D"

*Hugo M. Morales, M.D., P.C.*
*918 Pelham Pkwy South*
*Bronx, New York 10462*
*(718) 547-5300*

*Diplomate of Psychiatry and Neurology*
*Diplomate of the American Board of Forensic Medicine*

September 30, 2025

Re: Marcia E. Austudillo Torres
DOB: 07/28/1989

## PSYCHIATRIC EVALUATION

Patient is a female born in Ecuador on July 28, 1989. She came under my care due to a fragile mental status. Her demeanor has been described as extremely depressed, apathetic, worrisome, tearful and miserable. Her severe psychopathology as manifested by depression, anxiety, nightmares, worriness, crying spells, insomnia, frustration, irritability and agitation interfere greatly with her ability to function properly at any level despite trying to do the best she can.

## CHIEF COMPLAINTS

The patient's predicament began after May 6, 2025. She received an order of deportation. Following this order, she experienced a decline in her cognitive, emotional and behavioral functioning. Her psychological distress has been described as having frequent bad days, feeling extremely despondent, tearful, worrisome, lacking strength and motivation, and suffering from insomnia, flashbacks and nightmares. Feelings of uselessness, helplessness, crying spells, negative expectancy of the future, frustration, poor concentration and poor memory hinder her ability to function properly at any level. Marcia stated that she becomes frustrated and crying hysterically thinking about what would happen to her 14-years-old son if she gets deported, "he needs me."

## LONGITUDINAL HISTORY

Patient migrated to the United States on June 9, 2024, looking for a better way of living. As stated above, her predicament began after May 6, 2025, after being notified of an order of deportation. She has become progressively depressed, suffering from severe anxiety, poor concentration, poor memory, frustration and severe crying spells.

**Patient: Marcia E. Austudillo Torres**
**DOB: 07/28/1989**

## MENTAL STATUS

It is my professional opinion based upon a reasonable degree of psychiatric certainty that the patient's mental status and behavior in general is totally dysfunctional because of her immigration status, which has rendered her unable to cope properly with her daily activities and personal needs. I spent a considerable amount of time reassuring and advising her to keep calm and think positively. Her mental status has been seriously compromised. She is well oriented to time, place and person. Patient's stream of mental activity is coherent and relevant. Insight judgment is fair. Her mood is depressed, anxious, worrisome and apathetic.

## DIGNOSIS

Major Depressive Disorder (F33.2)
Generalized Anxiety Disorder (F41.1)

## CAUSALITY

I am respectfully asking that you take into consideration the hardship Ms. Austudillo is and will continue facing if she is not granted a waiver for cancellation of removal. Her absence will be an extreme hardship for her and her son as he not only loves her; he depends on her in every aspect of his life. I know you hear from thousands of people daily, respectfully, please consider this case and grant Ms. Austudillo this removal of cancellation. It is my professional opinion that Ms. Austudillo presents no danger whatsoever to the interest of the United States of America.

## RECCOMENDATION:

Patient was advised to continue her treatment on a regular basis.

Very truly yours,

Hugo M. Morales, M.D., P.C.

HUGO M. MORALES, MD, PC
918 PELHAM PKWY SOUTH
BRONX, NY 10462
LIC# 0?3?35

WMC Health **Westchester Medical Center**

Westchester Medical Center Health Network

Westchester Medical Center
100 Woods Road
Valhalla, NY 10595-1530

| | | | |
|---|---|---|---|
| Patient: | ASTUDILLO TORRES, MARCIA | | |
| MRN: | 4398482 | Admit: | 9/27/2025 |
| FIN: | 1059422897 | Disch: | |
| DOB/Age: | 7/28/1989 36 years | Admitting: | |
| Admin Sex: | Female | | |
| Birth Sex: | Female | | |
| Location: | WMC Emergency Department; HW13; A | | |

## *Emergency Documentation*

| | |
|---|---|
| Document Type: | ED Discharge Summary |
| Service Date/Time: | 9/27/2025 05:18 EDT |
| Result Status: | Auth (Verified) |
| Document Subject: | ED Discharge Summary |
| Sign Information: | Richards RN,Jessica (9/27/2025 05:18 EDT) |
| Review Information: | |

# ASTUDILLO TORRES, MARCIA

DOB: 07/28/1989
MRN: 4398482
Visit Date: 09/27/2025

## General Emergency Department Discharge Instructions

The exam and treatment you received in the Emergency Department were for an urgent problem and are not intended as complete care. It is important that you follow up with a doctor, nurse practitioner, or physician's assistant for ongoing care. If your symptoms become worse or you do not improve as expected and you are unable to reach your usual health care provider, you should return to the Emergency Department. We are available 24 hours a day.

### You were treated in the ED by:

Primary Physician:
Piansky, Jason

### Your Diagnosis from Today's Visit is:

Headache
Syncope

### Medication(s) Administered during your Emergency Department Visit:

**Given**

- Benadryl, 25 mg, IV Push
- ketorolac, 15 mg, IV Push
- lactated ringer's bolus, 1000 ml, IV Bolus
- Reglan, 10 mg, IV Push

### Tests Performed:

Lab

| Test Name | Test Result | Date/Time |
|---|---|---|
| Glucose | 96 mg/dL | 09/27/2025 02:56 EDT |
| Sodium | 138 mEq/L | 09/27/2025 02:56 EDT |
| Potassium | 3.3 mEq/L | 09/27/2025 02:56 EDT |
| Chloride | 104 mEq/L | 09/27/2025 02:56 EDT |
| CO2 | 24 mEq/L | 09/27/2025 02:56 EDT |
| BUN | 9 mg/dL | 09/27/2025 02:56 EDT |
| Creatinine | 0.66 mg/dL | 09/27/2025 02:56 EDT |
| Anion Gap | 8 mEq/L | 09/27/2025 02:56 EDT |
| AST | 17 U/L | 09/27/2025 02:56 EDT |
| ALT | 16 U/L | 09/27/2025 02:56 EDT |

RESTRICTED Case: 26-1233, 07/31/2026, DktEntry: 18.2, (30 of 66)

## Westchester Medical Center

| | | | |
|---|---|---|---|
| Patient Name | ASTUDILLO TORRES, MARCIA | | |
| MRN: | 4398482 | Admit | 9/27/2025 |
| FIN. | 1059422897 | Disch. | |
| DOB/Age | 7/28/1989 36 years | Admitting: | |
| Admin Sex | Female | | |

### *Emergency Documentation*

| Test Name | Test Result | Date/Time |
|---|---|---|
| Alkaline Phosphatase | 71 U/L | 09/27/2025 02:56 EDT |
| Total Bilirubin | 0.8 mg/dL | 09/27/2025 02:56 EDT |
| Total Protein | [illegible] | 09/27/2025 02:56 EDT |
| Albumin | 4.5 g/dL | 09/27/2025 02:56 EDT |
| Globulin | [illegible] | 09/27/2025 02:56 EDT |
| eGFR | 117 | 09/27/2025 02:56 EDT |
| Lipase | 21 U/L | 09/27/2025 02:56 EDT |
| Est Glomerular Filtration Rate | See Comment | 09/27/2025 02:56 EDT |
| HCG Quantitative | <2.0 mIntlUnit/mL | 09/27/2025 02:56 EDT |
| Calcium | 9.4 mg/dL | 09/27/2025 02:56 EDT |
| Hemolysis Index | No Hemolysis | 09/27/2025 02:56 EDT |
| Lipemia Index | No Lipemia | 09/27/2025 02:56 EDT |
| Icteric Index | Non Icteric | 09/27/2025 02:56 EDT |
| Estimated Creatinine Clearance | 108.64 mL/min | 09/27/2025 03:52 EDT |
| BNP | <10 pg/mL | 09/27/2025 02:56 EDT |
| Troponin I, High Sensitivity | <4 ng/L | 09/27/2025 04:15 EDT |
| Troponin I, HS Delta 2HRS | Not Applicable | 09/27/2025 04:15 EDT |
| Troponin Interpretation | Not Applicable | 09/27/2025 04:15 EDT |

Radiology

XR Chest 1 View Frontal 09/27/2025 03:37 EDT

## What to Do Next

- Take this sheet with you when you go to your follow-up visit.
- It is very important to your health that you provide your doctor with the final results of medical testing, including the final results of labs and radiology tests, prior to your follow up appointment with your doctor. Some of these results may not have been finalized at the time of your ED visit.
- Take all medications as directed
- If your physician is a member of the Medical Staff at Westchester Medical Center, he/she can obtain your records by logging into the WMC Network. You may also obtain your Lab and Radiology results via the Patient Portal. Instructions for the Patient Portal are available on the website www.westchestermedicalcenter.org. If you need further assistance with your medical record, please call 914-493-7600.
- You may obtain copies of you Emergency Department record by completing an authorization request from the Health Information Management Department. The authorization form is available on the WMC website

**Westchester Medical Center**

| | | | |
|---|---|---|---|
| Patient Name | ASTUDILLO TORRES, MARCIA | | |
| MRN: | 4398482 | Admit: | 9/27/2025 |
| FIN: | 1059422897 | Disch: | |
| DOB/Age: | 7/28/1989 36 years | Admitting: | |
| Admin Sex | Female | | |

## *Emergency Documentation*

www.westchestermedicalcenter.org found under 'Patient and Visitors'-> 'Obtain Medical Records'. Follow the instructions on the website for submitting and allow 5-10 days for processing once the request is received.

- If you have any problem arranging the follow-up visit, contact the Emergency Department immediately.

## You Need to Schedule the Following Appointments:

**Follow Up with** OPD General Neurology
**When:** Within 3 to 5 days

**Where:** 19 Bradhurst Ave Suite 700
Hawthorne, NY 10532-2140
(914)493-7667

**Follow Up with** primary care doctor
**When:** Within 24 Hours

## Medications

| | What | How Much | When | Instructions | Next Dose |
|---|---|---|---|---|---|
| *Unchanged* | ocular lubricant (TheraTears preservative-free ophthalmic solution) | 1 Drops Both eyes | 4 times a day as needed for as needed for dry eyes | | |

## Education Materials

### Síncope en los adultos
### Syncope, Adult




El síncope hace referencia a una afección en la cual una persona pierde la conciencia temporalmente. También se lo puede conocer como desmayo. La causa del síncope es una disminución súbita del flujo de sangre al cerebro. Puede suceder por diversos motivos.

La mayoría de las causas del síncope no son peligrosas. Puede desencadenarse por cosas tales como pinchazos de agujas, ver sangre, sentir dolor o emociones intensas. Sin embargo, el síncope también puede ser un signo de un problema médico grave, como una anomalía cardíaca. Otras causas pueden ser la deshidratación, las migrañas o tomar medicamentos que bajan la presión arterial. El médico puede hacerle estudios para encontrar el motivo por el cual tiene un síncope.

**Westchester Medical Center**

| | | | |
|---|---|---|---|
| Patient Name. | ASTUDILLO TORRES, MARCIA | | |
| MRN: | 4398482 | Admit: | 9/27/2025 |
| FIN: | 1059422897 | Disch: | |
| DOB/Age | 7/28/1989 36 years | Admitting: | |
| Admin Sex: | Female | | |

***Emergency Documentation***

Ante un desmayo, obtenga ayuda médica de inmediato. Comuníquese con el servicio de emergencias de su localidad (911 en los Estados Unidos)

## Siga estas indicaciones en su casa:

Este atento a cualquier cambio en los síntomas. Para mantener su seguridad y ayudar a aliviar sus síntomas, tome estas medidas:

**Cómo saber cuándo puede estar a punto de desmayarse**

- Los signos de que alguien está por desmayarse incluyen lo siguiente:
  - Sentirse mareado, débil, aturdido o como si la habitación estuviera girando.
  - Sentir náuseas.
  - Ver manchas o ver todo blanco o todo negro en el campo de visión.
  - Tener la piel fría y húmeda o sentir calor y sudar.
  - Tener un zumbido en los oídos (acufenos).
- Si comienza a sentir que podría desmayarse, siéntese o recuéstese inmediatamente. Si se sienta, baje la cabeza y colóquela entre las piernas. Si se recuesta, levante (eleve) los pies por encima del nivel del corazón.
  - Respire profundamente y de manera continua. Espere hasta que los síntomas hayan desaparecido.
  - Pídale a alguien que se quede con usted hasta que se sienta estable.

**Medicamentos**

- Use los medicamentos de venta libre y los recetados solamente como se lo haya indicado el médico.
- Si está tomando medicamentos para la presión arterial o para el corazón, póngase de pie lentamente, tómese algunos minutos para permanecer sentado y luego párese. Esto puede reducir los mareos y el riesgo de tener un síncope.

**Estilo de vida**

- No conduzca vehículos, no use maquinarias ni practique deportes hasta que el médico lo autorice.
- No beba alcohol.
- No consuma ningún producto que contenga nicotina o tabaco. Estos productos incluyen cigarrillos, tabaco para mascar y aparatos de vapeo, como los cigarrillos electrónicos. Si necesita ayuda para dejar de consumir estos productos, consulte al médico.
- Evite saunas y bañeras de hidromasajes.

**Indicaciones generales**

- Converse con el médico acerca de sus síntomas. Es posible que deba realizarse estudios para entender la causa del síncope.
- Beba suficiente líquido como para mantener la orina de color amarillo pálido.
- Evite permanecer de pie mucho tiempo. Si debe permanecer de pie durante mucho tiempo, realice movimientos como los siguientes:
  - Mover las piernas.
  - Cruzar las piernas.
  - Flexionar y estirar los músculos de las piernas.
  - Ponerse en cuclillas.

- Concurra a todas las visitas de seguimiento. Esto es importante

## Comuníquese con un médico si:

- Tiene episodios como si fuera a desmayarse

## Solicite ayuda de inmediato si:

- Se desmaya
- Se golpea la cabeza o se lesiona después de desmayarse.
- Tiene cualquiera de estos síntomas que pueden indicar problemas en el corazón:
  - Latidos cardíacos acelerados o irregulares (palpitaciones)
  - Dolor fuera de lo normal en el pecho, el abdomen o la espalda
  - Falta de aire
- Tiene una convulsión.
- Siente un dolor de cabeza intenso.
- Se siente confundido.
- Tiene problemas de visión
- Tiene debilidad intensa o dificultad para caminar
- Sangra por la boca o el recto, o sus heces son de color negro o aspecto alquitranado.

**Estos síntomas pueden representar un problema grave que constituye una emergencia. No espere hasta que los síntomas desaparezcan. Solicite atención médica de inmediato. Comuníquese con el servicio de emergencias de su localidad (911 en los Estados Unidos). No conduzca por sus propios medios hasta el hospital.**

## Resumen

- El síncope hace referencia a una afección en la cual una persona pierde la conciencia temporalmente. También se lo puede conocer como desmayo. La causa del síncope es una disminución súbita del flujo de sangre al cerebro.
- Los signos de que puede estar por desmayarse incluyen mareos, sensación de desvanecimiento, náuseas, cambios repentinos en la visión o piel fría y húmeda.
- Aunque la mayoría de las causas no implican un peligro, el síncope puede ser un signo de un problema médico grave. Si se desmaya, solicite ayuda de inmediato.
- Si comienza a sentir que podría desmayarse, siéntese o recuéstese inmediatamente. Si se sienta, baje la cabeza y colóquela entre las piernas. Si se recuesta, levante (eleve) los pies por encima del nivel del corazón.

Esta información no tiene como fin reemplazar el consejo del médico. Asegúrese de hacerle al médico cualquier pregunta que tenga.

Document Revised: 05/20/2022 Document Reviewed: 05/20/2022

Elsevier Patient Education © 2024 Elsevier Inc.

## Dolor de cabeza general sin causa
## General Headache Without Cause

El dolor de cabeza es un dolor o malestar que se siente en la zona de la cabeza o del cuello. Hay muchas causas y tipos de dolores de cabeza. Entre los tipos más frecuentes, se incluyen los siguientes:

Westchester Medical Center

Patient Name: ASTUDILLO TORRES, MARCIA
MRN: 4398482
FIN: 1059422897
DOB/Age: 7/28/1989 36 years
Admin Sex: Female

Admit: 9/27/2025
Disch:
Admitting:

## Emergency Documentation

- Cefaleas tensionales
- Cefaleas migrañosas
- Cefalea en brotes.
- Cefaleas diarias crónicas.

En ocasiones, el dolor de cabeza puede no tener una causa específica.

## Siga estas indicaciones en su casa:

Controle su afección para detectar cualquier cambio. Informe a su médico acerca de cualquier cambio. Siga estos pasos para controlar su afección:

Control del dolor

- Use los medicamentos de venta libre y los recetados solamente como se lo haya indicado el medico. El tratamiento puede incluir medicamentos para el dolor que se toman por boca o que se aplican sobre la piel.
- Cuando sienta dolor de cabeza acuéstese en un cuarto oscuro y tranquilo.
- Mantenga las luces tenues si las luces brillantes le molestan o sus dolores de cabeza empeoran.
- Si se lo indican, aplíquese hielo en la cabeza y en la zona del cuello:
  - Ponga el hielo en una bolsa plástica.
  - Coloque una toalla entre la piel y la bolsa.
  - Aplique el hielo durante 20 minutos, 2 a 3 veces al día.
  - Retire el hielo si la piel se pone de color rojo brillante. Esto es muy importante. Si no puede sentir dolor, calor o frío, tiene un mayor riesgo de que se dañe la zona.
- Si se lo indican, aplique calor en la zona afectada. Use la fuente de calor que el medico le recomiende, como una compresa de calor húmedo o una almohadilla térmica.

**Westchester Medical Center**

Patient Name ASTUDILLO TORRES, MARCIA
MRN: 4398482 Admit: 9/27/2025
FIN: 1059422897 Disch:
DOB/Age 7/28/1989 36 years Admitting:
Admin Sex. Female

## *Emergency Documentation*

Coloque una toalla entre la piel y la fuente de calor

Aplique calor durante 20 a 30 minutos

Retire la fuente de calor si la piel se pone de color rojo brillante. Esto es especialmente importante si no puede sentir dolor, calor o frío. Corre un mayor riesgo de sufrir quemaduras.

**Comida y bebida**

- Mantenga un horario para las comidas
- Si bebe alcohol

  Limite la cantidad que bebe a lo siguiente:
  - De 0 a 1 medida por día para las mujeres que no están embarazadas.
  - De 0 a 2 medidas por día para los hombres.

  Sepa cuanta cantidad de alcohol hay en las bebidas. En los Estados Unidos, una medida equivale a una botella de cerveza de 12 oz (355 ml), un vaso de vino de 5 oz (148 ml) o un vaso de una bebida alcohólica de alta graduación de 1½ oz (44 ml)
- Deje de tomar cafeína o disminuya la cantidad que consume.
- Beba suficiente líquido como para mantener la orina de color amarillo pálido.

**Indicaciones generales**



- Lleve un diario de los dolores de cabeza para averiguar qué factores pueden desencadenarlos. Registre, por ejemplo, lo siguiente:

  Lo que usted come y bebe.

  El tiempo que duerme

  Algún cambio en su dieta o en los medicamentos.
- Pruebe algunas técnicas de relajación, como los masajes.
- Limite el estrés
- Siéntese con la espalda recta y no tense los músculos.
- No consuma ningún producto que contenga nicotina o tabaco. Estos productos incluyen cigarrillos, tabaco para mascar y aparatos de vapeo, como los cigarrillos electrónicos. Si necesita ayuda para dejar de consumir estos productos, consulte al médico
- Haga actividad física habitualmente como se lo haya indicado el médico.
- Tenga un horario fijo para dormir. Duerma entre 7 y 9 horas todas las noches o la cantidad de horas que le haya recomendado el médico
- Concurra a todas las visitas de seguimiento. Esto es importante.

## Comuníquese con un médico si:

RESTRICTED Case: 26-1233, 07/31/2026, DktEntry: 18.2, (36 of 66)



- Los medicamentos no le alivian los síntomas
- Tiene un dolor de cabeza que es diferente de la cefalea habitual.
- Tiene náuseas o vómitos
- Tiene fiebre

## Solicite ayuda de inmediato si:

- El dolor de cabeza
  - Se vuelve intenso rápidamente.
  - Empeora después de hacer actividad física moderada o intensa.
- Tiene alguno de estos síntomas:
  - Vómitos repetidos
  - Dolor o rigidez en el cuello.
  - Cambios en la visión.
  - Dolor en un ojo o en un oído.
  - Problemas para hablar
  - Debilidad muscular o pérdida del control muscular.
  - Pérdida del equilibrio o de la coordinación.
- Sufre mareos o se desmaya
- Experimenta confusión
- Tiene una convulsión

Estos síntomas pueden representar un problema **grave que constituye una emergencia. No espere a ver si los síntomas** desaparecen. Solicite atención médica **de inmediato. Comuníquese con el servicio de emergencias de su localidad (911 en los** Estados Unidos). No conduzca por sus propios **medios hasta el hospital.**

## Resumen

- El dolor de cabeza es un dolor o malestar que se siente en la zona de la cabeza o del cuello.
- Hay muchas causas y tipos de dolores de cabeza. En algunos casos, es posible que no se encuentre la causa.
- Lleve un diario de los dolores de cabeza para averiguar qué factores pueden desencadenarlos. Controle su alección para detectar cualquier cambio. Informe a su médico acerca de cualquier cambio.
- Comuníquese con un médico si tiene un dolor de cabeza que es diferente de lo habitual o si los síntomas no se alivian con los medicamentos.
- Solicite ayuda de inmediato si el dolor se vuelve intenso, vomita, tiene pérdida de la visión, pierde el equilibrio o tiene una convulsión.

Esta información no tiene como fin reemplazar **el consejo del médico. Asegúrese de hacerle al médico** cualquier pregunta que tenga.

Document Revised: 06/07/2022 Document **Reviewed: 06/07/2022**
Elsevier Patient Education © 2024 Elsevier Inc.

## Allergies

Westchester Medical Center

Patient Name: ASTUDILLO TORRES, MARCIA
MRN: 4398482
FIN: 1059422897
DOB/Age: 7/28/1989 36 years
Admin Sex: Female

Admit: 9/27/2025
Disch:
Admitting:

**Emergency Documentation**

No Known Allergies

## Additional Information

Primary care providers (PCP) are sometimes referred to as PMD or PCP. They are usually Internal Medicine, Family Practice Physicians or Pediatric Physicians. The Emergency Department is always available 24 hours a day / 7 days a week for emergencies, but we are not a substitute for primary medical care. If you have been to the Emergency Department frequently, there may be added benefit to seeing a primary care provider. If you do not already have a PCP, we can help you find one. A certified medical home such as the WMC Medicine Clinic can provide medical care as well as care coordination. You can reach the WMC Medicine clinic at 914-493-7667. You may have to choose a Physician from the WMC Medicine Clinic as your PCP for your insurance company. Alternatively, your insurance company may provide you with a list of providers available to you. Another comprehensive option depending on your insurance is the Advanced Physician Services Department of Medicine at 914-592-2400. For a list of Pediatric and Adolescent Physicians, please contact Boston Children's Hospital Concierge Service at 1-844-463-2247.

**HEALTH HOME PROGRAM IS A FREE, NO COST SERVICE**

What can a Health Home program help YOU

- Connecting to Medical, Mental Health, and Substance Abuse services
- Making and remembering appointments, and help with transportation issues
- Help in understanding and finding affordable medication
- Keeping your treatment on track
- Stress management and crisis recovery
- Help with reapplying for Medicaid
- Help with Finding Affordable Housing
- Assistance with applying for benefits
- Signing up for Food assistance
- Employment and training
- Education
- Family and caregiver support
- Legal aid
- Finding childcare
- Dealing with issues before they become a crisis
- Making healthier decisions
- Staying out of the hospital

To qualify for the Health Home Program, you:

Have active Medicaid, AND have two or more chronic conditions (such as heart disease, Asthma, Diabetes, Mental Health condition, HIV/AIDS)

**If you do not have Medicaid, or are not sure if you qualify we can help.**

**Westchester Medical Center**

| | | | |
|---|---|---|---|
| Patient Name | ASTUDILLO TORRES, MARCIA | | |
| MRN | 4398482 | Admit | 9/27/2025 |
| FIN: | 1059422897 | Disch: | |
| DOB/Age: | 7/28/1989 36 years | Admitting: | |
| Admin Sex. | Female | | |

## *Emergency Documentation*

If you live in the Westchester, Rockland, Putnam, Orange, Dutchess and Sullivan counties, please call Hudson Valley Care (HVC) at 1-800-768-5080. If you live in Ulster County, please call: The Institute for family health at 877-207-3387 (Referral Code = WMC)

**Financial Assistance Program:**

Our hospital remains devoted to continued excellence in patient care and serving the community. As a partner in the community, we offer a Financial Assistance program which allows us to provide care to qualifying patients without charge or at amounts less than our established rates for all medically necessary services, including outpatient services, inpatient care, and emergency services. For more information, please visit our website www.westchestermedicalcenter.org or to speak with someone, please call us at:

(914) 493-7830 for Valhalla
(845) 483-5406 for Poughkeepsie
(845) 334-2743 for Kingston and Margaretville
(845) 547- 3888 for Suffern, Port Jervis, and Warwick

Westchester Medical Center

| | | | |
|---|---|---|---|
| Patient Name | ASTUDILLO TORRES, MARCIA | | |
| MRN: | 4398482 | Admit: | 9/27/2025 |
| FIN: | 1059422897 | Disch: | |
| DOB/Age: | 7/28/1989 36 years | Admitting: | |
| Admin Sex: | Female | | |

## *Emergency Documentation*

**Stroke Prevention and Warning Signs and Symptoms of Stroke:**

| | |
|---|---|
| **IS IT A STROKE?** | Act **FAST** and Check for these signs. |
| FACE | Does the face look uneven? |
| ARM | Does one arm drift down? |
| SPEECH | Does their speech sound strange? |
| TIME | Call 9-1-1 at any sign of stroke |

**Call 911 immediately if you experience:**
-Sudden numbness or weakness of the face, arm, or leg especially on one side of the body.
-Sudden confusion, trouble speaking or understanding
-Sudden trouble seeing in one or both eyes
Sudden trouble walking dizziness, loss of balance or coordination
-Sudden severe headache with no known cause

**Risk Factors for Stroke that can be controlled:**
-Atrial fibrillation
-Cigarette smoking
-Diabetes mellitus
-Excessive alcohol consumption
-High Blood Pressure
Overweight (BMI greater than 24)
-Physical inactivity
-Poor diet (high in saturated fats, trans fat, cholesterol, or sodium)

**Heart Attack Signs:**
**-Chest discomfort:** Most heart attacks involve discomfort in the center of the chest and lasts more than a few minutes, or goes away and comes back. It can feel like uncomfortable pressure, squeezing, fullness or pain.
**-Discomfort in upper body:** Symptoms can include pain or discomfort in one or both arms, back, neck, jaw or stomach.
**-Shortness of breath:** With or without discomfort
**-Other signs:** Breaking out in a cold sweat, nausea, or lightheaded
**Remember MINUTES DO MATTER**. If you experience any of these heart attack warning signs, call 9-1-1 to get immediate medical attention.

**988 Suicide and Crisis Lifeline - 988lifeline.org.**
-Call or text the 988 Suicide and Crisis Lifeline at 988
-You can also contact the Crisis Text Line (text HELLO to 741741)
Both services provide 24-hour, confidential support to anyone in suicidal crisis or emotional distress.

**You should seek Medical Attention Immediately, here or at the nearest Emergency Department, if any of the following::**
-You think about hurting yourself or others
-You do not feel safe in your home environment

**Quit smoking. It is the number one cause of preventable disease, disability and death in the U.S.**
-Get Help Quitting Call the NY State Smokers Quit Line: 1-866-NY-QUITS (1-866-697-8487) or visit www.NYsmokefree.com
-The quit line provides free starter kits of nicotine replacement therapy (NRT) to eligible New Yorkers. Services are free and confidential

**Human Trafficking:** Human Trafficking National Hotline: 1-888-373-7888 24 hours a day, 7 days a week. Confidential w > 200 languages available www.humantraffickinghotline.org
-Human Trafficking - A form of modern-day slavery

Westchester Medical Center

| | | | |
|---|---|---|---|
| Patient Name | ASTUDILLO TORRES, MARCIA | | |
| MRN | 4398482 | Admit: | 9/27/2025 |
| FIN | 1059422897 | Disch: | |
| DOB/Age | 7/28/1989 36 years | Admitting: | |
| Admin Sex: | Female | | |

## *Emergency Documentation*

-Human Smuggling A Person illegally crossing the border

**Domestic Violence**
- NYS Domestic and Sexual Violence Hotline 1-800-942-6906
- National Domestic Violence Hotline 1-800-799-SAFE (7233) Multi Language accessibility deaf or HOH dial 711

If you are being abused, it is NOT your fault You are NOT alone. You can get help. Being threatened or actual physical abuse is against the law **IF AT ANY TIME YOU FEEL UNSAFE AROUND YOUR SPOUSE OR PARTNER, YOU SHOULD GET AWAY FROM THAT PERSON AND GO TO A SAFE PLACE IMMEDIATELY OR CALL 911.**

**Bullying - Respond to Bullying Immediately: Stopbullying.gov**
-Physical, verbal or psychological attacks or intimidation against a person who cannot properly defend themselves.

**INFANT at Home Care Safety Instructions:**
-To protect against SIDS, sleeping babies should be on their back and sleep alone

**Keep cribs safe:**
-All cribs should meet the standards of the consumer product safety commission.
-Drop side cribs not recommended.
Use a firm mattress no bumpers, stuffed animals, heavy blankets, sheepskins or pillows in cribs.
-Never smoke around baby
-2nd hand smoke can make baby sick
-3rd hand smoke (poisons and chemicals left on your clothing or where someone smoked can also make baby sick)

**Never shake your baby. Babies brains are fragile. Be gentle with your baby.**

**Always use a babys car seat, and use it correctly**
-New American Academy of Pediatrics recommendation is to use your babys car seat rear facing for about 2 years and 30-40 pounds.
-Follow the instructions on the car seat for weight limits
-Always use safety straps on infant seats

**Bathing need only be done 3 times/week or as needed.**
-Sponge bathe until umbilical cord comes off Check water temperature before placing baby in bath.
-Do not shake powder on baby
Never let go of baby in bath

**Monitor your babys surroundings. Jewelry or any small item can be a choking hazard.**

**Westchester Medical Center**

| | | | |
|---|---|---|---|
| Patient Name: | ASTUDILLO TORRES, MARCIA | | |
| MRN: | 4398482 | Admit: | 9/27/2025 |
| FIN: | 1059422897 | Disch: | |
| DOB/Age: | 7/28/1989 36 years | Admitting: | |
| Admin Sex: | Female | | |

## *Emergency Documentation*

### IMPORTANT INFORMATION: Assistance with a Substance Use Disorder

If you or someone you know needs care for a substance use disorder, the information below will help you understand the disease of addiction and available services.

**What is a Substance Use Disorder**

A substance use disorder (SUD) is a chronic medical condition that can impact a person's health, relationships and their ability to meet major responsibilities at work, school, or home. Loved ones are often the first to recognize changes in an individual who is struggling with a substance use disorder. It can occur gradually over time or suddenly.

**1. Speak to your insurance company about your SUD treatment benefits.**

Insurers regulated by New York State are required to cover certain SUD services, when medically necessary. To find a family support navigator to help with navigating your insurance benefits, or to find other regional services, visit: https://www.oasas.ny.gov/CombatAddiction/RegionalSvc.cfm

- 14 days of in-network medically necessary inpatient services for the treatment of SUD, including detoxification, rehabilitation and residential treatment, without prior authorization or certification.
- Coverage for outpatient diagnosis and treatment of substance use disorder, without prior authorization, including detoxification, rehabilitation and opioid treatment program services.
- Up to twenty outpatient visits per policy or calendar year to an individual who identifies themselves as a family member of a person suffering from substance use disorder and who seeks treatment as a family member that is covered under that policy.
- A 5-day supply of medication to treat a substance use disorder, without prior authorization, for an emergency condition.
- Access to naloxone when prescribed to any person covered by the policy.

**2. Get assessed by a medical professional or a SUD treatment provider.**

Deciding to get help for a substance use disorder is the first step on the path toward recovery. There are many approaches to treating individuals with substance use disorder. Below are some common terms you may hear as you navigate the SUD treatment system.

- **Assessment:** Evaluates your level of addiction and determines the best treatment options for you, using an OASAS approved assessment tool.
- **Detoxification:** Generally, a 3-5 day service in a hospital or residential program with a physician and nurses monitoring you as you withdraw from drugs or alcohol. Medications may be used to alleviate uncomfortable side effects of withdrawal.
- **Rehabilitation:** About 10-25 day treatment that has many types of group and individual sessions, and materials to educate the patient about the disease of addiction. Also a 1-2 day family program for loved ones about the family disease of addiction and how to support each other in the recovery process.
- **Residential Treatment:** 60 - 180 days that combines three elements: stabilization, rehabilitation, and reintegration. The length of time in this level of care depends upon an individual's needs.
- **Outpatient:** Weekly sessions that combine individual, group and family counseling; can include medication-assisted treatment and random drug testing to evaluate compliance with treatment. Outpatient clinics are typically open 6-7 days a week and have evening hours.
- **Medication Assisted Treatment:** The use of behavioral therapy and medications that manage withdrawal symptoms, decrease cravings and prevent relapse to comprehensively address substance use, medical, psychiatric, and social problems.

## *Emergency Documentation*

**3. Find a Program.**
To look for state certified outpatient or bedded programs with openings, go to: https://findaddictiontreatment.ny.gov/ Call or Text 1-877-8-HOPENY Text: HOPENY (467369) 1-877-846-7369 Available 24 hours / 7 days

Confidentiality: Federal laws and regulations provide enhanced confidentiality protections for people who receive substance use disorder treatment. For this reason, programs and/or insurers cannot release information or respond to inquiries about a patient, without patient consent, or if another condition exists that waives the requirements of HIPAA and 42 CFR Part 2

**4. Stay Safe - Opioid Overdose Prevention**
Naloxone is a medication that can prevent an opioid/heroin overdose from becoming fatal. If you or a loved one suffers from opioid addiction, understanding how to use naloxone and having a naloxone kit available can be a life-saving intervention during a heroin or opioid overdose. To find an opioid overdose training program near you, visit New York State's Opioid Overdose Prevention Programs Directory at: http://www.health.ny.gov/diseases/aids/general/resources/oop_directory/index.htm

Not Ready for Treatment: Even if you aren't yet ready to seek professional care for a substance use disorder, it may be helpful to talk with a peer or learn about ways to keep yourself safe. To find a Peer or other services available in your region, go to: https://www.oasas.ny.gov/CombatAddiction/RegionalSvc.cfm

Harm Reduction Services: to find your nearest syringe exchange program (SEP), naloxone program, HCV testing and pharmacies for naloxone and syringes, please visit http://www.thepointny.org/SEPs provide comprehensive wraparound harm reduction services for people who use drugs

Resources:

**New York State Office of Alcoholism and Substance Abuse Services** | www.oasas.ny.gov | 518-473-3460
www.oasas.ny.gov/combataddiction · Talk2Prevent.ny.gov
**The Partnership at Drugfree.org** | 855-378-4373
**Parents. The Antidrug** |www.theantidrug.com | 800-662-HELP
**American Council for Drug Education** |www.acde.org | 800-378-4435
**Families Against Drugs** |www.familiesagainstdrugs.org/
**Al-Anon and Alateen** | www.al-anon.alateen.org | 757-563-1600
**Nar-Anon** |www.nar-anon.org/
**Faces and Voices of Recovery** | www.facesandvoicesofrecovery.org | 202-737-0690 SAMHSA's Center for Substance Abuse Treatment **www.samhsa.gov/about/csat.aspx** | 240-276-1660 Substance Abuse and Mental Health Services | 877-SAMHSA-7
**National Institute on Drug Abuse** www.nida.nih.gov/nidahome.html | 800-662-HELP
**National Council on Alcohol and Drug Dependence** | www.ncadd.org | 800-NCACALL

## 211 New York

**211 New York** is a free, confidential service that connects people across New York State to local resources for food, housing, utilities, health care, mental health, substance use, elder care, disaster assistance, and more. Help is available 24/7 by phone, text, or online

Call/text 211 or choose one of the following **designated contact information listed below for your county** to get localized support

- **Dutchess, Orange, Putnam, Rockland, Sullivan, Ulster, Westchester** | 800-899-1479 | Website: 211hudsonvalley.org

Westchester Medical Center

| | | | |
|---|---|---|---|
| Patient Name | ASTUDILLO TORRES, MARCIA | | |
| MRN: | 4398482 | Admit: | 9/27/2025 |
| FIN: | 1059422897 | Disch: | |
| DOB/Age: | 7/28/1989 36 years | Admitting: | |
| Admin Sex: | Female | | |

## Emergency Documentation

- **Cattaraugus, Chautauqua, Erie, Genesee, Niagara, Orleans, Wyoming** | 888-696-9211 | Website: 211wny.org
- **Cayuga, Livingston, Monroe, Ontario, Seneca, Wayne**| 877-356-9211 | Website: 211lifeline.org
- **Allegany, Chemung, Schuyler, Steuben, Yates** | 800-346-2211 | Website: 211helpline.org
- **Cortland, Tompkins** | 877-211-8667 | Website: 211tompkins.org
- **Jefferson, Lewis, Onondaga, Oswego, St. Lawrence** | 844-245-1922 | Website: 211cny.org
- **Broome, Chenango, Delaware, Otsego, Tioga** | 800-901-2180 | Website: helpme211.org
- **Herkimer, Madison, Oneida** | 844-342-5211 | Website: 211midyork.org
- **Clinton, Essex, Franklin** | 888-774-0289 | Website: 211adk.org
- **Albany, Columbia, Fulton, Greene, Hamilton, Montgomery, Rensselaer, Saratoga, Schenectady, Schoharie, Warren, Washington** 888-366-3211 | Website: 211neny.org
- **Nassau, Suffolk** | 888-774-7633 | Website: 211li.org
- **Bronx, Kings, New York, Queens, Richmond** | 212-639-9675 | Website: nyc.gov/311

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

## Payment Receipt

A payment has been processed for the following case before the Executive Office for Immigration Review.

For cases before the Immigration Court, please contact the Court that is currently hearing your case for questions regarding payment. For cases before the Board of Immigration Appeals (BIA), please contact the BIA Clerk's Office for questions regarding payment at (703) 605-1007.

A copy of this receipt must be included with the application, motion, or appeal that is filed with the Immigration Court or the BIA Clerk's Office. Failure to include a receipt showing proof of payment will result in rejection of the filing.

**A-Number:** 226-088-780

**Payment Tracking ID:** 27S0IJO7

**Payment Processed On:** 10/3/2025 12:52:50 PM EST

**Filing Type:** BIA - Motion (new filing)

**Payment Type:** ACH

**Payment Amount:** $1,010.00

Clerk's Office
OCT 03 2025
Received
BIA

Save or print this receipt immediately. A copy will not be sent via email. The tracking ID is required to retrieve a duplicate receipt.

*Please note there is an **annual fee** for all asylum applications, which is due on the anniversary of each calendar year that an alien's asylum application remains pending; no fee-waiver or reduction in fee is permitted. **This fee must be paid timely**; failure to pay within 30 days of the anniversary due date will likely result in pretermission of the asylum application and an order of removal. This will be the only notice that the alien will receive regarding this annual payment requirement. Payment of this fee can be made at https://epay.eoir.justice.gov/index.

Current annual fee amounts can be found at www.justice.gov/eoir/types-appeals-motions-and-required-fees.

# CERTIFICATE OF SERVICE

A# 226-088-780/781

| | |
|---|---|
| In the Matters of:<br><br>ASTUDILLO TORRES, Marcia Elizabeth, and TORRES ASTUDILLO, Paulo Andres | File No. A# 226-088-780/781 |

I hereby certify that I have served a copy of the attached **Motion to Reopen and Remand** in the above-referenced case upon the Board of Immigration Appeals by:

______eService
___X__personal service in court
______mailing a copy via federal express, to the following address:
______mailing a copy by first class mail, postage prepaid, to the following address:

**Board of Immigration Appeals**
**Office of the Chief Clerk**
**5107 Leesburg Pike, Suite 2000**
**Falls Church, VA 22041**

Dated: October 3, 2025

Andrea C. Soto, Esq
Attorney for Respondents

Clerk's Office
OCT 03 2025
Received
BIA

# CERTIFICATE OF SERVICE

A# 226-088-780/781

| | |
|---|---|
| IN THE MATTERS OF:<br><br>ASTUDILLO TORRES, Marcia Elizabeth, and TORRES ASTUDILLO, Paulo Andres.<br><br>Respondents.<br><br>**IN REMOVAL PROCEEDINGS.** | File No. A# 226-088-780/781 |

I hereby certify that I have served a copy of the attached **Motion to Reopen and Remand** in the above-referenced case upon the Chief Counsel by:

__X____eService
_______personal service in court
_______mailing a copy via federal express. to the following address:
_______mailing a copy by first class mail, postage prepaid, to the following address:

**U.S. Department of Homeland Security**
**Office of Principal Legal Advisor**
**26 Federal Plaza, Room 1130**
**New York, NY 10278**

Dated: October 3, 2025

Andrea C. Soto, Esq
Attorney for Respondents

Clerk's Office
OCT 03 2025
Received
BIA

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**
**FALLS CHURCH, VIRGINIA**

In the Matter of: ASTUDILLO TORRES, Marcia Elizabeth, et al.

A-Number: A# 226-088-780/781

**ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of Counsel's Motion to Reopen and Remand it is **HEREBY ORDERED** that the Motion Be:

☐ **GRANTED** ☐ **DENIED** because:

☐ DHS does not oppose the motion.

☐ The Respondent does not oppose the motion.

☐ A response to the motion has not been filed with the Court.

☐ Good cause has been established for the motion.

☐ The Court agrees with the reasons stated in the opposition to the motion.

☐ The motion is untimely per ______________________________

☐ Other: ____________________________________________________

____________________________________________________________

______________ ______________________________

Date Hon. Immigration Judge TBD

**Certificate of Service**
This document was served by: [ ] Mail [ ] Personal Service [ ] E-Service
To: [ ] Alien [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep. [ ] DHS

Date ________________ By: Court Staff ______________

Andrea C. Soto
Attorney at Law
445 Hamilton Avenue, Suite 407
White Plains, NY 10601
Phone: (914) 290-4900
Email: asoto@andreasotolaw.com

NON-DETAINED
A# 226-088-780/781

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**
**FALLS CHURCH, VIRGINIA**

| | |
|---|---|
| IN THE MATTERS OF:<br><br>ASTUDILLO TORRES, Marcia Elizabeth, and TORRES ASTUDILLO, Paulo Andres<br><br>Respondents.<br><br>**IN REMOVAL PROCEEDINGS.** | File No. A# 226-088-780/781 |

# MOTION FOR EMERGENCY STAY OF REMOVAL

Clerk's Office
OCT 03 2025
Received
BIA

## I. INTRODUCTION

NOW COME Respondents, Marcia Elizabeth Astudillo Torres, and minor respondent, Paulo Andres Torres Astudillo by and through undersigned counsel, and hereby respectfully requesting an Emergency Stay of Removal pursuant to 8 C.F.R. § 1003.2(f). This motion is submitted in accordance with the BIA Practice Manual, specifically Chapter 6.3(c)(2)(A), as Respondents are facing IMMINENT REMOVAL, and there are exceptional humanitarian and legal grounds that justify the issuance of a stay.

## II. GROUNDS FOR EMERGENCY MOTION

The lead Respondent, Marcia, is the primary caregiver of the children, Paulo Andres Torres Astudillo. Respondent child is eligible for Special Immigrant Juvenile Status, and the USCIS has approved his I-360, Petition for Amerasian, Widow(er), or Special Immigrant. Respondent is the mother of a child with approved I-360 status. *See attached Approved I-360 Letter herein as* **Exhibit "A."** Reopening is warranted in the interest of justice to protect the best interests of the child. Considering humanitarian circumstances, specifically, the Respondent is the sole or primary caretaker for her child, who depends on her daily care, presence, and parental support. The lead respondent contends that her role as a caregiver to her child constitutes such an extraordinary circumstance. Her continued removal with the minor respondent would likely cause developmental and emotional harm to her child. Further, the New York State Family Court previously ordered that it was not in the best interests of the Child to return to his native country of Ecuador as it was unsafe and that the Child had no one to care for him in Ecuador, and finally, that the Child should remain with the Petitioner in the United States. *See attached New York State Family Court SIJ Order and sole legal and physical Custody Order herein as* **"Exhibit B."**

## III. PROCEDURAL POSTURE AND CASE HISTORY

- Respondents are natives and citizens of Ecuador;

- They entered the U.S. on June 6th, 2024;

- The Respondents have been subject to an Order of Removal on April 29th, 2025, following denial of relief on the lead Respondent's Application for Asylum and Withholding of Removal.

- A case appeal was submitted before the BIA on May 1st, 2025.

- The case appeal was denied on September 23rd, 2025.

## IV. JURISDICTION

The Board of Immigration Appeals has jurisdiction over this Emergency Motion under 8 C.F.R. § 1003.2(f). A properly filed Motion to Reopen is pending, and the Board has the authority to grant a stay in its discretion under Chapter 6.3 of the BIA Practice Manual.

## V. LEGAL STANDARD

The standard for granting a discretionary stay of removal is governed by the Supreme Court's ruling in *Nken v. Holder*, 556 U.S. 418 (2009), which reaffirmed the four-part test originally set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Under this test, the Board must consider:

1. Whether the applicant has made a strong showing that she is likely to succeed on the Merits;

2. Whether the applicant will be irreparably injured absent a stay;

3. Whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

4. Where the public interest lies.

Respondents, Marcia Elizabeth Astudillo Torres, satisfies all four prongs of this standard.

First, Respondent, Marcia Elizabeth Astudillo Torres, presents a strong likelihood of success on the merits of her Motion to Reopen. The motion is based on the strong indication that the child has an approved I-360 status that places him in a position to obtain permanent resident status as soon as his priority date becomes available. See *Matter of L-S-*, 25 I&N Dec. 705 (BIA 2012) which allows reopening where new applications for relief are submitted that materially change the case therefore further justifying the stay. Notably, the Immigration Court Judge denied the Respondents' request to sever the cases and termination of the minor respondent's removal proceeding citing that the relief on the I-360 Petition was too speculative. However, viable relief for adjustment of status under an approved petition is not speculative and the minor respondent's matter should have been terminated at the trial court stage. An alien's unopposed motion to continue ongoing removal proceedings to await the adjudication of a pending family-based visa petition should generally be granted if approval of the visa petition would render him prima facie eligible for adjustment of status. *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978). The BIA set factors for "good cause" to continue where collateral relief (e.g.,

family-based petition leading to AOS) is pending, emphasizing whether the petition is prima facie approvable and the respondent's place in the adjustment process. *Hashmi* recognized that when those show a likelihood of success, a continuance is warranted and the case should not be pushed to completion merely due to timing. *See Matter of Hashmi,* 24 I&N Dec. 785 (BIA 2009). In 2009, the BIA further cemented the idea that an approved I-360 and eventual visa availability relief is concrete—not speculative. *See Matter of Rajah,* 25 I&N Dec. 127 (BIA 2009).

Second, the lead Respondent faces irreparable harm if she is removed before her Motion to Reopen is adjudicated. She is the sole legal and physical custodian of the minor respondent, Paulo Andres Torres Astudillo. The minor respondent was abandoned by his biological father and there is no one in the United States who would be willing to take his custody. Ms. Torres's removal would separate her child from her only caregiver, which constitutes profound and irreparable harm to both mother and child. The Board has long recognized the importance of considering the hardship that results when a sole caregiver faces removal. In *Matter of Recinas*, 23 I&N Dec. 467 (BIA 2002), the Board found that a single mother who provided the sole financial and familial support for her six U.S. citizen children, with no family ties in her country of origin and limited resources, established eligibility for cancellation of removal because her children would face exceptional and extremely unusual hardship if she were deported. The factors considered included her role as the sole source of support, her children's lack of familiarity with the language and culture of Mexico, and the unavailability of alternative immigration options. Similarly, Ms. Astudillo Torres is the sole caregiver for her young son, who has an approved Special Immigrant Juvenile petition and will be eligible for adjustment of status once his priority date becomes available. While she has not

been granted discretionary relief under asylum or withholding, the equities in her case—particularly her son's reliance on her for all emotional, financial, and physical support—demand that she remain in the United States with him while his path to lawful status is realized.

Understandably, the lead Respondent has been suffering from severe depression and post traumatic stress disorder that has been induced from the negative consequences surrounding her legal status in the country and the fear she would suffer if she was removed with her son. She is currently treating with medical and psychological doctors for her condition. *See* **Exhibit "C"** annexed hereto. The Board has recognized that psychological and medical conditions are relevant hardship factors in assessing discretionary relief. *Matter of O-J-O-*, 21 I&N Dec. 381, 383–84 (BIA 1996). Likewise, the Supreme Court has held that removal itself constitutes a serious and irreparable harm. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Therefore, Respondent's mental health diagnoses, and her ongoing medical and psychological treatment, are valid hardship considerations supporting a stay. *Id.*

Third, the government will suffer no substantial injury from a temporary stay due to interests of justice. Respondents have no criminal history and have complied with all supervision and court requirements. Both respondents have pursued their immigration remedies in good faith. A brief delay in removal while the Board considers a motion causes no prejudice to the government's interests.

Finally, the public interest strongly favors granting the stay of removal in this case. Allowing Respondents to remain in the United States supports the broader public interest. A New York State Family Court issued orders stating it is in the child's best interest to remain in

the United States with his mother. The Respondent has no criminal record nor does the child. Respondent`s stay of removal promotes justice strengthens public safety.

## VI. RESPONDENTS' IRREPARABLE HARM IF REMOVED

Respondent, Marcia Elizabeth Astudillo Torres will suffer irreparable harm if removed from the United States while her Motion to Reopen is pending. This harm is multidimensional, personal, humanitarian, legal, and procedural, and it cannot be undone once removal is executed.

Most significantly, Marcia Elizabeth Astudillo Torres is the sole legal and physical custodian of her child, Paulo Andres Torres Astudillo. A New York State Family Court ordered that it is in the child's best interest to remain in the United States and not return to Ecuador as he has no one to care for him in Ecuador and given the country conditions, it is not safe for him to return. Removing Marcia Elizabeth Astudillo Torres would sever this crucial support system, destabilize the child's life and causing severe psychological distress.

In addition, Ms. Astudillo will be forced to returned to a country in which she fled and endured psychological torture and abuse and fear immediate danger upon her return from the local gangs who have threatened to harm her and her child.

The nature and magnitude of harm to Ms. Astudillo Torres, especially when compared to the minimal burden on the government, strongly favors granting a stay of removal. The Board has both the authority and the humanitarian imperative to prevent such permanent and irreparable harm.

## VIII. NO SUBSTANTIAL INJURY TO THE GOVERNMENT IF A STAY IS GRANTED

Granting a temporary stay of removal in this case would result in no substantial injury to the interests of the United States government. In fact, doing so would serve not only procedural fairness but also humanitarian policy goals, with no meaningful cost or burden to the government.

Respondent, Marcia Elizabeth Astudillo Torres, has no criminal history and she has been in full compliance with all Immigration and Customs Enforcement (ICE) check-ins, supervision requirements, and court orders. She is not a flight risk, has remained within the jurisdiction of the immigration system since 2024, and has consistently demonstrated respect for the law and its processes. Her history of full compliance weighs in favor of allowing her to remain while the Board adjudicates her Motion to Reopen.

Moreover, a stay would avoid the financial and logistical costs associated with physically executing removal, which often involve detention, transportation, and long-term administrative oversight. Allowing Respondents to remain temporarily under her existing conditions of supervision minimizes disruption and conserves governmental resources.

Furthermore, the stay supports broader public interest values, including the protection of family unity and the humane treatment of individuals eligible for legal relief. There is no conflict with national security or immigration enforcement priorities; rather, permitting Respondent to remain while her Motion to Reopen is decided merely ensures that the immigration process is lawfully and fairly completed before irrevocable harm is done.

The government's interests will not be harmed by a brief continuation of the status quo. A stay of removal in this case serves justice, efficiency, and compassion without undermining enforcement or policy objectives. Accordingly, the Board should find that this factor also weighs heavily in favor of granting a stay.

## IX. PUBLIC INTEREST

Family unity and allowing lawful immigration processes to proceed serve the public interest. The BIA has consistently recognized that family unity and the orderly adjudication of immigration benefits serve the public interest. *See Matter of Velarde-Pacheco*, 23 I&N Dec. 253, 256 (BIA 2002) (family unity is a weighty discretionary factor); *Matter of Hashmi*, 24 I&N Dec. 785, 793 (BIA 2009) (continuances should be granted to allow family-based immigration processes to move forward); *Matter of Avetisyan*, 25 I&N Dec. 688, 694 (BIA 2012) (administrative closure appropriate to permit collateral applications to proceed in the interest of fairness and efficiency); *Matter of Sanchez Sosa*, 25 I&N Dec. 807, 815 (BIA 2012) (continuances ordinarily warranted to allow adjudication of congressionally provided relief). These precedents clarify and support the idea that that ensuring family unity and allowing lawful immigration processes to be completed is firmly embedded in BIA jurisprudence and the public interest.

## X. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE for foregoing reasons, Respondents, Marcia Elizabeth Astudillo Torres and Paulo Andres Torres Astudillo, respectfully request that this Honorable Board Grant their Emergency Motion to Stay Removal. Respondents have demonstrated a strong likelihood of

success on the merits of her Motion to Reopen, which is based on newly unavailable evidence, a approved I-360 Petition before USCIS.

The government will suffer no substantial injury from a temporary stay, and the public interest strongly supports permitting this mother to remain with her child while lawful proceedings are pending.

Respondent has acted in good faith, has fully complied with all legal requirements, and seeks only the opportunity to have her Motion to Reopen adjudicated before any removal action is taken, an opportunity consistent with due process, fairness, and U.S. legal protections for immigrant children and their families.

WHEREFORE, the Respondents respectfully pray that the Board grant this emergency Motion to Stay Removal, issue a stay of removal pending full adjudication to the Motion to Reopen and grant such other and further relief as the Board deems just and proper. Respondents respectfully request that the Board exercise its discretion and grant a stay of removal pending the adjudication of their Motion to Reopen.

Respectfully submitted,

Clerk's Office
OCT 03 2025
Received
BIA

Andrea C. Soto, Esq.
Attorney for Respondents

**EXHIBITS IN SUPPORT OF**
**MOTION TO REOPEN AND REMAND**


| EXH. | NAME | PAGE(S) |
|---|---|---|
| A | Minor Respondent's Approved I-360 Petition before USCIS........................................................... | Pp. 13-13 |
| B | New York Family Court Orders..................................... | Pp. 14-19 |
| C | Lead Respondent's Medical and Psych Provider Letters indicating Lead Respondent's delicate medical and Psych Conditions ...... | Pp. 21-37 |
| D | EOIR BIA Payment Receipt............................................... | Pp. 39-39 |

# EXHIBIT "A"

I-797 | NOTICE OF ACTION

| Receipt Number | | Case Type |
|---|---|---|
| MSC2590447524 | | I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
| **Received Date** 03/28/2025 | **Priority Date** 03/28/2025 | **Petitioner** A226 088 781 TORRES ASTUDILLO, PAULO ANDRES |
| **Notice Date** 08/22/2025 | **Page** 1 of 1 | **Beneficiary** A226 088 781 TORRES ASTUDILLO, PAULO ANDRES |

SOTO LAW PLLC
c/o ANDREA SOTO
445 HAMILTON AVENUE STE 407
WHITE PLAINS NY 10601

Notice Type: Approval Notice
Class: SL6
Section: Special Immigrant-Juvenile

The above petition has been approved.

The petition indicates that the person the petition is for is in the United States and will apply for adjustment of status. He or she should access the USCIS website at USCIS.gov/i-485 to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Please read the back of this form carefully for more information.

**THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

**NOTICE:** Although this application/petition has been conditionally approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in the application, petition, and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the Internet, or telephone, and site inspections of businesses and residence. Information obtained during the course of verification will be used to determine whether final approval, revocation, rescission, and/or removal proceedings are appropriate.Applicants, petitioners, and the representatives of record will be provided an opportunity to address derogatory information before any formal proceedings is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648003
Lee's SummitMO64002
**USCIS Contact Center: www.uscis.gov/contactcenter**

# EXHIBIT "B"

F.C.A §§651, 652, 654;
D.R.L §240

At a Term of the Family Court of the
State of New York, held in the
County of Westchester,
White Plains, New York,
March 19, 2025

PRESENT: Hon. Arlene A. Gordon-Oliver, J.F.C.
FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------------X

In the Matter of a Proceeding for
Custody under article 6
Of the family Court Act or Section 240
of the Domestic Relations Law

Docket No. V-09237-24

File No. 177147

MARCIA ELIZABETH ASTUDILLO TORRES
Petitioner
Relationship to child: Mother

-against-

**ORDER ON PETITION**
**FOR CUSTODY**

RAUL ELIDIO TORRES ALTAMIRANO
Respondent
Relationship to child: Father

Subject Child: **PAULO ANDRES TORRES ASTUDILLO**
**(DOB: 05/09/2011)**

A Minor.

----------------------------------------------------------------------X

The Petitioner herein having filed a petition on October 11, 2024, pursuant to Article 6 of the Family Court Act, Section 240 of the Domestic Relations Law, requesting an Order of custody of the following Paulo Andres Torres Astudillo, Date of Birth May 9, 2011;

And the Respondent having consented to the petition;

And the Court-Appointed Attorney for the Child, Donna Abrams, Esq. having consented to the award of custody to the Petitioner;

And the Court having searched the statewide registry of orders of protection, the sex offender registry and the Family Court's warrant and child protective records, and having notified the attorneys for the parties and for the child of the results of these searches; and having found no results;

AND THE MATTER HAVING DULY COME ON TO BE HEARD BEFORE THIS COURT, NOW, after examination and inquiry into the facts and circumstances of the case and after hearing the proofs and testimony offered in relation thereto, this Court finds and determines that:

**IT IS THEREFORE ORDERED** that the best interest of Paulo Andres Torres Astudillo requires that Custody be awarded as follows: sole legal and physical custody to the Petitioner, his mother, Marcia Elizabeth Astudillo Torres.

Dated: March 19, 2025
White Plains, New York

ENTER:

______________________________
Hon. Arlene A. Gordon-Oliver, J.F.C.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OF THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
( ) Order mailed on [specify date(s) and to whom mailed]: ____________________
( ) Order received in court on [specify date(s) and to whom given]: ________________

8 U.S.C. § 1101 GF-42

(Special Immigrant Juvenile Status Order)
At a Term of the Family Court of the State
of New York, held in the County of
Westchester-White Plains, NY,
March 19, 2025

PRESENT: Hon. Arlene A. Gordon-Oliver, J.F.C.
FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------------------X

In the Matter of a Proceeding for
Custody under article 6
Of the family Court Act or Section 240
of the Domestic Relations Law

Docket No. V-09237-24

File No. 177147

MARCIA ELIZABETH ASTUDILLO TORRES
Petitioner
Relationship to child: Mother

-against-

RAUL ELIDIO TORRES ALTAMIRANDO
Respondent
Relationship to child: Father

**ORDER – SPECIAL IMMIGRANT <u>JUVENILE STATUS</u>**

**Subject Child: PAULO ANDRES TORRES ASTUDILLO**
**(DOB: 05/09/2011)**

A Minor.

---------------------------------------------------------------------X

This Court, after examining the motion papers and supporting affidavits, all the pleadings and prior proceedings in this matter, and hearing credible testimony, finds, in accordance with 8 U.S.C. § 1101(a)(27)(J), New York State Family Court Acts § 651, § 1012 and New York State Surrogate's Court Procedure Act § 1701, that:

1. This Family Court is a court which has jurisdiction to make judicial determinations about the custody and care of minors, which include juveniles up to the age of 21. This court took jurisdiction of the above-named juvenile prior to the age of 21 pursuant to New

York State Family Court Acts § 651, §661(a), § 115(c) and New York State Surrogate's Court Procedure Act § 103(27).

2. The above-named child is under 21 years of age and a minor for purposes of Guardianship and/or custody of the person. New York Surrogate Court Procedure Act § 103(27), New York Family Court Act § 661(a).

3. The above-named child is unmarried.

4. The above-named child dependent on the Family Court, a juvenile court under New York law, by virtue of a custody order that was granted by this Court. The above-named child is dependent upon the Family Court and has been committed to and placed in the physical custody of individual, namely, Marcia Elizabeth Astudillo Torres, or entity appointed by the state of Family Court pursuant to the New York State Family Court Acts § 141, § 651, § 1012, and New York State Surrogate's Court Procedure Act § 1701. *Matter of Antowa McD, 856 NYS2d 576 (1st Dept. 2008). Matter of Antowa McD, 856 NYS2d 576 (1st Dept. 2008); Matter of Trudy-Ann W. v. Joan W., 901 NYS2d 296 (2d Dept. 2010).* He has been in the physical care of, Marcia Elizabeth Astudillo Torres, and continues to reside with her. The grant of custody also constitutes a legal commitment of the custodian to the child pursuant to New York Surrogates Act § 1706, which states that the custodian "shall have the right and responsibility to make decisions, including issuing any necessary consents, regarding the child's protection, education, care and control, health, and medical needs, and the physical custody of the person of the child." The grant of custody is also pursuant to New York Family Court Act § 657, which enunciates the rights and authorities of a person possessing a lawful order of custody of a child vis-à-vis school enrollment, health insurance enrollment, and specifics expressly that "persons possessing a lawful order of custody of a child shall have the right and responsibility to make decisions, including issuing any necessary consents, regarding the child's protection, education, care and control, health and medical needs, and the physical custody of the child." There is no legal distinction in New York between the effects of a grant of custody as compared to a grant of guardianship. See, *Matter of Allen V. Fiedler*, 96 A.D. 3d 1682 (4th Dept. 2012). The child is in need of a legal custodian to support him with housing, medical care, educational planning, emotional and financial support. The Court finds that custody serves the child's best interests.

5. Reunification with the father, Raul Elidio Torres Altamirano, is not viable due to abandonment. Thus, under NY Fam. Ct. Act Section 1092(a) the child is considered a

destitute child because he was left in a state of suffering due to lack of care of the father. The record establishes that the father has left the child without providing for his support or care for over seven (7) years. The child's father has not had any contact with the Child for over seven (7) years. After testimony and a review of the record the court finds that the father has not supported the child emotionally or financially. *Alamigir A.*, 81 3d 937 (1st Dept. 2011). The father has not provided for food, clothing, shelter, educational and medical needs as required. The father has neglected his parental duties. The child is abandoned under NYS Social Services Law, Section 384-b(5)(a). *Pineda v. Diaz, 127 A.D.3s 1203 (2d Dep't 2015); Marcelina M.G. v. Israel S., 112 A.D.3d 100, 973 N.Y.S. 2d 714, 721 (2d Dep't 2013).*

6. It is in the child's best interest to remain with the petitioner. There is no available relative or viable resource for the child to live with in the country of nationality or country of last habitual residence of the child or the birth parents. There is no one who is able or willing to provide the child with a safe home and provide for the child's safety and needs. It is in the child's best interest to remain with the petitioner where he has the opportunity to be in a stable environment and further his education. It is not in the Child's best interest to be returned to Ecuador. *Trudy Ann W., 73 AD 793 (2nd Dept. 2010); N.Y. Surr. Ct. Proc. Act § 1707; See also, Eschbach v. Eschbach, 56 N.Y.2d 167 (1982), Matter of Marisol N.H., 115 AD3d 185 (2d Dept. 2014).*

Dated: March 19, 2025
White Plains, New York

ENTER:

______________________________
Hon. Arlene A. Gordon-Oliver, J.F.C.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST. Check applicable box:

( ) Order mailed on [specify date(s) and to whom mailed]:____________________
( ) Order received in court on [specify date(s) and to whom given]:______________